Honorable James K. Singleton, Jr.

Stephen D. Rose
Dawn R. Kreysar
Preston Gates & Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
(206) 623-7580 (phone)
(206) 623-7022 (fax)

FILED
DEC 1 2 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy
3:21



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CITY AND BOROUGH OF JUNEAU, ALASKA, d/b/a/ BARTLETT REGIONAL HOSPITAL,

Plaintiff,

v.

CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION 10, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES OF AMERICA, R.J. RUFF, sued in his official capacity as the REGIONAL ADMINISTRATOR OF REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES, AND KAREN S. O'CONNOR, sued in her official capacity as ASSOCIATE REGIONAL ADMINISTRATOR, DIVISION OF MEDICAID & CHILDREN'S HEALTH, REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES,

Defendants.

No. A04-0152 CV (JKS)

SECOND AMENDED COMPLAINT

(5 U.S.C. §§ 701 *et seq.*)

SECOND AMENDED COMPLAINT - 1

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022



## JURISDICTION AND VENUE

1. (a)  This is an action under the Administrative Procedure Act, *see* 5 U.S.C. §§ 701 *et seq.*, for judicial review of agency action. Plaintiff invokes its right to judicial review under 5 U.S.C. § 702 as a person adversely affected or aggrieved by agency action within the meaning of a relevant statute, with such statutes including 42 U.S.C. § 1396a and 42 U.S.C. § 1316.

(b)  The jurisdiction of this Court is founded on the existence of a Federal question pursuant to 28 U.S.C. § 1331. This action arises under 5 U.S.C. §§ 701 *et seq.*, 42 U.S.C. §§ 1396 *et seq.* (the Federal Medicaid Statute) and the administrative provisions of the Social Security Act, as codified in Title 42, Chapter 7 of the United States Code, applicable thereto, as well as the Federal Regulations implementing those statutory provisions.

(c)  The jurisdiction of this Court is founded on 28 U.S.C. § 1346(a)(2), in that it is a civil action against the United States, and an agency of the United States, namely, the United States Department of Health and Human Services, Centers for Medicare and Medicaid Services.

2.  Venue is founded upon 28 U.S.C. § 1391(e) in that it is a civil action against an agency of the United States government and against an officer or employee of the United State agency acting under color of legal authority and the plaintiff resides in the judicial district where this action is brought.

## THE PARTIES

3.  At all times hereinafter mentioned, Plaintiff, the City and Borough of Juneau, Alaska d/b/a Bartlett Regional Hospital, was, and still is, an enterprise account of the City and Borough of Juneau, Alaska acting as an acute care hospital

SECOND AMENDED COMPLAINT - 2

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  participating in the federal Medicaid program. The physical location of Bartlett Regional Hospital is 3260 Hospital Drive, Juneau, Alaska 99801.

4. Defendant, Region 10, Centers for Medicare & Medicaid Services, United States Department of Health and Human Services ("Region 10") is an agency of the United States government charged with administering the federal Medicaid program (in addition to the federal Medicare program) with respect to the State of Alaska, as well as the states of Washington, Oregon and Idaho. The mailing address of Region 10 is 2201 Sixth Avenue, Seattle, Washington 98121.

5. Defendant, R.J. Ruff is the Regional Administrator of Region 10 and is sued in his official government capacity as the Regional Administrator of Region 10. The mailing address of Regional Administrator Ruff is: CMS Region 10, 2201 Sixth Avenue, Seattle, Washington 98121.

6. Defendant Karen S. O'Connor is the Associate Regional Administrator, Division of Medicaid & Children's Health, Region 10, and is sued in her official government capacity as the Associate Regional Administrator, Division of Medicaid & Children's Health, Region 10. All acts by Defendant Karen S. O'Connor set forth below were performed by her in her official capacity on behalf of Region 10. The mailing address of Associate Regional Administrator O'Connor is: CMS Region 10, 2201 Sixth Avenue, Seattle, Washington 98121.

## BACKGROUND

7. The Medicaid Program is a federal program administered by the states. No state is required to participate in the Medicaid Program; however, if a state elects to participate in the Medicaid Program, it must comply with the applicable federal laws governing that program.

