Honorable James K. Singleton, Jr.

FILED
DEC 2 8 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

Stephen D. Rose
Dawn R. Kreysar
Preston Gates & Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
(206) 623-7580 (phone)
(206) 623-7022 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CITY AND BOROUGH OF JUNEAU, ALASKA, d/b/a/ BARTLETT REGIONAL HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION 10, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES OF AMERICA, R.J. RUFF, sued in his official capacity as the REGIONAL ADMINISTRATOR OF REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES, AND KAREN S. O'CONNOR, sued in her official capacity as ASSOCIATE REGIONAL ADMINISTRATOR, DIVISION OF MEDICAID & CHILDREN'S HEALTH, REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>Defendants. | No. A04-0152 CV (JKS)<br><br>MOTION TO AUGMENT AGENCY RECORD |

MOTION TO AUGMENT AGENCY RECORD - 1

K:\53742\00001\DRK\DRK_P200D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022



The City and Borough of Juneau, Alaska, d/b/a Bartlett Regional Hospital ("Bartlett Hospital"), Plaintiff, comes before this Court to request that the certified copy of the administrative record filed with the Court by Defendants in early November of 2005, be augmented. Bartlett Hospital seeks to augment the administrative record to include additional documentation not included with the certified copy of the administrative record that was either submitted to the administrative agency, considered by or should have been considered by the administrative agency, or issued by the agency. Further, Bartlett Hospital seeks to augment the administrative record by including the deposition testimony of Janice M. Adams, State Plan Amendment Coordinator and Policy Analyst, Center for Medicare and Medicaid Services, Region 10. The testimony of State Plan Amendment Coordinator Adams is offered to supplement the record to explain her decision making process with respect to the State Plan Amendment at issue in this case.

A copy of the documents and testimony Bartlett Hospital seeks to enter into the administrative agency record and testimony of State Plan Amendment Coordinator Adams are attached to this Motion and discussed below.

## BACKGROUND

### The Medicaid Program

This case arises under the Medicaid Program. 42 U.S.C. §1396a. The Medicaid Program is a federal program administered by the states intended to provide medical assistance to low-income persons. 42 U.S.C. §§1396a-1396v; 42 C.F.R. Part 430. No state is required to participate in the Medicaid Program. However, if a state elects to participate in the Medicaid Program, it **must** comply with all applicable federal statutes and regulations concerning that Program. Id.

The Medicaid Program is administered by the United States Department of Health and Human Services, Center for Medicare and Medicaid Services ("CMS"). CMS has established Regional Offices to provide services to the states within their individual regions. Alaska is serviced by CMS Region 10.

MOTION TO AUGMENT AGENCY
RECORD - 2

K:\53742\00001\DRK\DRK_P200D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**The State Plan Amendment (SPA) Process**

If a state elects to participate in the Medicaid Program, that state must develop a "State Plan" that specifies the categories of individuals who will receive medical assistance under that State Plan. 42 U.S.C. §1396a (b); 42 U.S.C. §1316 (a)(1). The State Plan specifies what items and health care services the participating state will and will not pay for. 42 C.F.R. 430.10. State Plans must be filed with the CMS Regional Office assigned to the state submitting the State Plan which then makes a determination whether the State Plan submitted should be approved. Once approved, the State is eligible to receive certain matching payments from the federal government. 42 U.S.C. §§1396b (a)(1), 1396d (b).

States may change their State Plans by filing with their CMS Regional Office the appropriate documentation requesting a "State Plan Amendment" ("SPA"). 42 U.S.C. §1316 (b); 42 C.F.R. §430.12. In order to have a SPA approved by its Regional Office, the state is **required** to follow a number of specific steps. Among other things, **before** a SPA can be approved by the Regional Office, the state **must** provide written assurances to the Regional Office that it has given proper notice to the public of its intention to amend the State Plan. 42 C.F.R. 447.253(h). In addition to giving the Regional Office specific assurances that it has provided the public with proper notice, the state must also prove that it has advised the public of any potential increase or decrease in expenditures that will occur under the proposed SPA. 42 C.F.R. 447.205 (c)(2). SPA approval by the Regional Office is contingent on the Regional Office **receiving and accepting** such assurances pursuant to 42 C.F.R. 447.256 (a)(2). If the Regional Office does not receive the necessary written assurances, the proposed SPA is not approvable and should not be approved by the Regional Office. Id.

