RECEIVED APR 15 2005 ROSE HEALTH LAW

BEFORE THE COMMISSIONER
DEPARTMENT OF HEALTH AND SOCIAL SERVICES
STATE OF ALASKA

In the Matter of

BARTLETT REGIONAL HOSPITAL,
Juneau, Alaska,

Medicaid Rate AppealS for FY 2002 and
FY 2003.

Case No.: 2002-MRC-04 (Consolidated)

## PROPOSED ORDER GRANTING STAY

THIS MATTER having come before the Hearing Examiner on Bartlett Regional Hospital's Motion for a Stay and the Hearing Examiner having considered Bartlett's Motion for a Stay, the Medicaid Staff's Opposition to Stay of Proceedings, and Bartlett's Reply to Staff's Opposition to Motion to Stay Proceedings, and the Hearing Examiner having reviewed a copy of the Compliant in *City and Borough of Juneau, Alaska d/b/a Bartlett Regional Hospital v. Center for Medicare and Medicaid Services, Region 10 et al.*, Federal District Court for the District of Alaska, Case No. A04-0152 CV (JKS); the Hearing Examiner finds as follows:

Weighing the potential for harm if the stay is granted versus the stay not being granted, I find that if the stay is not granted Bartlett Regional Hospital may suffer harm and if the stay is granted, no harm will be suffered by the Medicaid Staff,

Case Name/No.: Bartlett Regional Hospital, Juneau, Alaska, Medicaid Rate Appeal for FY 2002 and FY 2003/2002-MRC-04 (Consolidated)
Document Title: Proposed Order Granting Stay
Page 1 of 2
Proposed Order on Mtn for Stay 08132004.doc



Rose Health Law Group, PLLC
P.O. Box 13110
Mill Creek, Washington 98082-1110
425-806-8292

1  NOW, THEREFORE, Bartlett Regional Hospital's Motion to Stay the Proceedings is
2  GRANTED pending its prosecution of its case, Case No. A04-0152 CV. Counsel for
3  Bartlett is ordered to keep the Hearing Examiner advised of the progress of its case, Case
4  No. A04-0152 CV, and advise the Hearing Examiner of any substantive rulings issued in
5  that case.

6  DATED this 12 day of April, 2005.

_____
Patricia Huna-Jines, Hearing Examiner

ROSE HEALTH LAW GROUP, PLLC
P.O. Box 13110
Mill Creek, Washington 98082-1110
425-806-8292

Case Name/No.: Bartlett Regional Hospital, Juneau, Alaska, Medicaid Rate Appeal for FY 2002 and FY 2003/2002-MRC-04 (Consolidated)
Document Title: Proposed Order Granting Stay
Page 2 of 2
Proposed Order on Mtn for Stay 08132004.doc

FOCUS - 3 of 4 DOCUMENTS

CLIFFORD FRANCISCO, an individual, MCH ENTERPRISES, INC., dba Corvallis Manor, an Oregon corporation; OREGON HEALTH CARE ASSOCIATION, an Oregon corporation, Plaintiffs, v. DEPARTMENT OF HUMAN RESOURCES, an agency of the State of Oregon; KEVIN CONCANNON, Director; SENIOR SERVICES DIVISION, a division of the Department of Human Resources; RICHARD LADD, Director, Defendants.

Civil No. 89-6244-HO

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

1990 U.S. Dist. LEXIS 19766

July 10, 1990, Decided
July 10, 1990, FILED

JUDGES: [*1] Hogan

OPINIONBY: MICHAEL R. HOGAN

OPINION:

ORDER

Plaintiffs, a Medicaid patient, a Medicaid provider, and an association of providers bring this action against Oregon state agencies and officials under 42 U.S.C. § 1983 for violations of Title XIX of the Social Security Act, commonly known as the Medicaid Act (Act). Plaintiffs allege that the state agencies and officials violated procedural and substantive requirements of the Medicaid Act, because: (1) Medicaid reimbursement under the current plan, which incorporates the 1986 Plan, is based solely on budgetary concerns; (2) defendants' assurances that the current plan, which incorporates the 1986 Plan, conforms to the Medicaid Act are not based on valid fact finding; (3) defendants are not following their own state plan; and (4) defendants' Medicaid reimbursement rates are neither reasonable nor adequate to compensate efficiently and economically operated providers of nursing care. Plaintiffs seek a declaratory judgment that the current Oregon Medicaid plan is invalid and an injunction against prospective application of this plan.

