DEBORAH M. SMITH
Acting United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
daniel.cooper@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CITY AND BOROUGH OF JUNEAU, ALASKA, d/b/a BARTLETT REGIONAL HOSPITAL,<br><br>Plaintiff,<br><br>vs.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION TEN, *et.al.*<br><br>Defendants. | Case No. 3:04-cv-152-JWS<br><br>OPPOSITION TO MOTION TO STRIKE |

City and Bureau of Juneau, Alaska, d/b/a Bartlett Regional Hospital

(Bartlett) filed a Motion to Strike the Deposition Testimony of Defendant

O'Connor [Docket 52]. This is the Opposition to that motion by Centers For Medicare and Medicaid Services, Region 10, *et.al.* (CMS).

1. <u>Introduction</u>. This case was commenced by Bartlett filing a complaint seeking a Writ of Mandamus.[1] Bartlett sought an order compelling CMS to roll back an approval of State Plan Amendment 01-002 so Bartlett could prevail in an action Bartlett had brought against the State of Alaska Medicaid program for a rate adjustment. CMS filed an answer and brought a Motion to Dismiss, arguing, inter alia, that the proper remedy for Bartlett, if any, was under the Administrative Procedures Act.[2] Bartlett filed a First Amended Complaint which alleged money damages, but only mentioned the APA in paragraph 1(d) without any additional factual or legal support.[3]

As set forth in the affidavit of counsel attached hereto, the parties agreed to take certain depositions in an attempt to find out exactly what CMS had received with respect to SPA 01-002, and when. This agreement occurred before Bartlett finally filed a complaint that set out a cause of action under APA, and indeed, all of the depositions took place before the Second Amended Complaint was filed in

---

[1] Docket 1.

[2] Docket 17.

[3] Docket 20.

December, 2005.[4] Because this new complaint alleged a theory under APA, D.Ak.L.R 16.3 was brought into play. Local Rule 16.3 sets out a briefing schedule and determines the course of the litigation.

The parties sought a scheduling conference to set out the schedule. Judge Singleton held the hearing, and the parties were able to agree to a schedule and propose an order, which Judge Singleton signed. The order provided dates for filing the principal pleadings, including a date for any motion to augment the record by the plaintiff.[5] In fact, Bartlett did file a motion to augment the record.[6] As explained below, CMS did not oppose the motion.

CMS filed its Opposition to Bartlett's Motion for Summary Judgment and Cross Motion for Summary Judgment. Attached as an Exhibit to the motion was an excerpt from the deposition testimony of Karen O'Connor, one of the named defendants. It is this evidence which Bartlett seeks to strike, and to keep from the court's consideration of the merits of their case.

2. Argument. Plaintiff has struggled to frame this case appropriately. That is, Bartlett has tried three times to plead it in a manner that allows judicial review.

---

[4] Docket 39.

[5] Docket 38, p. 2., ¶ 3.

[6] Docket 42.

Bartlett has finally settled on a cause of action under the Administrative Procedures Act. However, this is not a typical APA review of an agency action case because it really hinges on the agency's <u>failure</u> to act. Such cases seem to be rare, and the government has not found any similar cases reported.

As set out in the affidavit of counsel attached hereto, CMS agreed to engage in additional discovery, primarily depositions, in an attempt to flesh out the administrative record and to find out what happened. Of particular interest was a determination of why the agency failed to act on only one page out of three. Moreover, Bartlett was concerned that the page in issue had not been submitted to CMS in the original submission, but was added later.

When Bartlett filed its motion to augment the record, CMS and government counsel reviewed the motion. On contemplation, it seemed the better course and in the interests of justice to not oppose the motion because some of the documents might help the court in determining the case. Specifically, the documents, primarily in the form of testimony, placed certain events in context. However, it was also clear that the documents selected by Bartlett did not tell all of the story. That is, that to provide the court with a balanced view, additional testimony in the form of Karen O'Connor's deposition should be provided to the court.

Frankly, undersigned counsel did not believe that a separate motion to augment the record with O'Connor's testimony was required prior to filing the excerpt of her deposition. The scheduling order dealt with motions to augment the record by plaintiff, not the defendant. The record had already been augmented by Bartlett without opposition by CMS. The testimony was being filed with an <u>opposition</u> to a dispositive motion, and therefore Bartlett would have the opportunity to reply, and to submit any additional evidence they believed necessary to a full and complete review of the issue presented. Finally, it is O'Connor's later action, recognizing and admitting the legal consequences of CMS' inaction, of which Bartlett is complaining. O'Connor is the person responsible in CMS for the approval of SPA 01-002. It is appropriate that the court hear from her on the issues argued here.

CMS did not file the testimony of O'Connor in an attempt to seek unfair advantage in this case. It filed the testimony to present the other side of the story, to present the court with facts left unspoken by Bartlett. Without the testimony of O'Connor, the court is left in the dark on certain issues, or is so seriously misled as to be driven to only one conclusion. Thus, the court should be provided with this information.

The issue before the court now is whether there has been a procedural violation (failure to move to augment the record) and if so, the proper sanction. CMS submits that there has been no procedural violation because CMS was not directed to file a motion to augment and the evidence was presented in an opposition to which Bartlett had an opportunity to reply. Moreover, if there was a procedural violation, there was no harm because, once again, Bartlett had the opportunity to reply and rebut both the evidence and any argument flowing from the evidence.

Finally, the sanction sought is too severe. To exclude this evidence would deprive the court of relevant evidence. There are other sanctions available, including requiring CMS to file a motion explaining why the evidence should be considered and why it should be considered late. Or the court may wish to sanction the government's attorney for failing to file a motion to augment the record on a timely basis, leading to the motion to strike, resulting contretemps, and use of the court's time to address this matter instead of the issues of the case. In any event, given the range of other sanctions available, the court should not use the harshest sanction and deprive itself of factual information relevant to the disposition of the central issues in the case.

3. <u>Conclusion</u>. CMS submits that the information submitted did not violate the orders of the court, did not impede the disposition of this case or hinder justice, but was in fact congruent with the early agreement by the parties to conduct discovery to get to the facts surrounding the apparent failure by CMS to act in a timely fashion on SPA 01-002. The Motion to Strike should be denied. If the court finds that there was a procedural violation of any kind, the court should impose a less drastic sanction, thereby preserving the factual evidence appropriate to the just resolution of this matter.

RESPECTFULLY SUBMITTED on April 3, 2006.

DEBORAH M. SMITH
Acting United States Attorney

s/ Daniel R. Cooper, Jr.
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3376
Fax: (907) 271-2344
E-mail: Daniel.Cooper@usdoj.gov
AK #8211109

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2006,
a copy of the foregoing opposition to motion
to strike was served electronically
on Stephen D. Rose.

s/ Daniel R. Cooper, Jr.

Bartlett Hospital v Centers of Medicare, et.al.
3:04-cv-152-JKS                              7