DEBORAH M. SMITH
Acting United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
daniel.cooper@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CITY AND BOROUGH OF JUNEAU, ALASKA, d/b/a BARTLETT REGIONAL HOSPITAL,<br><br>    Plaintiff,<br><br>vs.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION TEN, *et.al.*<br><br>    Defendants. | Case No. 3:04-cv-152-JWS<br><br>AFFIDAVIT OF DANIEL R. COOPER, JR. IN SUPPORT OF OPPOSITION TO MOTION TO STRIKE |

DANIEL R. COOPER, JR. , being first duly sworn, on oath deposes and

says:

1. I am an Assistant U.S. Attorney with primary responsibility for the captioned case.

2. Fairly early in the case, the parties through counsel agreed to take certain depositions in an attempt to find out exactly what CMS had received with respect to SPA 01-002, and when. At that time, it was unclear to counsel if page 5 of SPA 01-002 was actually received by CMS in the original submission. Counsel for Bartlett expressed a very real concern that the document might have been omitted in the original submission, and sent in later.

3. This agreement to conduct discovery occurred before Bartlett filed a complaint that set out a cause of action under APA. At that time, the case and discovery was proceeding in an amicable manner, with both sides trying to discover the facts.

4. All of the depositions took place before the Second Amended Complaint was filed in December, 2005.

5. The new complaint alleged a theory under the APA, and therefore D.Ak.L.R 16.3 was brought into play. Local Rule 16.3 sets out a briefing schedule and determines the course of the litigation, including filing the record on appeal. The parties were not able to agree what should be in the certified record. The

problem was exacerbated because this case was not a typical APA case limited to a review of the record before the agency: the case deals with an omission, not an action, and there was no appeal to the agency itself. The government has not found any similar cases reported.

6. The parties sought a scheduling conference to set out the schedule pursuant to Local Rule 16.3. Judge Singleton held the hearing, and the parties were able to agree to a schedule and propose an order, which Judge Singleton signed. The order provided dates for filing the principal pleadings, including a date for any motion to augment the record by the plaintiff.

7. After Bartlett filed the Motion to Augment the Record, I reviewed the motion and the record. I believed that in this case, on these facts, it was in the interests of justice that the record be augmented. This was a change from my earlier position, and reflected a consideration of the authorities cited by Bartlett, but more importantly, that for the court to have a clearer picture of what had happened, the court itself may wish to look at testimony outside the original record. In essence, if the court was deprived a record that investigated the failure to act in the first instance, the court may wish to consider the evidence that the parties had discovered in their search for the truth of what had happened.

8. I did not believe that a separate motion to augment the record with O'Connor's testimony was required prior to filing the excerpt of her deposition for these reasons:

    a. The scheduling order dealt with motions to augment the record by plaintiff, not the defendant.

    b. The record had already been augmented by Bartlett without opposition by CMS.

    c. The testimony was being filed with an opposition to a dispositive motion, and therefore Bartlett would have the opportunity to reply and to submit any additional evidence they believed necessary to a full and complete review of the issue presented. Thus, Bartlett would have the opportunity to correct whatever they perceived as factual inaccuracies or unfair statements. I fully expected Bartlett to supplement or augment the record if they felt it necessary.

9. I did not file the testimony of O'Connor in an attempt to seek unfair advantage in this case, nor for the purposes of harassment or delay. I did not file the excerpt for the purpose of engaging in a discovery battle, or to waste the court's or opposing counsel's time in procedural disputes. If I had thought that

filing the excerpt would elicit the instant Motion to Strike, I would have filed a motion to augment the record to avoid this motion practice.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

RESPECTFULLY SUBMITTED on April 3, 2006.

s/ Daniel R. Cooper, Jr.
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3376
Fax: (907) 271-2344
E-mail: Daniel.Cooper@usdoj.gov
AK #8211109

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2006,
a copy of the foregoing Affidavit of
Daniel R. Cooper, Jr. in Support of
Opposition to Motion to Strike was served
electronically on Stephen D. Rose.

s/ Daniel R. Cooper, Jr.