Honorable John W. Sedwick

Stephen D. Rose
Dawn R. Kreysar
Preston Gates & Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
(206) 623-7580 (phone)
(206) 623-7022 (fax)
srose@prestongates.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CITY AND BOROUGH OF JUNEAU, ALASKA, d/b/a/ BARTLETT REGIONAL HOSPITAL,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION 10, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES OF AMERICA, R.J. RUFF, sued in his official capacity as the REGIONAL ADMINISTRATOR OF REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES, AND KAREN S. O'CONNOR, sued in her official capacity as ASSOCIATE REGIONAL ADMINISTRATOR, DIVISION OF MEDICAID & CHILDREN'S HEALTH, REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>　　　　　　　　　　　Defendants. | No.  3:04-cv-00152-JWS<br><br>PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STRIKE |

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO MOTION TO STRIKE - 1

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

The City and Borough of Juneau, Alaska, d/b/a Bartlett Regional Hospital ("Bartlett Hospital"), Plaintiff, now enters its Reply to Defendants' Opposition to Motion To Strike filed on April 3, 2006 (the "Opposition").

Defendants Opposition largely consists of a lengthy self-serving recitation their version of "the history" of the case. This recitation is incomplete and contains a number of inaccuracies, particularly with regard to characterizations of various documents filed in this case. Plaintiff, however, will not further waste this Court's time with a point-by-point rebuttal of Defendants' statements, since these matters are not relevant to the matter before this Court, and Plaintiff believes that the inaccuracies will be readily apparent to the Court upon review of the documents themselves and other proceedings held in this case.[1]

One has to go all the way to page 6 of the Opposition before Defendants finally state what they claim to be the issue before the Court: "whether there has been a procedural violation (failure to move to augment the record) and if so, the proper sanction."[2] While it is clear that there has been a procedural violation in this case, as Plaintiff sets forth below, Defendants mischaracterize the issue that is actually before the Court. Defendants try to frame this issue in terms of a "sanction" being imposed on them. In the context of the Motion before this Court, the Court is not being asked to impose any sanction but rather is being asked to take the appropriate procedural action of striking references to materials that are not part of the official Record on Appeal (ROA) in this case. Defendants have presented no arguments or legal authority supporting the proposition that D.Ak.L.R. 16.3 allows consideration of materials that have not been made part of the record in accordance with the

---

[1] For example, Judge Singleton's comments in the hearing held on November 28, 2005 make clear that he did not suffer from the same confusion regarding the nature of Plaintiff's claim set forth in the original complaint and in the First Amended Complaint that is reflected in Defendants' Opposition.

[2] Even if this were a case involving the application of a sanction, Defendants fail to set forth any applicable legal standards to be applied by the Court in determining the appropriate sanction to be imposed. Thus, there is no standard by which the Court is able to evaluate whether the "sanction sought is too severe" (Opposition, p. 6) and Plaintiff is unable to make a meaningful argument in this regard. Plaintiff would posit that the Court should consider, in addition to the totally unsubstantiated considerations set forth by Defendants, the fact that Defendants have taken no steps to remedy the violation by filing an appropriate motion and even were they to do so at this point, their delay is undue as further discussed below.

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO MOTION TO STRIKE - 2

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

procedure set forth in that Rule.  In that regard, the only citation Defendants make to any legal authority in their Opposition is to Local Rule 16.3.

It is clear that the procedure for augmenting the record set forth in D.Ak.L.R. 16.3(b)(2) is applicable to Defendants' attempt to introduce new materials for the Court's consideration in this matter. While it is true, as Defendants note on pages 3 and 5 of the Opposition, that the stipulated scheduling order in this case which Defendants drafted refers to the filing of a request to augment the record by the *plaintiff*, the order also indicates that *each party* has the right "to file any other appropriate motions."[3]  As Defendants' counsel has noted, as a result of the hearing held on November 28, 2005, Judge Singleton determined that the schedule for filings set forth in Local Rule 16.3 would be applicable to this case, as advocated strongly by Defendants' counsel, and ordered the parties to propose a scheduling order based on the application of such Local Rule.  The parties reached a stipulated scheduling order which was approved by Judge Singleton that same day.  The stipulated schedule incorporates the timeframes of Local Rule 16.3 and cites to appropriate provisions of the Local Rule in support of each filing listed therein, including a citation to Rule 16.3(b)(2) with regard to requests to augment the agency record.[4]  That subsection of the Rule is not limited to requests by any particular party but makes clear that *any request* to augment the record should be made by a deadline that is 15 days prior to the deadline imposed under subsection (c)(1) for the filing of plaintiff's motion for summary judgment.  The reasons behind the timeframe are clear since the plaintiff should be able to prepare its motion for summary judgment with the benefit of having before it all materials that constitute the official ROA in the case. Allowing materials to be added to the ROA at a later date deprive a plaintiff of the opportunity to present its case to the court in the most persuasive and coherent manner possible.  Such a practice would also upset the tightly prescribed timeframes established under Local Rule 16.3, since each subsequent belated attempt to augment the record would likely give rise to a motion by the other party to supplement the record in response, creating a

---

[3] Docket 38, p. 2-3.

