UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CITY AND BOROUGH OF JUNEAU, d/b/a BARTLETT REGIONAL HOSPITAL,<br><br>             Plaintiff,<br><br>     vs.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION 10, UNITED STATES DEPT. OF HEALTH AND HUMAN SERVICES, UNITED STATES OF AMERICA, et al,<br><br>             Defendants. | 3:04-CV-00152 JWS<br><br>OPINION AND ORDER<br><br>[Re: Motion at doc. 52] |

## I.  MOTION PRESENTED

At docket 52, plaintiff moves for an order striking a transcript of deposition testimony filed by defendants in connection with the parties' cross-motions for summary judgment.  The motion at docket 52 has been fully briefed.  Oral argument has not been requested and would not assist the court.

## II.  BACKGROUND

This case has a relatively complex history.  The original complaint alleged that the action arose under 42 U.S.C. § 1396, et seq., and that jurisdiction was based on 28 U.S.C. § 1346(a)(2) "in that it is a civil action against the United States, and an agency of the United States" and 28 U.S.C. § 1361 "in that [it] is in the nature of a mandamus

action to compel [federal officials] to perform their duty."[1]  The complaint was filed on July 22, 2004.  Thereafter, the parties conducted written and deposition discovery.

Confronted with a motion to dismiss, on August 25, 2005, plaintiff moved for leave to amend its complaint.[2]  Judge Singleton, to whom the case was then assigned, explained the status of the litigation at that point in time:

> The City and Borough of Juneau in its capacity as the operator of the Bartlett Regional Hospital (the "Hospital") believes it has been insufficiently reimbursed in an amount exceeding $400,000 by the State of Alaska in connection with the Hospital's furnishing out-patient medical services funded by medicaid.  The State resists the Hospital's request for additional reimbursement in reliance on modifications to the State Medicaid Plan, which the Hospital contends were permitted by the United States in violation of law.  The Hospital therefore brings this action seeking a declaratory judgment and mandamus to force the United States to rescind its approval of the modifications [so the Hospital can recover the $400,000 from the State.] The United States . . .  moves to dismiss for lack of standing and alleges that the Hospital has failed to state a cause of action. The Hospital concedes [problems] and moves to amend its complaint.[3]

Treating the motion to dismiss as a motion to dismiss the complaint but not the action, Judge Singleton granted the motion to dismiss the original complaint, and also granted plaintiff's motion to amend.[4]  Reciting the same grounds for jurisdiction, the First Amended Complaint included the original claims for relief and added a claim seeking relief pursuant to the judicial review provision of the Administrative Procedure Act, 5 U.S.C. § 702 ("the APA claim").[5]

---

[1]Doc. 1, p. 2.

[2]Doc. 20.

[3]Order, doc. 27.

[4]*Id.*

[5]First Amended Complaint, doc. 28.

In response to the APA claim, defendant filed the administrative record.[6] However, Judge Singleton's order was unclear to the parties. Neither party was sure if the claims in the original complaint survived, or if the only claim that would go forward was the APA claim pled in the First Amended Complaint.[7] Were the matter to be treated as an administrative appeal under the APA, then the scheduling provisions of the local rule applicable to administrative appeals, D. Ak.LR 16.3, would apply unless otherwise ordered by the court. Recognizing this possibility and reacting to the fact that defendant had already filed the administrative record, plaintiff moved to stay the application of the local rule pending the outcome of the scheduling conference.[8] The stay was granted.[9]

Judge Singleton granted the request for a scheduling conference, which was held on November 28, 2005.[10] At the conference, it became evident that the case would proceed as an administrative appeal. Subsequent to the conference, and as urged by Judge Singleton, the parties filed a stipulated schedule. The agreed schedule required plaintiff to file a Second Amended Complaint containing the APA claim by December 13, 2005, and required plaintiff's motion to augment the administrative record pursuant to D.Ak.LR 16.3(b)(2) to be filed by December 28, 2005.[11] There was no suggestion in the schedule that defendant would move to augment the administrative record. Plaintiff timely filed both the Second Amended Complaint and a motion to augment the record. Judge Singleton granted the motion to augment the record.[12]

---

[6]Doc. 32.

[7]See defendant's motion at doc. 31 and plaintiff's response at doc. 34. The response was signed on November 8, 2005, but was not filed by the Clerk until November 14, 2005.

[8]Doc. 35.

[9]Doc. 36.

[10]Doc. 33.

[11]Doc. 38.

[12]Doc. 47.

### III.  DISCUSSION

    The motion to strike asks the court to strike "all references to, and conclusions based on, Defendant Karen S. O'Connor's deposition testimony included by Defendants in their Opposition, and asks the Court [to] disregard the same in ruling on the parties' cross-motions for summary judgment."[13]  The basis for the motion is that O'Connor's deposition is not part of the administrative record.  In response, defendant concedes that the O'Connor deposition is not in the record, but suggests that it is required to provide the court will a full understanding of the issues, and urges the court to impose a lesser "sanction" than exclusion of the deposition.

    Defendant errs in analyzing the issue as one involving sanctions.  The issue is what is properly before the court as the administrative record.  The applicable local rule is clear enough.  Unless otherwise ordered by the court, to expand an administrative record beyond the record filed by the agency, a motion to augment the record must be filed within 15 days after notice of the filing of the record.[14]  Here, the time for any motion to augment the record has long since run out, and defendant filed no motion seeking to augment the record.

    Given the factual background, the resolution of the motion to strike is controlled by the interplay between the local rule, the court approved schedule, and Federal Rule of Civil Procedure 6(b) which provides, that "[w]hen . . . an act is required or allowed to be done at or within a specified time, the court . . . may . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."  Here, defendant made no motion to supplement the record prior to the expiration of the time in which to do so, much less a motion supported by a showing of excusable neglect.  Rather, defendant has without authorization from the court unilaterally attempted to expand the administrative record to include the deposition of Ms. O'Connor.  Defendant did not comply with Rule 6(b).  It follows that the unilateral attempt to expand the record cannot be ineffective.  In

---

[13]Doc. 52, p. 2.

[14]D.Ak.LR 16.3(b)(2).

recognition of that fact, plaintiff's motion to strike the extra-record material will be granted.

## IV.  CONCLUSION

For the reasons above, the motion at docket 52 is **GRANTED**.  The deposition testimony of Karen S. O'Connor will not be considered in the court's disposition of the pending cross-motions for summary judgment.

DATED at Anchorage, Alaska this 19th day of June 2006.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE