UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| CITY AND BOROUGH OF JUNEAU, ALASKA, d/b/a BARTLETT REGIONAL HOSPITAL, )<br>)<br>) | | |
| Plaintiff, ) | 3:04-cv-00152 JWS | |
| ) | | |
| vs. ) | ORDER TO SHOW CAUSE | |
| ) | | |
| ) | [Re:   Motion at Docket 43] | |
| CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION 10; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES OF AMERICA; R.J. RUFF, in his official capacity as the REGIONAL ADMINISTRATOR OF REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; and KAREN S. O'CONNOR, in her official capacity as ASSOCIATE REGIONAL ADMINISTRATOR, DIVISION OF MEDICAID & CHILDREN'S HEALTH, REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | | |
| Defendants. ) | | |

Despite the parties' already-extensive briefing, it remains unclear whether the plaintiff, City and Borough of Juneau, Alaska, d/b/a Bartlett Regional Hospital

("Bartlett"), has standing to pursue its action. Bartlett brings a challenge under the federal Administrative Procedure Act ("APA") to defendants' approval of an amendment to the State of Alaska's state plan for medical assistance. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."[1] The Supreme Court has "interpreted [the APA] to impose a prudential standing requirement," besides the case or controversy requirement established by Article III of the Constitution.[2] The prudential requirement is that the interest of the person seeking review under the APA must fall within the "zone of interests to be protected or regulated by the statute ... in question."[3] The zone of interests is not determined "by reference to the overall purpose of the [relevant] Act ..., [but] '*by the statutory provision whose violation forms the legal basis for* [the] *complaint.*'"[4]

Temporarily putting aside the constitutional standing requirement, the court is concerned Bartlett has not satisfied the prudential requirement. The court's doubts are due to its lack of confidence that it fully grasps what statutory provision Bartlett is alleging that defendants violated. In the part of its complaint in which Bartlett discloses the "violation," it alleges that because "Alaska Medicaid failed to comply with the public notice requirements set forth in 42 C.F.R. § 447.205 and failed to provide assurances to [defendants] regarding the same in accordance with 42 C.F.R. § 447.253(h), [in approving Alaska's state plan amendment, d]efendants have acted ... contrary to law."[5] Notably, Bartlett does not say what law defendants broke.

---

[1] 5 U.S.C. § 702.

[2] *Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co.*, 522 U.S. 479, 488 (1998) (citing *Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150, 152 (1970)).

[3] *Id.* (quoting *Data Processing*, 397 U.S. at 157 n.2) (alteration in original).

[4] *Bennett v. Spear*, 520 U.S. 154, 175-76 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 883 (1990)) (emphasis in original).

[5] Doc. 39, p. 17 ¶ 41.

Some clues to this mystery may lurk in the portions of Bartlett's complaint which refer to 42 U.S.C. §§ 1316(a)(1), 1396a(a)(13) and (30), and 1396a(b).  Sections 1396a(a)(13) and (30) set forth provisions that must be included in a state plan, with (a)(13)(A) requiring a "public process for determination of rates of payment," and (a)(30) mandating "methods and procedures" that will "assure that payments are consistent with efficiency, economy, and quality of care."  Section 1396a(b) provides that defendants "shall approve any plan which fulfills the conditions specified in [Section 1396a(a)]," with one inapplicable exception.  Finally, under Section 1316(a)(1), "[w]henever a State plan is submitted to [defendants] by a State for approval ..., [they] shall, not later than 90 days after the date the plan is submitted ..., make a determination as to whether it conforms to the requirements for approval."

The first step of the prudential standing inquiry is for the court to decide whether Bartlett is alleging that defendants violated the cited statutory provisions.  This is how the court presently understands Bartlett's argument presented in its motion at docket 43: Bartlett stresses that Alaska did not comply with 42 C.F.R. §§ 447.205(a) and (c), which require that it disclose certain information to the public when it intends to change "its methods and standards for setting payment rates for services," and did not meet 42 C.F.R. §§ 447.253(a) and (h), which require that it assure defendants of its compliance with Sections 447.205(a) and (c).  Bartlett builds on those contentions by asserting that defendants violated 42 C.F.R. § 447.256(a)(2), which states that defendants will base their approval of Alaska's amendment on whether Alaska complied with Section 447.253, by not obtaining the assurances required under Section 447.253.[6] On its face the argument asserts violations of regulations, not statutes.

Perhaps the facially-regulatory argument is grounded in a statutory provision. One candidate seems to be Section 1396a(a)(13)(A) which requires that a state plan establish a "public process for determination of rates of payment."  Thus, the statute is similar to the regulations in that it contemplates that a state will notify the public about

---

[6]Doc. 43, pp. 16-20.

payment rates.  What is not clear, however, is whether the conduct complained of here could constitute a violation of the statutory provision, as opposed to the regulations.

Another possible statutory basis is Section 1316(a)(1).  That section requires defendants to "make a determination" about whether a state plan meets the requirements under Section 1396a within ninety days of its submission.  It could be argued that the regulations constitute defendants' interpretation of how they are to make that determination, and that their alleged failure to obtain the assurances required under the regulations amounts to a breach of their statutory duty.  On the other hand, it appears that a determination was timely made and that is all that is literally required by the statute.

Ultimately, Bartlett must convince the court its complaint is that defendants' conduct violated a statutory provision and not just regulations.  Because the court remains uncertain about that, Bartlett is hereby **ORDERED** to show cause to that effect.  The court realizes other issues also bear on standing, but Bartlett should confine its response to this aspect of the standing issue and should not repeat arguments already made.  Also, Bartlett may want to clarify a related point of confusion.  The statutory provisions it cites speak about state plans and not amendments to state plans.  At issue here is an amendment to a state plan, and so Bartlett may want to assure the court that the statutory provisions apply to amendments as well.[7]

Bartlett shall file its response to this order not later than **August 18**, **2006**.  Defendants may file a reply, and shall have until **August 25**, **2006**, to do so.  No additional briefing shall be filed unless requested by the court.

DATED at Anchorage, Alaska, this 10th day of August, 2006.

                         /s/
              JOHN W. SEDWICK
   UNITED STATES DISTRICT COURT JUDGE

---

[7] 42 U.S.C. § 1316(b) seems to suggest as much.