NELSON P. COHEN
United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
daniel.cooper@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CITY AND BOROUGH OF JUNEAU, ALASKA, d/b/a BARTLETT REGIONAL HOSPITAL,<br><br>  Plaintiff,<br><br>vs.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION TEN, *et.al.*<br><br>  Defendants. | Case No. 3:04-cv-152-JWS<br><br>**REPLY OF CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION TEN,** *et. al.,* **TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**<br>**[Docket 60]** |

The court directed the plaintiff to show cause why the complaint should not be dismissed because they have not shown standing to pursue this action.[1] The plaintiff has filed its response as ordered by the court.[2] This is the defendants' reply.

## ARGUMENT

In the Order to Show Cause, the court directed the plaintiff to "convince the court its complaint is that the defendants' conduct violated a *statutory* provision, and not just regulations."[3] The court suggested that the plaintiff may have been relying on one or both of two statutes: 42 U.S.C. § 1396a(a)(13)(A) and 42 U.S.C. § 1316(a)(1).[4] The defendants respectfully submit that the plaintiff's response to the court's Order to Show Cause fails to show that the defendants' conduct violated either of those two statues, or any other statute.

---

[1] Order to Show Cause, Docket 60, pp. 1 - 2.

[2] Plaintiff's Response to Order to Show Cause, Docket 61.

[3] Docket 60, p. 4.

[4] Id., pp. 3 - 4.

Bartlett Hospital v Centers of Medicare, et.al.
3:04-cv-152-JWS

I.  There was no violation of 42 U.S.C. § 1396a(a)(13)(A).

42 U.S.C. § 1396a(a)(13)(A) provides, in relevant part:

§ 1396a. State plans for medical assistance
  (a) Contents
    A State plan for medical assistance must--
   (13) provide–
    (A) for a public *process* for determination of rates of payment under the plan for hospital services, nursing facility services, and services of intermediate care facilities for the mentally retarded under which--
      (i) proposed rates, the methodologies underlying the establishment of such rates, and justifications for the proposed rates are published,
      (ii) providers, beneficiaries and their representatives, and other concerned State residents are given a reasonable opportunity for review and comment on the proposed rates, methodologies, and justifications,
      (iii) final rates, the methodologies underlying the establishment of such rates, and justifications for such final rates are published, and
      (iv) in the case of hospitals, such rates take into account (in a manner consistent with section 1923) the situation of hospitals which serve a disproportionate number of low-income patients with special needs; ...  (emphasis added).

Under the statute, the only requirement placed on CMS is to assure that each and every state plan has a *process* in the plan to accomplish the provisions set out in sections 13(A)(i) - (iv).  Bartlett has not claimed anywhere in its pleadings that the Alaska State Plan lacks the adequate *process*.  Bartlett claims only that the

State of Alaska failed to <u>follow</u> its own *process*. As CMS has previously submitted, Bartlett's complaint properly lies against the State of Alaska for violation of the process, not against CMS.[5] In short, Bartlett attempts to bootstrap a claim of misconduct by CMS on the misconduct of Alaska. That is, Bartlett's claim is that Alaska did not follow its process,[6] and then CMS failed to properly supervise Alaska to make sure Alaska's process was followed. But what Bartlett has not alleged and can not prove is that there is a statutory basis for supervision by CMS over Alaska's compliance with their own process.

The statute does not place on CMS the duty to assure that Alaska follows its own process, but only that the process is in place before a State Plan may be approved. That is the plain language of the statute. Moreover, Bartlett has not asserted reliance on any other statutory basis for prudential standing (other than 42 U.S.C. § 1316(a), discussed below). Thus, they have not shown cause why the court should not dismiss the complaint for failing to plead and prove prudential

---

[5] Opposition to Motion for Summary Judgment, Docket 41, pp. 22 - 23.

[6] The record is silent on whether the State Plan, as previously approved by CMS or its predecessor agencies, includes an appropriate process. That issue is not before the court. What Bartlett complains of is that the State, in the first instance, failed to follow its process.

Bartlett Hospital v Centers of Medicare, et.al.
3:04-cv-152-JWS

standing,[7] or a violation of this statue as required by 5 U.S.C. § 702.

To the extent Bartlett relies on Alaska Department of Health and Social Services v. Centers for Medicare and Medicaid Services, 423 F.3d 931 (9th Cir. 2005), such reliance is misplaced.  In that case, the State of Alaska sought a State Plan Amendment related to Tribal Health Facilities.  The SPA was denied, and the State appealed.  The Agency denied the appeal relying on 42 U.S.C. § 1396a(a)(30).  From this denial, the State sought judicial review.  It is crucial to note that the denial of the SPA was based not on § 1396a(a)(13), but on § 1396a(a)(30).  This is important because the appellate court explains that the repeal of the Boren Amendment related specifically to the former, and not the latter.

