NELSON P. COHEN
United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
daniel.cooper@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CITY AND BOROUGH OF JUNEAU, ALASKA, d/b/a BARTLETT REGIONAL HOSPITAL,<br><br>         Plaintiff,<br><br>vs.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION TEN, *et.al.*<br><br>         Defendants. | Case No. 3:04-cv-00152-JWS<br><br>**MOTION FOR RECONSIDERATION OF OPINION AND ORDER FROM CHAMBERS [Docket 63] [Rule 59.1, D.Ak.L.R.]** |

The defendants, Centers for Medicare and Medicaid Services, Region Ten, *et. al*., move pursuant to Rule 59.1, D.Ak.L.R. for reconsideration of its Opinion and Order denying their Motion for Summary Judgment [Docket 63]. This motion is brought because the defendants believe the court has overlooked or misconstrued the law presented in the briefs, specifically the sole authority upon which the court relies to find that the plaintiff has standing to bring this action.

In its Discussion, the court concludes that Bartlett has "prudential standing" to bring this action.[1]  The court's conclusion accepts Bartlett's argument that they have "prudential" standing because they are within the "zone of interest of 42 U.S.C. § 1396a(b)."  The court relied upon *Independent Acceptance Co. v. California*[2] to decide this issue, even though Bartlett never relied upon or briefed the case.  However, *Independent Acceptance* does not control the case at bar because the law applied there was factually limited to a time period prior to the repeal of the Boren Amendment.  CMS submits that instead, *Independent Acceptance* compels the court to rule that, as the result of the repeal of the Boren Amendment, Bartlett has no standing to maintain this action.

The state plan amendments with which the courts were dealing in *Independent Acceptance* were 1990 plan amendments.  The first SPA was submitted on December 24, 1990.[3]  As the court there noted:

> **The Boren Amendment**, former 42 U.S.C. §  1396a(a)(13) (1994), **governed Medicaid payments for long-term care facility services during the period relevant to this appeal.**  [FN3]  It was enacted to "give the states more responsibility for and flexibility in determining reimbursement rates, in order to reduce rising Medicaid costs." (Citation omitted, emphasis added, footnote 3 set forth in full below).[4]

---

[1]  Opinion and Order, Docket 63, pp. 4 - 7.

[2]  *Independent Acceptance Co. v. California*, 204 F.3d 1247 (9th Cir. 2000).

[3]  *Independent Acceptance Company,* at 1250.

[4]  *Independent Acceptance Company,* at 1249.

The Ninth Circuit expressly acknowledged that the Boren Amendment was applicable "during the period relevant to this appeal." Footnote three explained this further:

> The Boren Amendment was later repealed by the Balanced Budget Act of 1997, Pub.L. No. 105-33, 111 Stat. 251, 507 § 4711(A) (codified at 42 U.S.C. § 1396a(a)(13)(A) (1997)). Because this litigation commenced prior to the repeal of the Boren Amendment, it governs here. (citation omitted).

Once again, the Ninth Circuit explicitly states that, first, the Boren Amendment was repealed after the action was commenced. Second, the Ninth Circuit stated that it must apply the law as it was prior to the repeal of the Boren Amendment because the action was commenced prior to the repeal. Thus, the Ninth Circuit in *Independent Acceptance* only had jurisdiction to review the proposed California amendments because the Boren Amendment had not yet been repealed, and was not repealed until seven years after the plan amendments were submitted. Here, the State of Alaska submitted its proposed plan amendments in 2001, four years *after* the repeal occurred in 1997. The Boren Amendment was no longer in effect when Bartlett commenced this action in 2004. The court in *Independent Acceptance Company* was required to use the law under the Boren Amendment. This court may not use that law, but must apply the law after the repeal of that Amendment.

As CMS has previously argued, evidence that Congress did not intend the Medicaid laws to confer jurisdiction on providers and beneficiaries is found in the legislative history underlying the 1997 amendment of 42 U.S.C. § 1396a(a)(13)(A). That amendment repealed the Boren Amendment and carried forward congressional intent "to free the states from federal regulation and increased rates *and to eliminate a basis for causes of action by providers to challenge*

*reimbursement rates*."[5]  Importantly, it was the House Committee's intention that following the 1997 amendment, neither sub-section 13(A) "'nor any other provision of [1396a] will be interpreted as establishing a cause of action for hospitals and nursing facilities relative to the adequacy of the rates they receive.'"[6]

With respect to the merits of Bartlett's motion, the court states at page 8 of its Opinion and Order:

> However, nowhere ... in the administrative record can the court find any evidence that Alaska gave CMS any assurance of any kind that it complied with the public notice provisions of 42 C.F.R. § 447.205.

Respectfully, the court misapprehends the issue: no assurances appear in the record because no assurances were requested.  42 C.F.R. § 447.205 does not require that the States provide assurances to CMS concerning public notice.  That provision only provides that public notice is required.  Indeed, evidence of such notice exist and reside, if at all, within the records of the State of Alaska, and the State is not a party to this litigation.  CMS records of the case, which form the basis for any review under the APA, will not include the records of any public notice issued by the State unless they are requested by CMS staff.  The absence of the State as a party points directly to one of the reasons for the repeal of the Boren Amendment: the States should litigate with their enrolled providers, and CMS should be limited to litigating with the States.  Otherwise, the courts will be facing incomplete administrative records, such as is the case here, if

---

[5] *Evergreen Presbyterian Ministries, Inc. v. Hood*, 235 F.3d 908, 919, n. 12 (5th Cir. 2000) (citing H.R. REP. No. 105-149, at 1230 (1997))(emphasis added); *see also Alaska Department of Health and Social Services v. Centers for Medicare and Medicaid Services*, 423 F.3d 931 (9th Cir. 2005).

[6] *Id.; In re NYAHSA Litigation*, 318 F.Supp.2d 30, 38-39 (N.D.N.Y. 2004).

providers and beneficiaries bring their disputes with the States into this court under the guise of review of an agency decision under the APA.

CMS respectfully requests the court reconsider its Opinion and Order in light of the above, and enter an order granting summary judgment in favor of CMS.

RESPECTFULLY SUBMITTED on October 4, 2006.

NELSON P. COHEN
United States Attorney

s/ Daniel R. Cooper, Jr.
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3376
Fax: (907) 271-2344
E-mail: Daniel.Cooper@usdoj.gov
AK #8211109

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2006,
a copy of the foregoing MOTION FOR
RECONSIDERATION OF OPINION
AND ORDER FROM CHAMBERS [Docket 63]
[Rule 59.1, D.Ak.L.R.] was served
electronically on Stephen D. Rose.

s/ Daniel R. Cooper, Jr.