

**DEPARTMENT OF HEALTH & HUMAN SERVICES**
Health Care Financing Administration

Center for Medicaid and State Operations
7500 Security Boulevard
Baltimore, MD 21244-1850

December 10, 1997

Dear State Medicaid Director:

This letter is one of a series that provides guidance on the implementation of the Balanced Budget Act of 1997 (BBA). Section 4711 of BBA repeals Sections 1902(a)(13)(A), (B), and (C) of the Social Security Act (the Act), requires states to implement a public process when changes in payment rates or payment methodologies are proposed, and applies to payments for items and services furnished on or after October 1, 1997. ( See Enclosure 1 for background on Section 4711 .)

Section 4711 of BBA replaced the Boren requirements with a new Section 1902(a)(13)(A) of the Act, which requires states to (a) use a public process for determining rates, (b) publish proposed and final rates, the methodologies underlying the rates, and justifications for the rates, and (c) give interested parties a reasonable opportunity for review and comment on the proposed rates, methodologies, and justifications. In the case of hospitals, such rates must take into account the situation of hospitals which serve a disproportionate number of low-income patients with special needs.

The intent of Section 4711 is to provide states with maximum possible flexibility, as well as to minimize HCFA's role in reviewing inpatient hospital and long-term care state plan amendments involving payment rate changes. HCFA would consider the state to be in compliance with this provision if it elected to use a general administrative process similar to the Federal Administrative Procedures Act that satisfies the requirements for a public process in developing and inviting comment in Section 4711. This will allow states the flexibility to follow current state public procedures. If a state's public process is not currently being applied to rate setting, or does not currently include a comment period, then the state would need to modify the process. ( See Enclosure 2 for public process options .)

The repeal of the Boren amendment cannot be interpreted to be retroactively effective; the Boren amendment still applies to payment for items and services furnished before October 1, 1997. Thus, inpatient hospital and long-term care state plan amendments that are currently pending approval by HCFA, including those where Boren requirement questions are the only outstanding issues, need to have these issues resolved before the amendments can be approved. However, we recognize that the intent in repealing the Boren amendment was to reduce HCFA's role in the institutional payment rate setting process and to increase state latitude in this area. In light of the less restrictive requirements now in place, HCFA is committed to working with states to expedite the resolution of outstanding Boren issues in existing pending amendments.

States that are not proposing changes in their payment methods and standards, or changes in rates for items and services furnished on or after October 1, 1997, need not immediately implement a BBA public process. States need only publish proposed rates, methodologies, and justifications prior to the proposed effective date of any changes in payment rates or payment methodologies. In other words, states are not required to subject their existing rates to a public process to the extent that those existing rates were validly determined in accordance with legal standards in effect prior to October 1, 1997. In the event changes are already underway, states are to submit the preprint page (or comparable language inserted elsewhere in the hospital and long-term care payment sections of the plan) with the next proposed amendment. ( See Enclosures 3 and 4 for preprint pages .) We envision a streamlined Federal review process due to the fact that state plan amendments previously submitted under the Boren requirements were subjected to a more rigorous statutory standard both in terms of Federal review of their substance and the review process itself.

Comments or questions regarding this letter may be directed to Marge Lee via e-mail at mlee1@hcfa.gov, or by phone at 410-786-4361. You may also submit them directly to your HCFA regional office contacts. We will all strive to provide you answers in a timely manner.

Sincerely,

/s/

Sally K. Richardson
Director
Center for Medicaid and State Operations

Enclosures

cc: Jennifer Baxendell  National Governors' Association
Joy Wilson  National Conference of State Legislatures
Lee Partridge  American Public Welfare Association
All HCFA Regional Administrators
All HCFA Associate Regional Administrators for Medicaid and State Operations

**EXHIBIT A**
**Page 1 of 3**

**Enclosure 1**

**Background on Section 4711**

Under prior law, the Boren amendment required states to pay hospitals and long-term care providers (nursing facilities and intermediate care facilities for the mentally retarded) rates that were "...reasonable and adequate to meet the costs which must be incurred by efficiently and economically operated facilities in order to provide care and services in conformity with applicable State and Federal laws, regulations, and quality and safety standards ...." States were required to find and make assurances satisfactory to the Secretary that their rates met those requirements and that individuals eligible for medical assistance had reasonable access to inpatient services of adequate quality. Additional assurances were also required.

As a result of the repeal of the Boren amendment, many of the Federal requirements related to the state plan amendment process for institutional reimbursement state plan amendments have been eliminated, with the intent of allowing greater state flexibility in setting payment rates. States no longer need to make annual findings that their payment rates are reasonable and adequate to meet the costs that must be incurred by efficiently and economically operated providers. In addition, for institutional reimbursement state plan amendments with proposed effective dates of October 1, 1997 and beyond, states are not required to submit assurances and related rate information to HCFA.

