DEPARTMENT OF HEALTH & HUMAN SERVICES
Center for Medicare and Medicaid Services

cc NEAL

2001 JUL -5 AM 10: 51

Center for Medicaid and State Operations
RX-43
2201 Sixth Avenue
Seattle, Washington 98121

Neal
FYI

July 2, 2001

Mr. Bob Labbe, Director
Division of Medical Assistance
Department of Health and Social Services
Post Office Box 110660
Juneau, Alaska 99811-0660

Dear Mr. Labbe:

We have reviewed Alaska state plan amendment (SPA) transmittal number (TN) 01-003 which effective January 1, 2001, introduces a new reimbursement methodology (Basic Prospective Payment Rate Methodology) for inpatient acute hospitals not subject to the Optional Prospective Payment Rate Methodology for Small Facilities or the New Facility Prospective Payment Rate Methodology. The Basic Prospective Payment Rate Methodology replaces the current percent of charge payment system with a per diem payment rate. Inflation factors to adjust base year costs to the first year under the Basic Prospective Rate Methodology are set at specific levels. Rebasing will occur no less than every four years. Methods and standards applicable to the Optional Rate Methodology for Small Facilities and the New Facility Rate Methodology have been revised. The State has also replaced Year End Conformance with a new year-end review process and has added plan language in section XI on Disproportionate Share Hospital (DSH) payments for the BIPA 2000 provisions on including managed care days and revenues in determining DSH eligibility. We have the following questions:

Public Notice
Section 42 CFR 447.205(d)(1) requires that a state must publish notice of proposed changes to its Medicaid plan prior to the effective date of the State plan amendment. Since the proposed effective date of this plan is January 1, 2001, the State must have published notice prior to this date. Please provide us with the date of the published notice.

We also note that the BBA provisions which revised section 1902(a)(13)(A) require that the State must use a public process for determining rates for hospital services including publication of the proposed rates, methodologies and justification for the rates. In a letter dated September 10, 1997 to all State Medicaid Directors, HCFA indicated that whatever public process states elect to implement will satisfy the requirements at 42 CFR 447.205 as long as the establishment of such

EXHIBIT G
Page 1 of 3

Page 2 - Bob Labbe

rates, and justification for the proposed rates are published prior to the effective date of new amendments.

Please explain how this amendment has met the public process requirements at 1902(a)(13)(A) and the public notice requirements in 42 CFR 447.205.

Form HCFA 179

In section 7, the State did not disclose the Federal impact for Federal fiscal year (FFY) 2002. Also, is the Federal budget impact for FFY 2001 listed in section 7, $51,500 or $51.5 million. Please clarify.

In section 15, the submittal date is listed as September 30, 2000. We believe that this date is erroneous. Please authorize "pen & ink" changes to address these two items.

Methods and Standards

The State plan must include a comprehensive description of the methods and standards used to reimburse providers. The intent is that parties subject to such reimbursement understand the derivation of the reimbursement. Furthermore, since the State plan is the basis for Federal financial participation, it is important that the plan language be clear and unambiguous. This being the case, the State needs to clarify the following:

1. Section IVc, second paragraph, proposes changes in methods and standards for outpatient hospital reimbursement. Attachment 4.19-A is NOT the arena for these changes. Please authorize a "pen & ink" change to remove the references to outpatient payments.
2. Section V, allows the department to waive all or part of the year-end review adjustment calculated if the facility provides proof of manifest injustice . . . Please describe in the plan language what is meant by manifest injustice.

Upper Payment Limit

The state indicates in its state plan that it will pay incentive payments during the fiscal year to take into account the public hospitals' costs of clients who would otherwise be unable to readily access needed inpatient hospital service. Since this amendment begins in the middle of the state's fiscal year, these payments can only be made for services provided on or after the effective date of the state plan and may not exceed the upper payment limit calculated from January 1, 2001 to end of the state fiscal year. The upper payment limit must reflect the changes to 42 CFR 447.272 which took effect on March 13, 2001. These changes are adopted in a final rule published on January 12, 2001. The state should be asked to demonstrate that its upper payment limit analysis takes into account the January 12, 2001 final rule changes.

In accordance with our guidelines to all State Medicaid directors dated January 2, 2001, we request that you provide a formal response to this request for additional information no later than September 5, 2001. If you

Page 3 - Bob Labbe

do not provide us with a formal response by that date, we will conclude that the State has not established that the proposed State plan amendment is consistent with all statutory and regulatory requirements. Therefore we will initiate disapproval action on the amendment. In addition, because this amendment was submitted after January 2, 2001 and is effective on or after January 1, 2001, please be advised that we will continue to defer Federal financial participation (FFP) for state payments made in accordance with this amendment until it is approved. Upon approval, FFP will be available for the period beginning with the effective date through the date of actual approval.

If you have any questions, please contact Suzan Stecklein at (410) 786-3288.

Sincerely,

Robert Reed, Chief
Medicaid Branch
Center for Medicaid and State Operations

cc: Jack Nielsen

EXHIBIT G
Page 3 of 3