8. The Medicaid Program is administered by the United States Department of Health and Human Services, Centers for Medicare and Medicaid Services ("CMS"),

SECOND AMENDED COMPLAINT - 3

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

formerly known as the Health Care Financing Administration or HCFA. CMS has established Regional Offices to provide services to specific states. Alaska is serviced by CMS Region 10.

9.   Among other things, federal law requires each state that elects to participate in the Medicaid Program to submit for approval to the federal government a document called the State Plan. 42 U.S.C. § 1396a (b); 42 USC § 1316(a) (1). The State Plan is a document created by the state that details for the federal government how the state will administer its State Medicaid Program and specifies for what items and services the State Medicaid Program will and will not pay. 42 CFR 430.10. State Plans must be filed with the Regional Office assigned to the state submitting the State Plan. The State Plan may be updated or changed from time to time by the state submitting a document called a State Plan Amendment ("SPA"). For Alaska, all SPAs are reviewed for approval by Region 10.

10.  In order to have a SPA approved by the Regional Office, the state is required to follow certain specific steps. For example, before a SPA can be approved by the Regional Office, the state must provide assurances to the Regional Office that it has given proper notice of its intent to amend the State Plan pursuant to 42 CFR 447.253(h) and must prove that it has advised the public of any potential increase or decrease in expenditures under the State Medicaid Program pursuant to 42 CFR 447.205(c)(2). SPA approval is contingent on the Regional Office accepting such assurances pursuant to 42 CFR 447.256(a)(2). The state must file a Form HCFA-179 requesting specific changes to the State Plan. The State must specify on the Form HCFA-179 information specific to the amendment requested, including citations to relevant federal statutes/regulations, the page numbers of the State Plan to be amended, and the subject of the amendment. Furthermore, since Form HCFA-179 **requires** the signature of a state official, State Plan Amendments must be physically filed with the Regional Office. At all times relevant to this action Region 10 refused to recognize as officially filed any items that were claimed to have been "filed" by fax

SECOND AMENDED COMPLAINT - 4

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

or email or other electronic means (other than by granting the "exception" to Alaska Medicaid in the letter attached as Exhibit E as discussed in Paragraph 26 below). In fact, to Plaintiff's knowledge and belief, Region 10 has never approved a SPA submitted by fax, email or other electronic means (other than by granting the "exception" to Alaska Medicaid in the letter attached as Exhibit E as discussed in Paragraph 26 below).

11. Once a State Plan Amendment is filed with the Regional Office, the Regional Office must review the State Plan and determine whether to approve it. **If a State Plan Amendment is approved, its effective date <u>cannot</u> be earlier than the first day of the calendar quarter in which it is filed in approvable form with the Regional Office and approved by the Regional Office.**

## ACTIONS COMPLAINED OF

12. At issue in this case is whether SPA Attachment 4.19-B, page 5, concerning Outpatient Hospital Services could be deemed "approved" by Region 10 effective January 1, 2001, even though it was never submitted in approvable form by the State of Alaska and even though the State of Alaska withdrew it from consideration by Region 10.

13. In January of 2003, the above-named Plaintiff requested from the State of Alaska, Department of Health and Social Services, a copy of the State Plan that was in effect beginning January 1, 2001. In response to the request, the State of Alaska, Department of Health and Social Services produced what it claimed was the appropriate State Plan, as approved by Region 10, a copy of which is attached to this complaint and marked as Exhibit A. Attachment 4.19-B, page 5, of Exhibit A states:

SECOND AMENDED COMPLAINT - 5

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

> Methods and Standards for
> Establishing Payment Rates: Other Types of Care
>
> * * *
>
> <u>Outpatient Hospital Services</u>
>
> For all Alaska Hospitals, except those electing to be reimbursed under the Optional Rate Methodology for Small Facilities, the method of establishing payment for outpatient hospital services is the same as for inpatient hospital services under Attachment 4.19A. Alaska hospitals electing to be reimbursed under the Optional Payment Rate Methodology for Small Facilities are reimbursed a percentage of charges calculated as the overall Medicaid cost-to-charge ratio for allowable ancillary departments in the rate base, not to exceed 100 percent of charges. The rate base is the facility's approved inpatient hospital Medicaid rate and the department's rate analysis for the facility's fiscal year that began during the period January 1, 1997 to December 31, 1997.