In order to submit a proposed SPA, CMS has developed a specific form that must be submitted with the proposed SPA called a CMS 179.[1] The state must specify on the CMS 179 (HCFA 179) information specific to the amendment being requested, including citations to relevant statutes and regulations, the page numbers of the State Plan to be amended (including copies of the actual pages to be substituted into the State Plan if the amendment is approved),

---

[1] CMS was formerly known as the Health Care Financing Administration or HCFA. When this agency was known as HCFA this form was referred to as a HCFA 179.

MOTION TO AUGMENT AGENCY
RECORD - 3

K:\53742\00001\DRK\DRK_P200D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

and the subject of the amendment. The CMS 179 **requires** the physical signature of the state official authorized to request the SPA. The information contained on the CMS 179 must be truthful and accurate.

### The Testimony of State Plan Amendment Coordinator Janice Adams

In her testimony at her deposition, State Plan Amendment Coordinator Janice Adams explains the decisions she made as a participant in the SPA approval process. Ms. Adams explains the importance of the documents she reviewed and the correspondence she received from the State of Alaska. All of the testimony of State Plan Amendment Coordinator Adams offered by Bartlett Hospital is explanatory in nature concerning the SPA approval process applied in this case and decisions that she made.

The testimony of SPA Coordinator Adams that Bartlett Hospital seeks to have added to the record is identified and quoted on Attachment 1 to the affidavit of Stephen Rose which is submitted with this pleading. This submittal includes Ms. Adams' testimony and copies of the documents she referenced in her testimony.

### The Documents

The first group of documents that Bartlett Hospital seeks to add to the record concerns the notice that the State of Alaska was legally required to provide but did not. These documents are attached to the affidavit of Stephen Rose and are marked as pages 147-152. In prior pleadings the Defendants concede, as they must, that "CMS approval is based on the State's assurances that it has sufficiently complied [with the notice requirements]. 42 C.F.R. §447.256 (A)(2)." *See*, Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b), at p. 7, July 14, 2005. In this case the certified record from the administrative agency is devoid of any assurances from the State of Alaska that they complied with notice requirements imposed on the State by federal law. While it may be true that "the duty to notify the public rests with the state,"[2] it is equally true that the reviewing administrative agency cannot approve a SPA unless and until the State has provided those assurances to CMS. 42 C.F.R.

---

[2] *See*, Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b), at p. 7, July 14, 2005.

MOTION TO AUGMENT AGENCY
RECORD - 4

K:\53742\00001\DRK\DRK_P200D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

§447.256 (A)(2). Here, the administrative record is clear that no such assurances were provided.

Bartlett Hospital believes that the State of Alaska failed to provide the prerequisite assurances to CMS and that even if the assurances had been provided, the underlying attempts at compliance were woefully inadequate. Therefore, Bartlett Hospital seeks to supplement the administrative record with documentation showing that the notices provided by the State of Alaska were legally insufficient to comply with federal law. Since no assurances of compliance were ever provided to the administrative agency, the agency committed error by approving a SPA without determining whether proper notice had been given by the State of Alaska.

The second set of documents that Bartlett Hospital seeks to augment the record with are copies of the Alaska State Plan as it existed through at least March 14, 2003. These documents are attached to the affidavit of Stephen Rose and are marked as pages 100-144. In this case, Bartlett Hospital argues that SPA Attachment 4.19B (page 5) as approved on May 9, 2001, TN No. 01-001, is the SPA effective for fiscal year 2001. (*See*, Exhibit B, p. 9 of 34). As late as March 14, 2003, CMS was also using this version of page 5 as the "officially approved" page of the SPA. The documents Bartlett Hospital seeks to augment the record with prove that CMS interpreted their own prior administrative decision as one that had not approved SPA Attachment 4.19B (page 5), TN No. 01-002, which was subsequently approved on a retroactive basis in August of 2003. ROA 00077.

The third set of documents that Bartlett Hospital seeks to augment the record with concern the federal e-SPA process. These documents are attached to the affidavit of Stephen Rose and are marked as pages 153-155. The e-SPA process was designed by the federal government to allow state to file their SPAs electronically provided that certain safeguards were put in place. Had CMS Region 10 complied with the e-SPA requirements, they could have accepted electronic submissions of the type described in Associate Regional Administrator Karen O'Connor's letter dated August 25, 2003. ROA 00077. Since these e-SPA procedures were never adopted by CMS Region 10, it was error for Ms. O'Connor to

MOTION TO AUGMENT AGENCY
RECORD - 5

K:\53742\00001\DRK\DRK_P200D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

accept the email submissions she describes in her letter.