Defendants have filed thirteen motions to dismiss/strike against the complaint (#13).

DISCUSSION

*Motion 1*

Defendants [*2] argue that providers do not have enforceable rights under *42 U.S.C. § 1983*. They recognize that the Boren Amendment has been found to create a substantive federal right concerning a state's adoption of reimbursement rates, enforceable by providers under section 1983. *Coos Bay Care Center v. Or. Dept. of Human Resources, 803 F.2d 1060 (9th Cir. 1986)*, cert. granted, *481 U.S. 1036 (1987)*, judgment vacated and remanded on issue of mootness, *108 S.Ct. 29 (1987); Virginia Hospital Association v. Baliles, 868 F.2d 653 (4th Cir. 1989)*. Certiorari was also granted in Baliles. On June 14, 1990, the U.S. Supreme Court announced its decision in Baliles, sub. nom., Wilder v. Virginia Hospital Association, No. 88-2043, affirming the Fourth Circuit's decision that providers could maintain a section 1983 action. Therefore, I find that this court has subject matter jurisdiction over the provider's and association's claims.

Defendants argue that plaintiff Clifford Francisco has no enforceable rights under section 1983, citing *Pennhurst State School and Hospital v. Halderman, 451 U.S. 1 (1981).* [*3] In Pennhurst, supra, the U.S. Supreme Court recognized that a right of action under section 1983 will lie only where (1) the underlying, substantive statute at issue creates "enforceable rights", and where (2) Congress has not foreclosed private enforcement through section 1983 in the statute itself. Defendants argue a Medicaid recipient has no enforceable rights because the legislative history of the Act demonstrates that Congress intended to move toward state discretion in setting rates in a manner which encourages efficiency. In Wilder v. Virginia Hospital Association, supra, the U.S. Supreme Court held that the Boren Amendment imposes a "binding obligation" on the states

Attachment 1

Case 3:04-cv-00152-JWS   Document 51-2   Filed 03/14/2006   Page 4 of 8

Page 2
1990 U.S. Dist. LEXIS 19766, *

that gives rise to enforceable rights citing Pennhurst, supra. The test is whether a Medicaid recipient is an intended beneficiary of the Boren Amendment. Wilder v. Virginia Hospital Association, supra. This is the same test used by the Ninth Circuit in Coos Bay Care Center v. State of Or. Dept. of Human Resources, supra, in finding that a Medicaid recipient had standing to challenge rates:

Patients confined by illness, disability, or age to a long-term health care facility are intended [*4] beneficiaries of the Medicaid statutes. . . . 803 F.2d at 1063.

See also, State of Colo. Health Care v. Colo. Dept. of Social Services, supra, 842 F.2d 1158, 1164, n. 5 (10th Cir. 1988)("recognizing that Medicaid patients and health-care providers have parallel interests with respect to Medicaid funding and reimbursement."). I find that this court has subject matter jurisdiction over plaintiff Clifford Francisco's claims based on the test in Wilder v. Virginia Hospital Association, supra. Motion 1 is denied.

*Motion 2*

Defendants argue that this court should decline jurisdiction based on plaintiffs' failure to exhaust state administrative and judicial remedies. In Patsy v. Florida Board of Regents, 457 U.S. 496 (1982), the U.S. Supreme Court reaffirmed the general rule that a plaintiff need not exhaust state law remedies before bringing a section 1983 action. It, however, provided an exclusive exception where Congress clearly intended to carve out "a narrow exception to the no-exhaustion rule." Id. at 512. The Eleventh Circuit applied Patsy, in finding that there is no exhaustion requirement [*5] under the Medicaid Act after analyzing the legislative history and judicial interpretation of section 1983 and the statutory language of the Medicaid Act. Alacare Inc. - North v. Baggiano, 457 U.S. 496 (1986). Relying on Patsy and Alacare, Judge Dale held that plaintiffs are not required to exhaust their administrative remedies before bringing a section 1983 action regarding Medicaid reimbursement. See, Oregon Ass'n of Hospitals v. Dept. of Human Resources, No. 88-225-DA, slip op. (D.Or., March 23, 1989).