[4] Docket 38, p. 2, ¶ 3.

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO MOTION TO STRIKE - 3

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

tiresome and wasteful cycle, and would likely lead to the need to begin from square one with the filing of dispositive motions that take into account the full ROA.

Defendants simply failed to file a timely motion to augment the administrative record. In fact, to date, Defendants have not filed anything requesting augmentation of the administrative record; no motion to augment the administrative record and no motion for leave to file such a motion belatedly. The appropriate time to do would have been in response to Plaintiff's motion to augment the record and prior to the date Plaintiff's motion for summary judgment was due. Defendants concede that upon their review of the documents included with Plaintiff's motion to augment the record, they determined that "additional testimony in the form of Karen O'Connor's deposition should be provided to the court." Opposition, p. 4. Defendants should have moved at that time to have Defendant O'Connor's testimony included in the ROA, giving Plaintiff the opportunity to have any issues relating thereto, including the need to introduce additional materials into the ROA in response, addressed prior to the filing of its motion for summary judgment.

Based on no cited legal authority and contrary to the provisions of governing Rule 16.3, Defendants determined that Defendant O'Connor's testimony could be filed with its opposition to Plaintiff's motion for summary judgment (the "SJ Opposition") and claim that they assumed that Plaintiff would similarly ignore the dictates of Rule 16.3 and submit additional materials along with its reply. This assumption was not a safe one given that the issue of including materials beyond the ROA and/or without resort to Rule 16.3 had already been dealt with by Judge Singleton before both the parties. Based upon Defendants' insistence that briefing in the matter be based only on the certified agency record and any augmentation thereof allowed by the Court under Rule 16.3, Judge Singleton determined that Rule 16.3 would apply in this matter. Thus, Plaintiff has complied with the Court's rulings and instructions to follow the dictates of Rule 16.3. Plaintiff simply asks that Defendants also be required to follow the rules and this Court only consider materials in this case that are properly before it under Rule 16.3.

As Defendants have not brought a motion to augment the record, the issue of whether the testimony of Defendant O'Connor meets the legal standards applicable to the granting of such motion has not been briefed by the parties for consideration by this Court. Plaintiff

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO MOTION TO STRIKE - 4

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

submits that the O'Connor testimony does not meet such standards.[5] As Plaintiff noted in its Motion To Strike (p. 2), under the very standards advanced by Defendants in their SJ Opposition, this testimony is not of the type that could have been made part of the ROA since it constitutes a post-hoc explanation of the agency's decision. *Accord Stein v. Barton,* 740 F. Supp. 743 (D. Alaska 1990). In brief, Defendant O'Connor's testimony is contradictory of the reasoning set forth in her decision letters, and, with regard to the Form HCFA-179 is a post-hoc explanation of the significance of such form. Defendant O'Connor was not in her current position at the time the HCFA-179 was acted on in this case and was not the agency decision-maker acting with regard to such Form. Further, Defendant O'Connor's post-hoc rationalizations are at odds with the testimony (which is in the ROA) provided by the CMS employees charged with the responsibility for making the decisions concerning the HCFA-1790 and who did actually process the State Plan Amendment at issue in this case. Thus, the decision letters of Defendant O'Connor included in the ROA are the materials that are proper for review by the Court under the applicable legal standards but her change of position and post-hoc rationalizations are not.

As Plaintiff has noted, the issue before the Court is clear. Defendant O'Connor's testimony is **not** part of the ROA. Since Defendant O'Connor's testimony is not part of the record of this case, it is not subject to consideration by the Court in its review of the agency's decision. Plaintiff therefore respectfully requests that the Court strike all references to, and conclusions based on, Defendant Karen S. O'Connor's deposition testimony included by Defendants in their SJ Opposition, and requests that the Court disregard the same in ruling on the parties' cross-motions for summary judgment.

---

[5] Plaintiff would note that if Defendant O'Connor's testimony is as central to determining the issues and assisting the Court in ferreting out the truth in this case as Defendants now appear to be claiming, Defendants should have included such testimony in the agency record which the Defendants certified and presented to the Court in the first instance. Nothing stated by Defendants in their opposition to Plaintiff's motion to strike excuses Defendants from having to comply with the rules advocated by them and adopted by the Court, nor does it resolve the situation in which the parties now find themselves, having fully briefed cross-motions for summary judgment, but faced with a potentially lengthy dispute about what should constitute the ROA in this case.

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO MOTION TO STRIKE - 5

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

DATED this 10th day of April, 2006.

        PRESTON GATES & ELLIS LLP

By: /s/ Stephen D. Rose
Stephen D. Rose, ABA #8901002
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 623-7580
Fax: (206) 623-7022
Email: srose@prestongates.com
Attorney for Plaintiff
Bartlett Regional Hospital

I hereby certify that on April 10, 2006, copies of the foregoing were served electronically on this Court and:

Daniel R. Cooper, Jr.
Asst. U.S. Attorney

daniel.cooper@usdoj.gov

/s/ Stephen D. Rose

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO MOTION TO STRIKE - 6

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022