> While we agree that in repealing the Boren Amendment, as in enacting it, Congress sought to increase states' flexibility in ratesetting, this change did not eviscerate the Secretary's oversight role. During the Boren era, courts recognized that "the Secretary is obliged to ensure that each state complies with the statute by requesting data justifying an individual state's assurances when those assurances are suspect." ... Though we recognize that such assurances are no longer part of the regulatory scheme, nothing in the statutory history convinces us that the Secretary's oversight authority has changed, or that more flexibility than was originally intended under the

---

[7] National Credit Union Administration v. First National Bank and Trust Co., 522 U.S. 479, 488 (1998).

Bartlett Hospital v Centers of Medicare, et.al.
3:04-cv-152-JWS

> Boren Amendment was intended by its repeal. *In any event, its repeal, like its enactment, modified § 13(A) alone*; it effected no change to § 30(A). Moreover, the relevant language of § 30(A) remains unchanged since Orthopaedic Hospital, and thus our interpretation of its purpose, and the State's obligations thereunder, still holds. (emphasis added) (citations and footnote omitted).[8]

The court's analysis could not be clearer: the repeal of the Boren Amendment related specifically to § 1396a(a)(13), but not to § 1396a(a)(30). Therefore, the repeal of the Boren Amendment removes the obligation of CMS oversight of the rate making process by the State.[9] As a result of this controlling authority, Bartlett cannot look to 42 U.S.C. § 1396(a)(13) as providing a statutory basis for their APA claim. They have not met their prudential standing requirement, nor shown the violation of a statue as required by 5 U.S.C. § 702.

II.    There was no violation of 42 U.S.C. § 1316(a)(1).

42 U.S.C. § 1316(a)(1) requires the Secretary to approve a State Plan or

---

[8] Alaska Department of Health and Social Services v. Centers for Medicare and Medicaid Services, 423 F.3d 931, 941 (9th Cir. 2005), relying in part on Orthopaedic Hospital v. Belshe, 103 F.3d 1491 (9th Cir. 1997).

[9] See Evergreen Presbyterian Ministries Inc. v. Hood, 235 F.3d 908, 919 n. 12 (5th Cir.2000). In repealing the Boren Amendment, Congress intended that there be no "cause of action for [providers] relative to the adequacy of the rates they receive." (citing H.R.Rep. No. 105-149, at 1230 (1997)).

Bartlett Hospital v Centers of Medicare, et.al.
3:04-cv-152-JWS

State Plan Amendment that meets the statutory requirements. As the court noted in the Order to Show Cause, CMS did approve the SPA at issue in this law suit. Whether the SPA was approved by the passage of time under the regulations, or much later by the letter from CMS to the State, the SPA was, in fact and nonetheless, approved. Thus, there was no violation of this statute, and therefore no misconduct by CMS that would give rise to standing under 5 U.S.C. § 702.

 Bartlett should not be heard, in any event, to argue that there was a violation of this statute that would give rise to standing for them of any kind. A plain reading of this statute reveals that the statute exists solely for the benefit of CMS and the States. The issue of whether a plan is proper or improper within the meaning of the Act is reserved to the parties in interest and privity: the various States and CMS. Otherwise, CMS would have to litigate with every care provider and individual beneficiary who believed a plan improper, or improperly applied as to him or her. There is no room in this or any other portion of the statutory framework for litigation between entities or individuals and CMS over the <u>propriety</u> of a State Plan or a State Plan Amendment.

## CONCLUSION

Bartlett has not shown that it has prudential standing to pursue this action. CMS did not violate any statute that would give rise to a basis for review under the Administrative Procedures Act. The cause of action should be dismissed.

RESPECTFULLY SUBMITTED on August 24, 2006.

NELSON P. COHEN
United States Attorney

s/ Daniel R. Cooper, Jr.
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3376
Fax: (907) 271-2344
E-mail: Daniel.Cooper@usdoj.gov
AK #8211109

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2006,
a copy of the foregoing REPLY OF CENTERS
FOR MEDICARE AND MEDICAID SERVICES,
REGION TEN, *et. al.,* TO PLAINTIFF'S RESPONSE
TO ORDER TO SHOW CAUSE was served
electronically on Stephen D. Rose.

s/ Daniel R. Cooper, Jr.

Bartlett Hospital v Centers of Medicare, et.al.
3:04-cv-152-JWS