However, while the Boren-related requirements have been eliminated, a number of existing statutory and regulatory requirements which were the subject of assurances remain, even though the applicable assurances themselves are not required. These are:

- The plan needs to specify comprehensively the methods and standards used by the state agency to set payment rates (42 CFR 430.10 and 447.252),

- A state must provide that aggregate payments to each group of health care facilities do not exceed the amount that can reasonably be estimated would have been paid for those services under Medicare payment principles (42 CFR 447.272), and

- In establishing payment rates, states must still take into account the situation of hospitals which serve a disproportionate number of low-income patients with special needs, as this requirement was incorporated in the new law (1902(a)(13)(A)(iv)).

The Omnibus Budget Reconciliation Act of 1987 (OBRA 87) comprehensively revised the statutory authority that applies to nursing homes participating in Medicaid. This revision, often referred to as nursing home reform, responded to general concern about the quality of nursing home care paid for by the Medicaid and Medicare programs, as well as findings and recommendations of a 1986 Institute of Medicine report. The repeal of the Boren amendment eliminated the requirement that states provide an assurance that, effective October 1, 1990, their rates:

"take into account the costs of complying with subsections (b) (other than paragraph (3)(F) thereof), (c) and (d) of section 1919 and provide, in the case of a nursing facility with a waiver under section 1919(b)(4)(C)(ii) for an appropriate reduction to take into account the lower costs (if any) of the facility for nursing care."

However, states are still required to comply with all of the subsections of Section 1919 of the Act. The repeal of the Boren amendment has not relieved states of the responsibility of promoting quality of care for their beneficiaries served in nursing homes.

**Enclosure 2**

**Public Process Options**

States that do not use their existing administrative procedures to satisfy the public process requirements may use, at their option, one of the public processes established in the Federal Register for Section 1115 waiver demonstrations (see 59 FR 49250, September 27, 1994). This allows states the flexibility to design their public process based on examples of what we find acceptable. Options which HCFA considers acceptable and which states may elect to follow include:

- Hold one or more public hearings, at which the proposed rates, methodologies, and justifications are described and made available to the public, and time is provided during which comments can be received. Hold one or more additional public hearings, at which the final rates, methodologies, and justifications are described and made available to the public.

- Use a commission or similar process, where meetings are open to members of the public, in the development of proposed and final rates, methodologies, and justifications.

- Include notice of the intent to submit a state plan amendment in newspapers of general circulation, and provide a mechanism for members of the public to receive a copy of the proposed and final rates, methodologies, and justifications underlying the amendment, and an opportunity, which shall not be less than 30 days prior to the proposed effective date, to comment on the proposed rates, methodologies, and justifications.

- Include any other similar process for public input that would afford an interested party a reasonable opportunity to learn about the proposed and final rates, methodologies, and justifications, and to comment on the proposed rates, methodologies, and justifications.

Clarification of Public Process Requirements In Relation to Existing Public Notice Regulation Although we believe that Sections 1902(a)(4)(A) and 1902(a)(30) of the Act may authorize a separate Federal requirement for public notice, it would be unduly burdensome to continue to hold states to a separate Federal requirement for institutional services when all states are required to establish their own public process for determination of rates under BBA. HCFA believes that whatever public process states elect to implement which meets the requirements of the new 1902(a)(13)(A) will satisfy HCFA's general requirements on public notice at 42 CFR 447.205, provided that states publish their proposed rates, methodologies underlying the establishment of such rates, and justifications for the proposed rates prior to the effective date of new amendments.

Insofar as states are required to publish their proposed and final rates, methodologies, and justifications, HCFA interprets "published" to mean "made public," rather than a more narrow definition that would require states to issue an actual written publication to meet the new public process requirements. Therefore, states that elect to implement one of the first two options for a public process need not also publish a written public notice.

State Plan Preprints Since Federal law requires a public process for determining rates, and it is HCFA's intent to provide the maximum flexibility to states in developing that public process, the least burdensome way to accomplish that end is for states to submit a preprint page which becomes a part of the state plan and indicates that the state has in place a public process which meets the requirements of Section 4711 of BBA. Accordingly, we have attached two preprint pages, one each to be included in the inpatient hospital (4.19 A) and long-term care (4.19 D) sections of the Medicaid state plan.

**Enclosure 3**

Attachment 4.19 A

The State has in place a public process which complies with the requirements of Section 1902(a)(13)(A) of the Social Security Act.

Approval Date _____ Plan # _____

Effective Date _____ Supersedes Plan # _____

**Enclosure 4**

Attachment 4.19 D

The State has in place a public process which complies with the requirements of Section 1902(a)(13)(A) of the Social Security Act

Approval Date _____ Plan # _____

Effective Date _____ Supersedes Plan # _____