This section of the State Plan indicates at the bottom that its approval date was July 30, 1998, with an effective date of April 1, 1998. It also indicates that the page was amended by Transmittal Number ("TN") 98-011 and that it supersedes TN Number 98-009.

14. By letter dated March 11, 2003, the above-named Plaintiff requested from Region 10 a copy of the State Plan that was in effect beginning January 1, 2001. In response to the request, by letter dated March 14, 2003, Region 10 produced what it claimed was the appropriate State Plan, as approved by Region 10, a copy of which is attached to this complaint and marked as Exhibit B. Attachment 4.19-B, page 5, of Exhibit B states:

> Methods and Standards for
> Establishing Payment Rates: Other Types of Care
>
> * * *
>
> <u>Outpatient Hospital Services</u>

SECOND AMENDED COMPLAINT - 6

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

> For all Alaska Hospitals, except those electing to be reimbursed under the Optional Rate Methodology for Small Facilities, the method of establishing payment for outpatient hospital services is the same as for inpatient hospital services under Attachment 4.19A. Alaska hospitals electing to be reimbursed under the Optional Payment Rate Methodology for Small Facilities are reimbursed a percentage of charges calculated as the overall Medicaid cost-to-charge ratio for allowable ancillary departments in the rate base, not to exceed 100 percent of charges. The rate base is the facility's approved inpatient hospital Medicaid rate and the department's rate analysis for the facility's fiscal year that began during the period January 1, 1997 to December 31, 1997.

This section of the State Plan indicates at the bottom that its approval date was May 9, 2001, with an effective date of March 3, 2001. It also indicates that the page was amended by Transmittal Number ("TN") 01-001 and that it supersedes TN Number 98-014.

15. The section concerning "Outpatient Hospital Services" in the State Plan produced by the State of Alaska, Department of Health and Social Services **exactly matches** the section in the State Plan produced by Region 10. *Compare* Exhibit A, page 5 *with* Exhibit B, page 9.

16. Based on reliance that Region 10 and the State of Alaska, Department of Health and Social Services (State Medicaid) had accurate copies of the State Plan and any State Plan Amendments, Plaintiff and its attorneys concluded that the portion of Attachment 4.19-B, page 5 of the State Plan dealing with outpatient hospital reimbursement had not been amended (i.e., the method was the same as was in place since 1998) and requested that Plaintiff be reimbursed by the Alaska Medicaid Program in accordance with the requirements of the effective State Plan.

17. On March 18, 2003, **after** the State of Alaska had produced its version of the current State Plan for 2001, and after Region 10 had produced its version of the current State Plan for 2001 ( the pertinent provision of which was **identical** to that

SECOND AMENDED COMPLAINT - 7

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

produced by the State of Alaska), the Staff of the Alaska Medicaid Program ("Staff") at a formal administrative hearing produced for the very first time a **completely different** version of the State Plan for 2001; one that was different from the approved version held by the State of Alaska and different from the approved official version held by Region 10. Thus, once Plaintiff was engaged in an administrative proceeding to obtain reimbursement based on the version of page 5 of the State Plan indicated to it to be in effect by both Region 10 and Alaska Medicaid, Plaintiff was presented with a completely different methodology for calculating its reimbursement. This methodology results in a negative difference in reimbursement to Plaintiff of approximately $400,000.00 for fiscal years 2002 and 2003.

18. The Staff claimed that Attachment 4.19-B, page 5 of the State Plan had been amended through Transmittal Number 01-002 submitted to Region 10 on March 30, 2001, effective January 1, 2001. After making this claim the Staff also acknowledged that it did not have any documentation proving that the SPA had actually been submitted to Region 10 and did not have a Form HCFA-179 indicating that the SPA submitted requested a change in outpatient hospital services reimbursement in Attachment 4.19B, at page 5. They were also unable to provide any proof that this page had been submitted and approved by Region 10.