Lastly, Bartlett Hospital seeks to augment the record with a copy of a letter from CMS Region 10 to Robert Valliant, CEO of Bartlett Hospital where Region 10 explains its decision making process. This document is attached to the affidavit of Stephen Rose and are marked as pages 145-146.

## LEGAL ARGUMENT

In *Stein v. Barton,* 740 F. Supp. 743 (D. Alaska 1990), the Court set forth the general principles applicable to a Court's consideration of a motion to supplement the administrative record:

> The court is limited with respect to the materials it may consider when reviewing actions taken by agencies pursuant to the informal rulemaking procedures of section 553 of the APA, *5 U.S.C. § 553:*
>
>> Trial court review of agency decision-making is generally limited to the existing administrative record. **This record may be supplemented with testimony from the officials who participated in the decision explaining their action** or by formal findings prepared by the agency explaining its decision.
>
> *Kunaknana v. Clark, 742 F.2d 1145, 1152 (9th Cir. 1984)* (citations omitted). Supplemental information "should be explanatory in nature, rather than a new rationalization of the agency's decision, and must be sustained by the record." *Id. at 1149* (citation omitted

740 F. Supp. at 753.(Emphasis added)

See also *Hanlon v. Barton*, 740 F. Supp. 1446, 1451 (D. Alaska 1988), stating *verbatim* the proposition quoted above.

In *National Resources Defense Council v. United States Forest Service,* 2005 U.S. Dist. LEXIS 9747, 60 ERC (BNA) 1234 (April 1, 2005),[3] this Court applied these principles in its decision to include a document that was explanatory in nature as part of the record.

---

[3] A copy of this decision is attached to this pleading.

MOTION TO AUGMENT AGENCY
RECORD - 6

K:\53742\00001\DRK\DRK_P200D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Furthermore, in that case, the Court granted a continuance to the summary adjudication to allow the plaintiff to conduct discovery for evidence essential to precluding summary judgment in favor of the defendants. This Court has recognized that information procured through discovery may be necessary to allow a plaintiff to prevail in the litigation when the administrative record lacks such information. Such is the case here.

This ruling accords with the Court's recognition in *Sierra Club v. Penfold*, 664 F. Supp. 1299, 1309 (D. Alaska 1987), that challenges to agency action of a procedural nature often involving the taking of evidence beyond the administrative record:

> Procedural challenges to regulations often involve the taking of evidence outside the administrative record. See, e.g., Village of Akutan v. Hodel, No. A85-701 Civil (Memorandum and Order filed April 22, 1987).

Procedural challenges differ in nature from cases challenging agency decisions made through adjudication. In the latter types of cases, the plaintiff would typically have been provided with an opportunity to develop evidence at the administrative level, and such evidence would then become part of the official agency record. By contrast, in a case asserting that an agency failed to follow appropriate procedures, where such procedures were undertaken out of public view, it is necessary that the plaintiff be allowed to conduct discovery to ascertain the facts of the case. The parties have already engaged in discovery in this case and through such discovery were able to discover pieces of information critical to this case that the administrative record filed by Defendants does not reveal. Therefore, we would respectfully request that this Court augment the administrative record with the documents containing this information.

## CONCLUSION

For the reasons stated above, Bartlett Regional Hospital requests that the administrative record in this case be augmented to include the sworn testimony of SPA Coordinator Janice Adams and that the record be augmented with the documents submitted

MOTION TO AUGMENT AGENCY
RECORD - 7

K:\53742\00001\DRK\DRK_P200D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1 | with this motion.

2 | DATED this 27th day of December, 2005.