Defendants rely upon three, out of state, district court cases in support of an exhaustion requirement. Arden House, Inc. v. Heintz, 612 F. Supp. 81 (D. Conn. 1985); St. Joseph Hospital v. Electronic Data Systems Corp., 573 F. Supp 443 (S.D. Tex. 1983); Ryans v. New Jersey Com'n for the Blind, 542 F. Supp. 841 (D. N.J. 1982). I find that none of these cases are applicable. In Ryans, the New Jersey district court considered whether plaintiffs under the Rehabilitation Act of 1973, 29 U.S.C. § 720, et. seq., must exhaust their administrative remedies. The court relied on the specific [*6] language of that Act in finding an exhaustion requirement. Id. at 850-851. 29 U.S.C. § 722(d) provided that the director of any designated state unit "shall establish procedures for the review of determinations made by the rehabilitation counselor or coordinator under this section, upon the request of a handicapped individual." Similarly, in Arden House, supra, Connecticutt state regulations specifically provided for an appeal process for persons aggrieved by Medicaid rates. These cases are distinguishable because the defendants in this action have not cited any state or federal statutory provision establishing an administrative review process.

In St. Joseph Hospital, supra, the Texas court relied on the Ryans decision and general language in the Medicaid Act in finding that Congress intended to require exhaustion in actions under the Medicaid Act. It reasoned that because the Medicaid Act expressly contemplates administration and management of the Medicaid Program by the states, exhaustion is required. The Texas court, however, did not cite to any language in the Medicaid Act specifically authorizing the states to establish [*7] procedures for administrative review as was found in the Rehabilitation Act. I find that the reasoning in St. Joseph Hospital, supra, is flawed and should not be followed. I find this action is governed by the general rule and that exhaustion of administrative remedies is not required. Motion 2 is denied.

*Motion 3*

Defendants argue that the claims against the two state agencies, i.e., the Department of Human Resources (DHR), and its Senior Services Division (SSD), as well as against their directors, Kevin Concannon and Richard Ladd are barred by Eleventh Amendment immunity. Plaintiffs concede their claims against the two state agencies are barred, and they withdraw the claims against defendants Ladd and Concannon in their individual capacities. The remaining issue is whether plaintiffs may recover from these two state officials in their official capacities.

State officials are generally exempt from suit under the Eleventh Amendment, with the exception that prospective injunctive relief may be awarded against them. Ex Parte Young, 209 U.S. 124 (1908); Edelman v. Jordan, 415 U.S. 651 (1974); Milliken v. Bradley, 433 U.S. 651 (1974); [*8] Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, n. 11 (1984). Retrospective relief, however, is not available. Green v. Mansour, 474 U.S. 64 (1985). Prospective injunctive relief may result in an ancillary expenditure of state funds and not be prohibited by the Eleventh Amendment. Milliken v. Bradley, supra.

Defendants argue that plaintiffs are seeking an injunction against enforcement of the 1986 state Medicaid

reimbursement plan, a declaration that the 1986 plan is invalid, and additional funding from the state of Oregon. Plaintiffs, however, seek a declaration that the Oregon state plan currently in effect (which includes the 1986 plan and all subsequent modifications to date) is procedurally and substantively invalid. (Complaint, #1, PP36, 48, 55, 60). The relief sought is an injunction against continued application, in the future, of the allegedly invalid current plan. Id. Plaintiffs are not seeking retrospective relief or damages. I find that even if additional funding may be required by the state of Oregon as a result of the granting of prospective injunctive relief, such additional funding would be [*9] incidental or ancillary to such relief. I find that the claims against the state officials in their official capacities are not barred by the Eleventh Amendment. Motion 3 is denied.

*Motions 4 and 6*

Plaintiffs concede that defendants' Motions 4 and 6 are well taken. Thus, the claims against defendants Department of Human Resources and Senior Services Division are dismissed and the allegations of paragraphs 9 and 11 relating to defendants Concannon and Ladd in their personal capacities are stricken. Motions 4 and 6 are allowed.