19. Included in the Certified Agency Record at 66-68 is a letter dated June 28, 2001, Bob Labbe, Director of Alaska Medicaid, to Bob Reed, Manager, Medicaid Operations and Policy Cluster, Region 10, along with attachments. These documents are attached to this Complaint as Exhibit C. The letter indicates that Alaska Medicaid is submitting a substitute SPA 01-002 and authorizes "pen and ink" changes to the HCFA Form-179 to reflect that only pages 2 and 10 are being amended and that the subject of the amendment is "Implements provisions of BIPA Section 702":

> Enclosed, please find revised SPA 01-002, regarding new sections for Federally Qualified Health Center Services (page 2) and Rural

SECOND AMENDED COMPLAINT - 8

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Health Care Clinic Services (page 10) to Attachment 4.19-B. These changes reflect recently imposed federal requirements and discussions with Dzung Hoang from the Denver Office of CMS. These pages 2 and 10 are substitutes to the submittal sent on March 30, 2001.

I authorize the following "pen and ink" changes to the HCFA – 179:
 1) Item 8 and 9 – Add pages 2 and 10 after Attachment 4.19-B
 2) Item 10 – Revise the subject to: Implements provisions of BIPA Section 702.

The proposed effective date for SPA 01-002 is January 1, 2001.

Exhibit C, page 1.

20.  Included in the Certified Agency Record at 70-73 is a copy of the official letter from Region 10 approving the amendment set forth in Transmittal Number 01-002, along with copies of the official Form HCFA-179 for Transmittal Number 01-002 and amended pages attached. Copies of these documents are attached to the Complaint as Exhibit D. The Form HCFA-179 is **unambiguous** that the **only** pages of Attachment 4.19-B to be amended are "pages 2 and 10." There is no mention of page 5, and page 5 is not attached to the Transmittal.

21.  The Form HCFA-179 apparently originally indicated that the subject of the amendment is "Revision of Disproportionate Share Calculations." This typewritten language is crossed out and a handwritten change was made to indicate the subject is "Implements provisions of BIPA section 702. Section 702 of the federal Benefits Improvement and Protection Act of 2000 ("BIPA") addresses changes in reimbursement for Federally Qualified Health Centers ("FQHCs") and Rural Health Clinics. Pages 2 and 10 of the State Plan that the State of Alaska sought to amend specifically relate to FQHCs and Rural Health Clinics. Page 5 of the State Plan addresses Outpatient Hospital Services. Section 702 of BIPA does **not** address or impact Medicaid reimbursement for Outpatient Hospital Services.

SECOND AMENDED COMPLAINT - 9

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

22. The Region 10 letter approving SPA 01-002 was directed by Teresa L. Trimble, Associate Regional Administrator, Division of Medicaid and State Operations to Bob Labbe, Director of Alaska Medicaid. Through this letter, dated June 29, 2001, she advises Alaska Medicaid that the only sections of the State Plan that are being amended through SPA 01-002 are the sections impacted by section 702 of BIPA concerning Federally Qualified Health Centers and Rural Health Clinics (and **not** Outpatient Hospital Services), consistent with the revised submittal by Alaska Medicaid:

> The Division of Medical Assistance [State of Alaska, Department of Health and Social Services] submitted Alaska State Plan Transmittal 01-002 for [Region 10] review and approval. This transmittal amends the Medicaid State Plan to include new payment provisions for the Federally Qualified Health Centers and Rural Health Clinics required by Section 702 of the Benefits and Improvement Act of 2000 [sic].
>
> We have completed our review of this amendment and the revised pages submitted on June 29, 2001. This state plan amendment is approved effective January 1, 2001.
>
> If you have any additional questions or require any further assistance, please contact Robert Reed at (206) 615-2330.

Exhibit D, page 1.

A copy of Exhibit D was also mailed to Jack Nielson, Executive Director, Alaska Medicaid Program and his assistant, Randall Schlapia.

23. In June of 2001, upon receipt of Exhibit D, the letter approving only pages 2 and 10 for amendment of the Alaska State Plan, Mr. Bob Labbe, Director of the Division of Medical Assistance, Alaska Department of Health and Social Services, did **not** claim that page 5 should have also been amended and did **not** contact anyone at Region 10 complaining that page 5, should have also been amended.

SECOND AMENDED
COMPLAINT - 10

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

24. In June of 2001, upon receipt of Exhibit D, the letter approving pages 2 and 10 for amendment of the Alaska State Plan, Mr. Jack Nielson, Executive Director of the Alaska Medicaid Program, State of Alaska, Department of Health and Social Services, did **not** claim that page 5 should have also been amended and did **not** contact anyone at Region 10 complaining that page 5, should have also been amended.