PRESTON GATES & ELLIS LLP

By _____

Stephen D. Rose
ASBA No. 8901002
Attorney for Plaintiff
Bartlett Regional Hospital

MOTION TO AUGMENT AGENCY
RECORD - 8

K:\53742\00001\DRK\DRK_P200D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

4 of 36 DOCUMENTS

**NATURAL RESOURCES DEFENSE COUNCIL, SOUTHEAST ALASKA CONSERVATION COUNCIL, SIERRA CLUB, THE WILDERNESS SOCIETY, and CENTER FOR BIOLOGICAL DIVERSITY, Plaintiffs, vs. UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; MARK REY, in his official capacity as Under Secretary of Agriculture; DENNIS E. BSCHOR, in his official capacity as Alaska Regional Forester; and FORREST COLE, in his official capacity as Forest Supervisor for the Tongass National Forest, Defendants.**

Case No. J04-0010 CV (JKS)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

*2005 U.S. Dist. LEXIS 9747; 60 ERC (BNA) 1234;*'

**April 1, 2005, Decided**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff National Resources Defense Council (NRDC) filed an action against defendant United States Forest Service, which challenged a land management plan and a timber sale. The NRDC sought clarification of a motion to strike and a motion for leave to amend an answer. The NRDC sought a continuance for further discovery in the alternative.

**OVERVIEW:** The NRDC challenged several environmental decisions made by the forest service. In several pending cases, the NRDC sought clarification of two motions. In considering the request, the court determined that a declaration should not have been stricken from the record. The NRDC overstated the significance of the declaration because it only applied to one issue in the case. Further, it fell squarely within the exception to the rule disfavoring supplementation of administrative records. The declaration in question was sufficiently explanatory to earn it a place in the record. Next, the court held that the NRDC was entitled to a continuance to conduct limited discovery on information contained in the declaration. Although it was a close question as to whether the *Fed. R. Civ. P. 56(f)* requirements had been met because it was unclear if the facts were essential to defeating a motion for summary judgment, the court exercised its discretion to allow for additional discovery on the issue of cost.

**OUTCOME:** The motion for leave to amend was granted. The motion to strike the declaration was denied. The motion for a continuance to conduct limited discovery was granted. The NRDC was then ordered to file a reply to the opposition to the opening brief.

**LexisNexis(R) Headnotes**

*Administrative Law > Judicial Review*
*Civil Procedure > Appeals > Records on Appeal*
[HN1] An agency may supplement the administrative record to explain ambiguous agency actions but may not use the supplementing process as a means of providing post hoc rationalizations of unjustified aspects of the record.

*Civil Procedure > Summary Judgment > Supporting Papers & Affidavits*
[HN2] Courts may stay summary adjudication upon a good faith showing through affidavits that a continuance is necessary to discover evidence essential to precluding summary judgment. *Fed. R. Civ. P. 56(f)*. The affidavit requirement is a loose one -- a motion may be sufficient to raise Rule 56(f) consideration.

**JUDGES:** [*1] JAMES K. SINGLETON, JR., United States District Judge.

**OPINIONBY:** JAMES K. SINGLETON, JR.

**OPINION:**

ORDER

Case 3:04-cv-00152-JWS   Document 42   Filed 12/28/2005   Page 10 of 16

Page 2
2005 U.S. Dist. LEXIS 9747, *; 60 ERC (BNA) 1234

Before the Court is a motion for clarification by Plaintiff Natural Resources Defense Council, et al., ("NRDC"), who sues Defendant United States Forest Service, et al., ("Forest Service") challenging the 1997 Tongass Land Management Plan Revision and the 2003 Woodpecker timber sale under the plan. Docket Nos. 35 (Mot.); 36 (Resp.); 37 (Reply). NRDC has brought two related but not consolidated suits against the Forest Service. *See NRDC v. United States Forest Service*, J03-0029 CV ("*NRDC I*"); *NRDC v. United States Forest Service*, J04-0010 CV ("*NRDC II*"). NRDC presently seeks clarification of two motions-a motion to strike an affidavit by Forrest Cole and an unopposed motion for leave to amend the answer-filed in reference to *NRDC II* but addressed by the Court in an order in *NRDC I*. *See NRDC I*, Docket No. 81 (Order); *NRDC II*, Docket Nos. 24 (Pl. Mot. To Strike); 26 (Intervenors' Opp'n); 27 (Federal Def.'s Opp'n); 31 (Reply); 32 (Def.'s Mot. for Lv. to Amd. Ans.); 33 (Resp.).