*Motion 5*

Defendants move to strike Count 3 as barred by the Eleventh Amendment. They argue that Count 3 alleges a pure violation of state administrative law which can not provide a basis for recovery under section 1983 as "an interest secured by the laws of the United States." A federal court may not instruct state officials how to conform their conduct to state law. *Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 106 (1984).* "Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." Id. The fact that a state Medicaid plan must conform with the federal Medicaid [*10] statute does not mean that a violation of the state plan is ipso facto a violation of federal Medicaid laws and regulations. *Oberlander v. Perales, 740 F.2d 116 (2nd Cir. 1984).* A claim must include allegations of a specific conflict between a state plan or practice and a federal mandate in order to be recoverable. Ibid. at 119.

Plaintiffs allege that defendant SSD's regulation requires that the property cost category is to be reimbursed on a fair rental value system. (Complaint, #1, at P51). They allege that there is no specific state rule defining the fair rental value system. (Ibid. at P52). They allege that defendants have failed to administer Oregon's Medicaid program in accordance with the terms of Oregon's state plan and that this violates federal Medicaid law. (Ibid. at P54). I find that plaintiffs have failed to allege a specific conflict between a state plan or practice and a federal mandate, and that, at most, plaintiffs claim is based on an alleged violation of state law which is not ipso facto a violation of the federal Medicaid law. Motion 5 is allowed.

*Motion 7*

Defendants move to dismiss the claims of plaintiff Clifford [*11] Francisco for lack of subject matter jurisdiction because he does not allege a justiciable controversy. Article III of the federal Constitution limits federal judicial power to "cases and controversies." Plaintiff must show s/he has "personally . . . suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," that can be fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *Smith v. Block, 784 F.2d 993, 994 (9th Cir. 1986).* A plaintiff seeking injunctive relief must allege a real and immediate threat of future injury. *Smith v. City of Fontana, 818 F.2d 1411, 1421 (9th Cir. 1987),* cert. den. *108 S.Ct. 311 (1987); City of Los Angeles v. Lyons, 103 S.Ct. 1660 (1983)* (abstract injury is not enough). Having a "direct interest" alone does not suffice for a "case or controversy." For example, in *Rosado v. Wyman, 90 S.Ct. 1207 (1970)* welfare recipients challenged the constitutionality and validity of a New York statute relating to amounts of payment of Aid to Families with Dependent Children. [*12] The U.S. Supreme Court held that these plaintiffs were "most directly affected by the administration" of the joint federal/state program and were entitled to relief if the state plan did not conform to federal law. *397 U.S. at 420-21.* In such a case, the court reasoned, the recipients have a real and immediate threat of injury in having their welfare benefits reduced. *397 U.S. at 458.* On the other hand, in an action brought by Medicaid recipients challenging an "equal access" regulation requiring "that the state's reimbursement formula be designed to engage a sufficient number of providers to make the state's medicaid program meaningful in all respects," the United States District Court for the Eastern District of Pennsylvania held that the recipients did not have standing. *Simpson v. Heckler, 630 F. Supp. 736 (E.D. Pa. 1986).* The Pennsylvania court reasoned that because the recipients had in fact received successful medical treatment, there was no showing that approval of a state program was a direct cause of alleged deprivation of equal access to medical care, and it was unlikely that better medical care would result from any relief [*13] obtainable in the action. *630 F. Supp. at 739.*

Plaintiff Clifford Francisco has alleged that defendants' conduct in implementing budget driven rates, in failing to make required findings and in failing to follow the state's plan has caused him continuing irreparable harm. (Complaint, #1, PP36, 48, and 55). He further al-

leges that defendants' "unreasonable and inadequate reimbursement ... negatively impacts [plaintiff's] ability to ... receive care in conformity with federal law, regulations and quality of safety standards." (Complaint, #1, P60). The court notes that plaintiff Clifford Francisco submitted an affidavit in support of plaintiffs' motion for preliminary injunction (#11) in which he stated "I receive good care at Corvallis Manor," even with the alleged inadequate and unreasonable Medicaid funding. The gist of the complaint is his unhappiness at perceiving that private pay patients are subsidizing his care. Id. I find that in order to have standing, plaintiff Francisco must demonstrate defendants caused a threat of or actual injury which is likely to be redressed by a declaratory judgment or prospective injunctive relief and that having a "direct [*14] interest" in Medicaid reimbursement alone is insufficient. Given the conclusory nature of plaintiff Francisco's claim of "continuing irreparable harm" and the alleged "negative impacts" of defendants' actions on his ability to receive care in conformity with federal law, I will treat defendants' motion 7 as an alternative motion to make more definite and certain, in accordance with defendants' request, and it is allowed.