25. In June of 2001, upon receipt of Exhibit D, the letter approving pages 2 and 10 for amendment of the Alaska State Plan, Mr. Randall Schlapia, Assistant to the Director of the Alaska Medicaid Program, State of Alaska, Department of Health and Social Services, did **not** claim that page 5 should have also been amended and did **not** contact anyone at Region 10 complaining that page 5, should have also been amended.

26. Over two years **after** Region 10 issued its letter approving Alaska Medicaid's revised SPA 01-002 containing **only** pages 2 and 10, on August 25, 2003, Defendant Karen S. O'Connor directed a letter to Mr. Bob Labbe, apparently in response to a communication from Mr. Labbe. Defendant O'Connor's letter was included in the Certified Agency Record at 77, and a copy is attached to the Complaint as Exhibit E). In her letter, Defendant O'Connor notes that **only** revised pages 2 and 10 were approved as part of SPA 01-002. However, Defendant O'Connor continues and advises Mr. Labbe that, pursuant to his request, Region 10 would violate its policies and procedures prohibiting email submissions and would retroactively approve as amended page 5 of Attachment 4.19-B, in violation of the rules prohibiting SPAs from being made effective any further back than the first day of the quarter in which they were submitted in approvable form:

> The Centers for Medicare and Medicaid Services (CMS), Division of Medicaid and Children's Health, Region 10, approved State Plan Amendment (SPA) Alaska 01-002 on June 29, 2001, with an effective date of January 1, 2001. The associated transmittal indicated that a new page 2 and a new page 10 had replaced existing pages in the Alaska Medicaid State Plan.

SECOND AMENDED
COMPLAINT - 11

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

> The Alaska Department of Health and Social Services originally submitted SPA Alaska 01-002 to Region 10, CMS, Division of Medicaid and Children's Health on March 30, 2001. On April 10, 2001, a revised page 5 for this SPA was emailed to Region 10, CMS. Although email submissions are not recognized as official communication, an exception is being made in this instance to facilitate closure for this SPA. I am aware the Department of Health and Social Services had considered this page, as emailed, to have been approved effective January 01, 2001. There is no evidence of any action taken within 90 days, by the Region, as required by 42 CFR 430.16, to counter that assertion.
>
> Therefore, CMS, Region 10, approves page 5, as resent by Alaska on July 29, 2003, as the official page 5 of the Alaska State Medicaid plan effective January 1, 2001. . . .

Exhibit E.

27. Defendant O'Connor's letter ignores the legal significance of page 5 of Transmittal Number 01-001 which was approved by Region 10 on May 9, 2001, a date subsequent to the submission of Transmittal 01-002 on March 30, 2001 and the email transmission of page 5 on April 10, 2001, and which has an effective date of March 3, 2001, a date subsequent to the proposed effective date of January 1, 2001 for SPA Transmittal 01-002.

28. Defendant O'Connor's letter further ignores the legal significance of Guy Hayashi's email to Barbara Knapp, dated April 23, 2001, included in the Certified Agency Record at 31 and a copy of which is attached to this Complaint as Exhibit F. At this time, Mr. Hayashi was an official authorized to act on behalf of Region 10 with regard to the SPA approval process. He indicates to Barbara Knapp, of Alaska Medicaid, who made the email submission of April 10, 2001, that he is

SECOND AMENDED
COMPLAINT - 12

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

rejecting her submission and that any changes to the original submission must be made by "pen & ink" authorization:

> Attached is the SPA that we received. If there are any problems, we can correct them later and not through your recent submission. When it comes time to act on the SPA, we may ask for "pen & ink" authorizations. Sit back awhile.

Exhibit F.

29.     On September 26, 2003, attorneys on behalf of Plaintiff, directed a letter to Defendant Karen S. O'Connor requesting that Region 10 formally rescind the August 25, 2003 letter unlawfully approving page 5 of Attachment 4.19-B as being properly amended and asked her to respond to legal concerns raised regarding the purported retroactive approval of a SPA or her agreement to ignore the rules prohibiting electronic submissions of SPAs.