Per stipulation of the parties, the only issue in *NRDC II* is Count VI. Docket Nos. [*2] 9 (Conf. Rprt.); 16 (Order). Count VI alleges that the Forest Service failed to use current information and was misleading in its presentation of public costs in the Public Investment Analysis of the Final Environmental Impact Statement ("FEIS") in violation of the *National Environmental Policy Act*. Docket No. 1 at 25. The Forest Service has filed an opposition to the opening brief. Docket No. 21. NRDC argues that it "must be able to understand and respond to [the Cole] declaration in order to disprove the arguments made in the Forest Service's Opposition Brief before filing its reply. Docket No. 24 at 10. The Court has agreed to allow NRDC to delay filing its reply pending a ruling on the inclusion of the Cole declaration as it pertains to *NRDC II*. *See* Docket No. 23.

## DISCUSSION

The Court will first address the motion for clarification with respect to the Forest Service's motion for leave to amend its answer before turning to the inclusion of the Cole declaration in the administrative record and NRDC's alternative request for a continuance to conduct limited discovery.

### I. Clarification of Leave to Amend Answer

NRDC seeks clarification of the order granting the [*3] motion for leave to amend the answer only inasmuch as it relates to *NRDC II*. The motion was never opposed, and the Court granted it in the *NRDC I* Order. Docket No. 81 at 2. For purposes of clarification, the Forest Service's motion for leave to amend the answer in this case at Docket No. 32 will be granted.

### II. Inclusion of the Cole Affidavit

NRDC seeks clarification of the Court's conclusion in *NRDC I* that the declaration of Forrest Cole is "sufficiently explanatory' to earn it a place in the record." *NRDC I*, Docket No. 81 at 2. In the event the Court holds fast to the conclusion that the Cole declaration belongs in the record, NRDC requests a continuance to conduct limited discovery pursuant to *Federal Rule of Civil Procedure 56(f)*.

Previously the Court considered the Cole declaration in the context of other motions filed in *NRDC I*. *NRDC I*, Docket No. 81. Cole is the Forest Supervisor for the Tongass National Forest, Alaska Region. During the time period relevant to *NRDC II*, Cole was employed as the Director of Forest Management for the Alaska Region of the Forest Service and as the Forest Management Staff [*4] Officer for the Tongass National Forest. *In* considering the motion to strike the Cole declaration in *NRDC I* the Court stated that the "motion [was] somewhat moot" because it was not considered by the Court in reaching its conclusions. *Id.* at 2. Recognizing that the appellate court might find the declaration useful, the Court went on to address the merits of the motion:

> The parties seem to be in agreement that [HN1] an agency may supplement the administrative record to explain ambiguous agency actions but may not use the supplementing process as a means of providing *post hoc* rationalizations of unjustified aspects of the record. While the issue is not as clear cut as either party contends, the Court is satisfied that the declaration in affidavit form by Cole is sufficiently "explanatory" to earn it a place in the record.

*Id.*

In its motion for clarification, NRDC claims that "the Cole declaration is the linchpin of the [Count VI] dispute." Docket No. 35 at 2. The Cole declaration, however, relates to only one of the four arguments made by the Forest Service in its opposition to Count VI. The four arguments are as follows: (1) NRDC has waived its objection [*5] to the Forest Service's figures by not raising it until now; (2) under NEPA, an EIS cannot be invalidated based on "public investment costs"; (3) the cost figures on which the Forest Service relies are accurate; and (4) regardless of their accuracy, the Forest Service's use of the figures is not such to invalidate the EIS. Docket No. 21. The Cole declaration relates only to the third argument, and as explored more fully below, the argument is not the "linchpin" of Count VI. In short,

Case 3:04-cv-00152-JWS   Document 42   Filed 12/28/2005   Page 11 of 16

Page 3
2005 U.S. Dist. LEXIS 9747, *; 60 ERC (BNA) 1234

NRDC has overstated the significance of the Cole declaration. Furthermore, the context in which the declaration is considered -- be it Count VI in *NRDC II*, or the issues addressed in the *NRDC I order* -- is irrelevant to the Court's previous analysis that the declaration falls squarely within an exception to the rule disfavoring supplementation of administrative records. The motion to strike the declaration of Cole at Docket No. 24 will be denied.

## II. Continuance to Conduct Discovery

NRDC alternatively seeks a continuance to conduct limited discovery on information contained in the Cole declaration pursuant to *Federal Rule of Civil Procedure 56(f)* [*6] . n1 [HN2] Courts may stay summary adjudication upon a good faith showing through affidavits that a continuance is necessary to discover evidence essential to precluding summary judgment. *Fed. R. Civ. P. 56(f)*; *see also California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998)*. The affidavit requirement is a loose one -- a motion may be sufficient to raise 56(f) consideration. *See Garrett v. City & County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987); Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n. 1 (9th Cir. 1986)*.