*Motion 8*

Defendants move to strike the allegations in paragraph 31 of the complaint. Plaintiffs allege that in April, 1989, defendants modified the 1986 Plan to reduce reimbursement rates, known as "the occupancy rule," and that this rule was not continued beyond June 30, 1989. It is undisputed that "the occupancy rule" is not now in effect. Plaintiffs argue this allegation is "evidence" of the budget-driven nature of the 1986 Plan. I find that this allegation is not sufficiently relevant to the relief sought, i.e., declaratory judgment that the current plan is invalid and prospective injunctive relief based on a finding of the invalidity of the current plan. I find, at most, plaintiffs are alleging evidence which is not appropriate in a pleading. [*15] Defendants' motion 8 is allowed.

*Motion 9*

Defendants move to strike allegations in paragraphs 38 to 40 of the complaint, because any claim based on them is barred by the statute of limitations. Plaintiffs allege that, prior to August 27, 1986, defendants did not undertake the required fact finding to determine whether rates were reasonable and adequate to meet the requirements of federal law, yet made assurances that they were reasonable and adequate. (Complaint, #1, PP38 to 40). They also allege that as a proximate result of defendants' failure to comply with the federal requirements to make and submit fact findings in 1986, the assurances made in 1986 are a sham, and plaintiffs are and will continue to be irreparably injured by defendants' failure to comply with federal Medicaid law. (Complaint, #1 at P48). It is undisputed that a two year statute of limitations period applies. This action was filed June 30, 1989, so claims that accrued prior to June 30, 1987, are time barred.

The state must conduct fact finding whenever it "makes a change in its methods and standards, but not less often than annually. 42 C.F.R. § 447.252(b)(1)(i). Plaintiffs argue that defendants' wrongful [*16] conduct in failing to fact find and in giving incorrect assurances began in 1986, that they have continued in their failure to undertake proper fact finding each year up until the present, that the current state plan (which incorporates the 1986 plan) is invalid and should be enjoined and that, therefore, relief based on defendants wrongful fact finding omissions in 1986 should not be time barred.

42 C.F.R. § 447.252(b)(1)(i), at most, refers to a series of discreet acts, i.e., factfinding at least once per year. While defendants alleged omissions each year may have been continuous in that together they may have constituted a course of conduct capable of producing a current and cumulative harm, the omissions and acts were discontinuous in the sense that each had a beginning and an end, and each was capable of producing harm to plaintiffs. See, *Davis v. Bostick, 580 P.2d 544 (Or. 1978); Holdner v. Columbia County, 627 P.2d 4 (Or. App. 1981)*. The gist of plaintiffs' fact finding claim is that they are entitled to relief now for a series of wrongs, i.e., yearly fact-finding omissions and incorrect assurances, that they were harmed by each omission [*17] and act in the series, and continue to be harmed by defendants' failure to comply with federal Medicaid law. I find that plaintiffs are not entitled to revive the actionability of defendants' alleged fact finding omission and alleged incorrect assurance in 1986 by designating them as elements of one continuing procedural violation to date. However, evidence of a fact finding omission or incorrect assurance in 1986 may be admissible as to similar requirements related to the current plan if some connection is established, i.e., defendants' relied on their past assurance in omitting fact finding and making assurances as to the current plan, or for some other reason. Defendants' motion 9 is allowed.

*Motion 10*

Defendants move to strike count 1 because it fails to state a claim upon which relief can be granted. It is undisputed that in order for a participating state to provide care and services in conformity with applicable state and federal laws, it must design a plan which is (1) reasonable and adequate (2) to meet the costs which must be incurred for certain purposes by (3) economically and efficiently operated providers. *42 U.S.C. § 1396(a)(13)(A)*. In count 1, plaintiffs [*18] allege that they have a direct financial interest in the availability of

Case 3:04-cv-00152-JWS   Document 51-2   Filed 03/14/2006   Page 7 of 8

Page 5
1990 U.S. Dist. LEXIS 19766, *

reasonable and adequate Medicaid reimbursement (Complaint, #1 at PP5-7), that the current Oregon plan places multiple ceilings, caps, and other limits which result in unreasonable and inadequate reimbursement (Ibid. at P28), that the reimbursement system is based on providers' costs (Ibid. at PP24-27), that plaintiffs receive unreasonable and inadequate reimbursement (Ibid. at P32), and that Oregon's current plan is based solely on budget constraints in violation of federal law. (Ibid. at P35). I find that plaintiffs have failed to allege that defendants' conduct in designing Oregon's plan fell below the second and third standards set forth in 42 U.S.C. § 1396(a)(13)(A). Defendants' motion 10 is allowed.