30.     On February 9, 2004, attorneys for Plaintiff directed another letter to Defendant O'Connor requesting that she at least provide the courtesy of a response to Plaintiff's letter of September 26, 2003. When this letter also failed to generate a response, Robert Valiant, CEO of Plaintiff, contacted the office of United States Senator Lisa Murkowski, asking if they could contact Region 10 and ask Region 10 to provide the courtesy of a response to the letter sent to them more than six months prior.

31.     On May 21, 2004, Defendant Karen S. O'Connor sent Robert Valliant, Chief Executive Officer of Plaintiff, the following letter, a copy of which is attached as Exhibit G:

> This is in response to your March 5, 2004, letter to Senator Lisa Murkowski concerning the CMS failure to respond to a September 26, 2003, letter from Rose Health Law. The September 26, 2003, letter had questioned our state plan approval procedures as they pertained to Alaska State Plan

SECOND AMENDED
COMPLAINT - 13

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

>  Amendment (SPA) 01-002, particularly page 5. It was the understanding of this office that the State of Alaska provided Rose Health Law with a copy of the SPA approval letter, which reflects the policy of CMS.
>
>  Your March 5, 2004 letter was forwarded to and received by the Centers for Medicare & Medicaid Services (CMS) Seattle Regional Office on May 7, 2004. I am writing to provide you with further explanation of the approval procedures for SPA.
>
>  The Alaska Department of Health and Social Services originally submitted SPA Alaska 01-002 to Region 10, CMS, Division of Medicaid & Children's Health on March 30, 2001. On April 10, 2001, a revised page 5 for this SPA was emailed to Region 10, CMS. Although our local procedures typically do not recognize email submissions as official communications, exceptions are made for states in accordance with 42 CFR 430.16. This regulation does not stipulate a format for submission to the region. Additionally, 42 CFR 430.16 requires automatic approval of a SPA when there is no evidence of any action taken within 90 days by the region. Therefore, the SPA was deemed approved by CMS with an effective date of January 1, 2001.
>
>  As indicated by what is written above, the CMS Region 10 position on the approval of this SPA has not changed from the our [sic] August 25, 2003 letter to the Alaska Department of Health and Social Services . . .

Exhibit G.

    32. Alaska Medicaid posted a notice of proposed changes in Medicaid regulations dealing with payment for outpatient hospital services on the State of Alaska Online Public Notice system on July 18, 2000, and additional notices related to the same on August 22 & 23, 2000, copies of which notices are attached hereto as Exhibit H. As detailed in Paragraph 37 below, these "notices" are defective and failed to comply with then existing law.

SECOND AMENDED
COMPLAINT - 14

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**LEGAL FRAMEWORK OF THE COMPLAINT**

33. 42 U.S.C. § 1396a(b) provides that the Secretary of Health and Human Services shall approve any State Plan which fulfills the conditions specified in subsection (a) of Section 1396a; and 42 USC § 1316(a)(1) requires the Secretary of Health and Human Services, when a State Plan is submitted to him or her for approval under 42 U.S.C. §§ 1396 *et seq.*, to make a determination as to whether it conforms to the requirements for approval under such title not later than 90 days after the date the plan is submitted to him or her. Under 42 C.F.R. § 447.256(a)(2), CMS is required to base its approval of SPAs on **the acceptability of** the State Medicaid agency's assurances that the requirements of 42 C.F.R. § 447.253 have been met, and the State's compliance with the other requirements of the subpart at 42 C.F.R.§§ 447.250 *et seq.* Guy Hayashi made a determination on behalf of Region 10, and duly notified Alaska Medicaid, that its submission was not acceptable as filed. See, Exhibit F.

34. The regulation cited by Defendant O'Connor in her May 21, 2004 letter, 42 C.F.R. § 430.16, does not provide authority to Regional Offices to grant exceptions to States allowing them to submit SPAs by unofficial means such as email.

35. The CMS national office did not implement a process for the submission of SPAs electronically until the fall of 2002, due to barriers posed by the lack of a secure process for transmission of the SPA and conveyance of the State official's legal signature on the Form 179 transmittal cover sheet. Only SPAs submitted using the authorized software and methodology through the "e-SPA" process are accepted by CMS. Otherwise, hard copy submissions, with hand-signed Form 179s **are required**. See the CMS website at **http://www.cms.hhs.gov/medicaid/espa/default.asp**. The content of the webpage found at this link is attached to this Complaint as Exhibit I.