---

n1 *Rule 56(f)* applies because Defendants' Opposition Brief is the equivalent of a cross-motion for summary judgment on Count VI.

---

NRDC argues that they cannot effectively respond to certain assertions made in the Cole declaration as there is no supporting documentation for the assertions in the administrative record. *See* Docket No. 24 at 8-11. Specifically, NRDC states that [*7] they are unable to respond to the Cole declaration's use of: (1) "budget allocation estimates" used in the Public Investment Analysis section of the FEIS, *see* Docket No. 24, Ex. 1 at PP 3-5; (2) data collection methods and cost estimates by volume "laid out," or volume "harvested," *see Id.* at P 4; and (3) "outyear budget planning . . . site-specific timber sale project EISs, briefings, [and] budgetary related requests for information," *see Id.* at P 7. NRDC argues that these references are to documents not available to them as part of the administrative record and that discovery is therefore necessary. The Forest Service counters that any further delay that would occur due to extended discovery is unwarranted as the Cole declaration is informative but not central to NRDC's argument. It argues that the Cole declaration merely provides useful background information on the mechanics involved in the Forest Service's accounting procedures. *See* Docket No. 26.

Whether NRDC has satisfied the *Rule 56(f)* requirement -- the facts sought are essential to defeating a motion for summary judgment -- is a very close question. *See Campbell, 138 F.3d at 779*. As noted [*8] above, the Cole declaration relates to only one of four arguments advanced by the Forest Service in its opposition -- construed for purposes of this analysis as a cross-motion for summary judgment. The argument to which the Cole declaration relates is that the figures the Forest Service relied upon are accurate. It seems to the Court that the declaration essentially shows the scaffolding used by the Forest Service to build cost projections and provides background information on how the Forest Service arrived at cost estimates in years past. If NRDC's entire argument that the Forest Service's cost estimates are inaccurate and misleading rests on a declaration filed after the development of the administrative record, the evidence supporting their argument is lean indeed. However, Count VI is based not on the Cole declaration, but on annual Monitoring Reports that purportedly show that the Forest Service spends significantly more than the budget allocation estimates used to predict public cost.

The existing record likely permits NRDC to respond fully to the Forest Service's response that the challenged figures are accurate. However, the Court notes that the attorneys in this case are [*9] highly skilled and responsible. They do not strike the Court as the sort who would propose a continuance only for the circumscribed victory protraction presents in environmental cases. Therefore, in the interest of fairness, the Court will exercise its discretion and permit a sixty-day continuance to allow NRDC to conduct limited discovery.

**IT IS THEREFORE ORDERED**:

The Forest Service's motion for leave to amend the answer in this case at **Docket No. 32 is GRANTED**. NRDC's motion to strike the declaration of Forrest Cole at **Docket No. 24 is DENIED**. NRDC's alternative motion for a continuation to conduct limited discovery, also at **Docket No. 24, is GRANTED**. NRDC shall have until **June 1, 2005**, to complete any further discovery. Thereafter, NRDC is directed to file a reply to the Forest Service's opposition to NRDC's opening brief on Count VI **on or before June 10, 2005**.

Dated at Anchorage, Alaska, this 1 day of April 2005.

**JAMES K. SINGLETON, JR.**

United States District Judge

Honorable James K. Singleton, Jr.

Stephen D. Rose
Dawn R. Kreysar
Preston Gates & Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
(206) 623-7580 (phone)
(206) 623-7022 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CITY AND BOROUGH OF JUNEAU, ALASKA, d/b/a/ BARTLETT REGIONAL HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION 10, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES OF AMERICA, R.J. RUFF, sued in his official capacity as the REGIONAL ADMINISTRATOR OF REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES, AND KAREN S. O'CONNOR, sued in her official capacity as ASSOCIATE REGIONAL ADMINISTRATOR, DIVISION OF MEDICAID & CHILDREN'S HEALTH, REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>Defendants. | No. A04-0152 CV (JKS)<br><br>AFFIDAVIT OF STEPHEN ROSE IDENTIFYING DOCUMENTS AND DEPOSITION TESTIMONY |

AFFIDAVIT OF STEPHEN ROSE - 1

K:\53742\00001\DRK\DRK_P200D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  STATE OF WASHINGTON    )
                          ) ss
2  County of King         )

3

4   **Stephen D. Rose**, being first duly sworn, on oath deposes and says:

5   1.   I am one of the attorneys representing the Plaintiff, Bartlett Regional Hospital in the matter above-captioned. This affidavit is based upon my personal knowledge and I am competent to testify to the facts stated herein.