*Motion 11*

Defendants move to strike count 2 because it fails to state a claim upon which relief can be granted. Count 2 alleges various failures to "undertake factfinding." 42 U.S.C. § 1396a(13)(A) requires that the "State find[s], and makes assurances satisfactory to the Secretary. . . ." 42 C.F.R. § 447.253 (a) and (b) requires a Medicaid agency to make assurances satisfactory to the [*19] federal agency that it has made findings concerning rates. Defendants argue that these requirements simply require that certain information be forwarded to HHS and does not require the Medicaid agency to "conduct fact finding." A state's failure to make factual findings which support the written assurances is enough, by itself, to invalidate a Medicaid plan. *Nebraska Health Care Ass'n v. Dunning, 778 F.2d 1291 (8th Cir. 1985),* cert. den., *479 U.S. 1063 (1987); AMISUB v. Colo. Dept. of Social Services, 879 F.2d 789 (10th Cir. 1989).* "There is a presumption that the state will engage in a bona fide finding process before it makes assurances to HCFA [the federal agency] that the required findings have been made. . . ." Id. I do not concur with the distinction made by defendants and find that an alleged failure to "conduct fact finding" states a proper claim.

In the alternative, defendants' argue that plaintiffs fail to allege that their conduct fell below the statutory requirements of *42 U.S.C. § 1396a(13)(A)*. Count 2 incorporates the same paragraphs listed in the preceding section of this order concerning count 1. They [*20] also allege that letters of assurances were submitted by an Oregon state official stating that Oregon "has found that the rates are reasonable and adequate to meet all the requirements of 42 C.F.R. § 447.253(b)(1)." That regulation requires findings that rates are reasonable and adequate to meet the costs that must be incurred by efficiently and economically operated providers. In addition, plaintiffs allege that defendants did not undertake the required fact finding to determine whether the rates were "reasonable and adequate to meet the requirements of federal law" (Complaint, #1 at P40). I find that plaintiffs have failed to allege an interest as efficient and economic providers entitling them to relief or that they have suffered by not being adequately and reasonably reimbursed for costs which must be incurred. Defendants Motion 11 is allowed on these grounds.

*Motion 12*

Defendants move to strike count 4 because it fails to state a claim upon which relief can be granted. Count 4 incorporates the same paragraphs listed above under motion 10. Plaintiffs also allege generally that rates are lower than those required by law. (Complaint, #1 at P57). However, they complain [*21] about the inadequacy of reimbursement based on actual costs with no allegations that such costs must be incurred. (Complaint, #1 at P58). For this reason, I find plaintiffs have failed to allege facts which describe a nonconforming plan and have thus failed to assert an actionable claim against defendants. Motion 12 is allowed.

*Motion 13*

Defendants move to strike the portion of the prayer requesting an injunction from the enforcement of "any similar Medicaid plan that fails to comply with applicable federal law and regulation." Fed. R. Civ. P. 65(d) requires that an injunction be "specific in its terms" and "describe in reasonable detail the act or acts sought to be restrained." An injunction against "any other similar plan" which may come into existence and does not conform to the federal Medicaid Act is vague and does not meet the specificity requirements of Fed. R. Civ. P. 65(d). Motion 13 is allowed.

CONCLUSION

Based on the above, the court enters the following orders concerning defendants' motions to dismiss and to strike (#13):

1. Motion 1 is denied.

2. Motion 2 is denied.

3. Motion 3 is denied.

4. Motion 4 is allowed.

5. Motion 5 is allowed.

6. Motion [*22] 6 is allowed.

7. Motion 7 is construed as a motion to make more definite and certain and is allowed.

8. Motion 8 is allowed.

9. Motion 9 is allowed.

10. Motion 10 is allowed.

11. Motion 11 is allowed.

12. Motion 12 is allowed.

13. Motion 13 is allowed.

DATED this 10th day of July, 1990.

Michael R. Hogan

UNITED STATES MAGISTRATE