36. Pursuant to 42 C.F.R. § 430.20(b)(2) and 42 C.F.R. § 447.256(c), a SPA that changes the State's payment method and standards will become effective not earlier than the first day of the calendar quarter in which an approvable amendment is

SECOND AMENDED
COMPLAINT - 15

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

submitted. The Page 5 of Attachment 4.19-B retroactively approved by Region 10 was never submitted to Region 10 as part of SPA 01-002 in approvable form as detailed above. SPA 01-002 was not submitted in an approvable format until Bob Labbe authorized the pen and ink changes to the Form HCFA-179 by signed letter and submitted substitute pages in hard copy to Region 10, which requested that only pages 2 and 10 be changed..

37. Pursuant to 42 C.F.R. § 447.205, which partially implements the statutory safeguards set forth for providers in 42 U.S.C. § 1396a(a)(13) & (30), a State Medicaid agency must provide public notice of any significant proposed change in its methods and standards for setting payment rates for services, except in specified circumstances not applicable in the instant case. The regulation specifies the required content of the notice. In its notice of a proposed change in Medicaid regulations dealing with payment for outpatient hospital services posted on the State of Alaska Online Public Notice system on July 18, 2000 (Exhibit H), Alaska Medicaid failed to comply with the content requirements in several respects. In particular, it failed (a) to describe the proposed change in outpatient hospital service payment methods and standards, (b) to explain why it was changing the same, (c) to identify a local agency in each county (such as the social services agency or health department) where copies of the proposed changes were available for public review, and (d) give an address where written comments may be reviewed by the public. Neither of the additional notices posted on August 22 and August 23, 2000 (Exhibit H) remedied these deficiencies. In addition, the Form HCFA-179 for TN 01-002 provides no assurances to Region 10 that public notice was provided by Alaska Medicaid with regard to a change in reimbursement for Outpatient Hospital Services, nor does it contain any reference to Outpatient Hospital Services Reimbursement or page 5 at all.

38. The administrative record is void of any documentation indicating that Alaska Medicaid gave any of the required assurances to Region 10 which is a prerequisite for the consideration and approval of a SPA.

SECOND AMENDED
COMPLAINT - 16

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

39. To the extent that Alaska Medicaid identified a reason for changing its methodology for reimbursing Outpatient Hospital Services, the only justification it offered on the Form HCFA-179 for TN 01-002 was that the amendments were required by the Benefits Improvement and Protection Act of 2000 ("BIPA"). This is a false and misleading claim as nothing in BIPA mandates a change in the reimbursement methodology for Outpatient Hospital Services.

## VIOLATION OF ADMINISTRATIVE PROCEDURE ACT COUNT

40. Plaintiffs reallege and incorporate by reference paragraphs 1 through 39 of this Complaint.

41. In retroactively approving Page 5 of Attachment 4.19-B as part of SPA 01-002 when (a) the same was never submitted in approvable form by Alaska Medicaid, (b) the same was withdrawn from consideration by Alaska Medicaid when it submitted a substitute SPA 01-002 to Region 10, (c) Region 10 had to recognize an email submission as an official communication when Region 10 had a long-standing policy of not accepting email submissions as official communications, and (d) Alaska Medicaid failed to comply with the public notice requirements set forth in 42 C.F.R. § 447.205 and failed to provide assurances to Region 10 regarding the same in accordance with 42 C.F.R. § 447.253(h), Defendants have acted arbitrarily and capriciously, abused their discretion, and acted contrary to law, within the meaning of 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

## REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

SECOND AMENDED COMPLAINT - 1

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

(a) Hold unlawful and set aside Defendants' retroactive approval of Page 5 of Attachment 4.19-B as part of SPA 01-002;

(b) Award Plaintiff its costs, attorneys' fees, and other litigation fees and expenses associated with this action:

(c) Grant such other and further relief as the Court may deem just and proper.

DATED this 9th day of December, 2005.

PRESTON GATES & ELLIS LLP

By _____
Stephen D. Rose
ASBA No. 8901002
Attorney for Plaintiff
City and Borough of Juneau
d/b/a/ Bartlett Regional Hospital

SECOND AMENDED COMPLAINT - 2

K:\53742\00001\DRK\DRK_P200C

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022