8   2.   Attached and marked as "Attachment 1" are true and correct copies of the excerpts of testimony from State Plan Amendment Coordinator Janice Adams. Following the excerpts of Ms. Adams' testimony are true and correct copies of the pages of the transcript of her deposition from which they were taken.

12  3.   Attached and marked as pages 147-152, are true and correct copies of the various notices I have been able to find that were posted by the State of Alaska concerning their State Plan Amendment 01-002. Copies of these notices were included with the Plaintiff's Second Amended Complaint and marked as Exhibit H.

15  4.   Attached and marked as pages 100-110, is a true and correct copy of the Alaska State Plan that was supplied to my former office by the State of Alaska, Department of Health and Social Services as the current State Plan for 2001. A copy of this document was included with the Plaintiff's Second Amended Complaint and marked as Exhibit A.

19  5.   Attached and marked as pages 111-144, is a true and correct copy of the Alaska State Plan that was supplied to my former office by CMS Region 10. When this document was obtained, CMS represented that it contained "the current Section 4.19B of the Alaska State Plan, pages 1-12, and the Alaska State Plan Amendment (SPA), transmittal numbers 98-014, 99-007, and 01-002." A copy of this document was included with the Plaintiff's Second Amended Complaint and marked as Exhibit B.

25  6.   Attached and marked as pages 145-146, is a true and correct copy of a letter dated May 21, 2004, from Karen S. O'Connor, Associate Regional Administrator for CMS Region 10, to Bartlett Hospital Administrator, Robert Valliant, where Ms. O'Connor explains

AFFIDAVIT OF STEPHEN ROSE - 2

K:\53742\00001\DRK\DRK_P200D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  the reason for the decision she made concerning retroactively approving SPA 01-002. A copy
2  of this letter was included with the Plaintiff's Second Amended Complaint and marked as
3  Exhibit G.

4      7.    Attached and marked as pages 153-155, are copies of the e-SPA materials
5  obtained from the federal government web page.

6  FURTHER YOUR AFFIANT SAYETH NAUGHT.



Stephen D. Rose

SIGNED AND SWORN TO this 27th day of December, 2005.



Linda M. Jacobs
NOTARY PUBLIC FOR THE
STATE OF WASHINGTON

Linda M. Jacobs
[Printed Name]

My appointment expires: 5/18/09

AFFIDAVIT OF STEPHEN ROSE - 3

K:\53742\00001\DRK\DRK_P200D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Honorable James K. Singleton, Jr.

Stephen D. Rose
Dawn R. Kreysar
Preston Gates & Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
(206) 623-7580 (phone)
(206) 623-7022 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CITY AND BOROUGH OF JUNEAU, ALASKA, d/b/a/ BARTLETT REGIONAL HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION 10, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES OF AMERICA, R.J. RUFF, sued in his official capacity as the REGIONAL ADMINISTRATOR OF REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES, AND KAREN S. O'CONNOR, sued in her official capacity as ASSOCIATE REGIONAL ADMINISTRATOR, DIVISION OF MEDICAID & CHILDREN'S HEALTH, REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>Defendants. | No. A04-0152 CV (JKS)<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE - 1

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  I hereby certify that on December 28, 2005 copies of the MOTION TO AUGMENT
2  AGENCY RECORD AND THE AFFIDAVIT OF STEPHEN ROSE IDENTIFYING
3  DOCUMENTS AND DEPOSITION TESTIMONY were served by hand delivery to Daniel
4  R. Cooper, Jr. at the following address:

> Daniel R. Cooper, Jr.
> Asst. U.S. Attorney
> Office of the U.S. Attorney, Civil Division
> 222 W. 7th Ave., #9, Room 253
> Anchorage, AK 99513-7567

_____
Cecelia P. Ebue, Legal Secretary

CERTIFICATE OF SERVICE - 2

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022