Honorable John W. Sedwick

Stephen D. Rose
Dawn R. Kreysar
Preston Gates & Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
(206) 623-7580 (phone)
(206) 623-7022 (fax)
srose@prestongates.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

CITY AND BOROUGH OF JUNEAU, ALASKA d/b/a BARTLETT REGIONAL HOSPITAL,

Plaintiff,

v.

CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION TEN *et al.*,

Defendants.

No. 3:04-cv-00152 JWS

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION OF OPINION AND ORDER FROM CHAMBERS [DOCKET 68]

## I. <u>INTRODUCTION</u>

Defendants represented to this Court that CMS approval of a State Plan Amendment could **only occur after CMS had received the State's assurances** that the State had complied with its duty to notify the public of any proposed amendment to the State Plan:

> CMS is not required to search out and scrutinize the content of a public notice before it can approve a proposed amendment to the State plan. The duty to

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION OF OPINION AND ORDER FROM CHAMBERS [DOCKET 68]; Case No. 3:04-cv-00152 JWS
Page 1 of 8

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

> notify the public rests with the State; **CMS approval is based on the State's assurances that it has sufficiently complied.** §447.256 (a)(2). (Emphasis added).

Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b)(6), at p. 7, filed July 14, 2005.

In a rather stunning reversal of position, Defendants now state that federal law ". . . does not require that the State provide assurances to CMS concerning public notice." Doc. 68 at p. 4.

As detailed more fully below, Defendants got it right the first time when they affirmatively represented to the Court in July of 2005 that CMS could approve a State Plan Amendment only **after** CMS had received the State's assurances that the State had complied with its duty to notify the public.

## II. STANDARD OF REVIEW

In a recent case, *Kenney v. Paderes*, 2002 WL 31863882 (D.Hawaii 2002), a copy of which is attached hereto as Exhibit A, the United States District Court for Hawaii set forth and applied the standard of review applicable in the Ninth Circuit with regard to consideration of motions for reconsideration:

> It is well settled in the Ninth Circuit that a successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See *Great Hawaiian Fin. Corp. v. Aiu, 116 F.R.D. 612, 616 (D. Haw. 1987),* rev'd on other grounds, *863 F.2d 617 (9th Cir. 1988).* Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. See id. The District of Hawaii has implemented these standards in LR 60.1.
>
> . . .
>
> Mere disagreement with a previous order is an insufficient basis for reconsideration. See *Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D.*

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

> *Haw. 1988).* Furthermore, reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. See All *Haw. Tours, Corp. v. Polynesian Cultural Ctr., 116 F.R.D. 645, 649-50 (D. Haw. 1987),* rev'd on other grounds, *855 F.2d 860 (9th Cir. 1988).*
>
> 2002 U.S. Dist. LEXIS 23819, pp. 1-2.

Applying this standard to the motion before it, the Court reached the following conclusion:

> Defendants rely on the same arguments and the same law raised before this Court in connection with the underlying Order. To the extent Defendants raise any new arguments, those arguments are waived. See, e.g., *Great Hawaiian, 116 F.R.D. at 617-18* ("A motion for reconsideration is an improper vehicle to tender new legal theories[.]") (citation omitted). The Court finds Defendants' arguments here are little more than a rehash of the same positions advanced in connection with Defendants' Motion for Summary Judgment, which the Court has already carefully considered and thoroughly analyzed. The Court finds, therefore, that Defendants have failed to supply a proper basis for reconsideration under *Fed. R. Civ. P. 60(b)* and LR 60.1.
>
> 2002 U.S. Dist. LEXIS 23819, p. 3.

As discussed below, Defendants' arguments in their Motion for Reconsideration present nothing more than a rehash of the same position Defendant already advanced to this Court. The motion for reconsideration should be denied`.

## III. <u>DISCUSSION</u>

Defendants first contest the Court's conclusion that Bartlett has " prudential standing" to bring this action. Their arguments in this regard hinge solely on the effect of the repeal of the Boren Amendment. These arguments have been previously raised by Defendants in their summary judgment filings (Doc. 48 at pp. 21-22) and in their reply to plaintiff's response to order to show cause (Doc. 62 at pp. 2-3) and were responded to by Plaintiff (Doc. 51 at pp. 12-13), and ultimately rejected by the Court. Doc. 63. The Court specifically addressed the impact of the repeal of the Boren Amendment on the validity of its reliance on *Independent*

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*Acceptance Company v. California*, 204 F.3d 1247 (9th Cir. 2000), to support its finding that Plaintiff has standing in this matter. Doc. 63 at pp. 6-7. The only argument that is conceivably new in this regard is that Defendants finally address the significance of this case having ignored it until now even though it was previously raised by the Plaintiff. [1] Defendants had ample opportunity throughout this case to argue that *Independent Acceptance* is no longer good law but chose not to address this case. Under the applicable standard of review for the Ninth Circuit, this argument is not properly presented in a motion for reconsideration and the Defendants have thus waived this argument. At any rate, the Defendants' argument has no legal merit, as briefly discussed below.

The *Independent Acceptance* case is laid out very logically. **Before** even mentioning the Boren Amendment the Court sets forth in detail the rules applicable to State Plan Amendments generally. 204 F.3d at 1249. Only then does the Court focus on the ***payment*** provisions of the Boren Amendment. *Id.* The Court's analysis shifts to the Boren Amendment because the Boren Amendment " . . . governed Medicaid ***payments*** for long-term care facilities during the period relevant to the appeal." (Emphasis added). *Id.* As noted above and as ruled upon by this Court, this case does **not** concern Medicaid ***payments*,** but rather concerns CMS' purported approval of a State Plan Amendment. Whether the Boren Amendments payment provisions were or were not in effect at any point in time is irrelevant to any issue presented in this appeal.

Supporting Bartlett's analysis is a recent case that involved both the potential intervenor in this case, the Alaska Department of Health and Social Services, and the

[1] Defendant states at Doc. 68 at p. 2, that "Bartlett never relied upon or briefed" the *Independent Acceptance* case. This is simply not an accurate statement. Bartlett relied upon and briefed this case in both its motion for summary judgment and in its reply to CMS' opposition to same, and as far back as in its opposition to Defendants' motion to dismiss filed August 25, 2006. *See, e.g.* Doc. 51 at pp. 9 (case specifically referenced in support of standing), 20, 22, 23, Doc. 46 at p. 20, and plaintiff's opposition to defendants' motion to dismiss at pp. 18-19.

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

defendant, CMS. In *Alaska Department of Health & Social Services v. Centers for Medicare and Medicaid Services,* 424 F. 3d 931, 941 (9th Cir. 2005), the Ninth Circuit explicitly rejected the argument now being presented to this Court by CMS and no doubt endorsed by the potential intervenor, State of Alaska in this case. Specifically, the Ninth Circuit held that the repeal of the Boren Amendment did not terminate CMS's oversight role to ensure that adequate assurances were received by CMS:

> The State attaches great significance to the repeal of the Boren Amendment, suggesting that Congress thereby intended "to terminate . . . judicial oversight" of reimbursement rates and "to remove any basis for cost-based review of provider reimbursement." While we agree that in repealing the Boren Amendment, as in enacting it, Congress sought to increase states' flexibility in ratesetting, this change did not eviscerate the Secretary's oversight role.

424 F. 3d at 941. The Secretary's oversight role is defined, in part, by 42 C.F.R. §447.205 and 42 C.F.R. §447.253(h).[2]

Defendants fail to cite to this Court any authority that even remotely indicates that the statutes relied upon by the court, 42 U.S.C. § 1396a(b), and regulations relied upon by the court, 42 C.F.R. §§ 447.205, 447.253, and 447.256, were also repealed when the Boren Amendment was repealed. Defendant will not be able to produce any such authority because the statutes and regulations relied upon by the Plaintiff and the Court remain valid.[3] Even the Defendants do not go so far as to suggest that 42 C.F.R. §447.205 and 42 C.F.R. §447.253(h) have been repealed or are no longer in effect. However, having tacitly acknowledged the validity of these federal regulations, Defendants offer no explanation of why they should be

---

[2] At one point in 1999, CMS proposed to amend its Medicaid regulations and significantly alter the notice and assurance requirements of 42 C.F.R. §447.205 and 447.253. 64 Fed. Reg. 54263 (Oct. 6, 1999). However, even these proposed amendments made it clear that amended 42 C.F.R. §447.205, if passed, would continue to apply to **non**-institutional issues. 64 Fed. Reg. 54263-64. These proposed amendments to the Medicaid regulations were never adopted and were eventually withdrawn in 2001. 66 Fed. Reg. 25471 (May 14, 2001).

[3] *See*, fn. 2, *infra.*

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

ignored.

The Court's decision is clear that CMS acted in an arbitrary and capricious manner by not complying with 42 U.S.C. §§ 1396a(b) and 1396a(a)(13)(A).[4] While Defendants spend much of their time misinterpreting §1396a(a)(13)(A), they never once mention §1396a(b) other than to note that the Court concluded that Bartlett Hospital was within the zone of interest of 42 U.S.C. §1396a(b).[5] Doc. 63 at p. 2. Defendants never explain whether or how the Court's reliance on 42 U.S.C. §1396a(b) is supposedly incorrect or misplaced.

Defendants now appear to contend that there is no requirement for assurances from the State Medicaid agency that they comply with the public notice requirements unless those assurances are "requested" by CMS. Doc. 68 at p. 4. Current 42 C.F.R. §447.253(a) requires the State to make assurances to CMS for all items listed in subsections (b) through (i) of the federal law. Paragraph (h), which is included within the paragraphs (b) through (i) noted in 42 C.F.R. §447.253, states that the Medicaid agency "must provide that it has complied with the public notice requirements in §447.205." Defendants' assert that "no assurances appear in the record because no assurances were requested" (Doc. 68 at p. 4). Rather than providing Defendants with a legal justification for their actions, this claim merely identifies Defendants' failure to comply with the applicable law, underscoring the conclusion reached by this Court that Defendants acted in an arbitrary and capricious manner by approving State Plan Amendment 01-002. It is not clear from Defendants' briefing how the phrase in 42 C.F.R. § 447.253 (a) which states "the Medicaid agency must make assurances to CMS" really means

---

[4] Although the Court did not reach it in its decision, Bartlett also relied upon other federal statutes such as 42 U.S.C. §§ 1316(a)(1) and 1396a(a)(30). Doc. 60 at p. 3.

[5] 42 U.S.C. §1396a(b) is the federal statute cited by the *Independent Acceptance* court as being applicable to State Plan Amendment Approval. *Independent Acceptance* at 1249.

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

that no assurances need be given to CMS unless CMS "requests" those assurances.

Defendants conclude by stating that any evidence of the State's supposed compliance with the notice requirements of federal law is somehow secreted away within the records of the State of Alaska and, since the State of Alaska is not a party to this case and CMS has never requested those files, those records remain a mystery and were apparently just not available for the last couple of years. Once again, Defendants miss the mark completely. What is contained in the State's files or not contained in the State's files is irrelevant to this case.[6] What is relevant are the State's assurances to CMS that it complied with the notice requirements. No assurances were ever given.

**CONCLUSION**

The Court's original decision is correct. Defendants motion for reconsideration fails to meet the applicable standard of review. The Court's conclusion in the *Kenney* case is equally applicable here:

> Defendants rely on the same arguments and the same law raised before this Court in connection with the underlying Order. To the extent Defendants raise any new arguments, those arguments are waived. See, e.g., *Great Hawaiian, 116 F.R.D. at 617-18* ("A motion for reconsideration is an improper vehicle to tender new legal theories[.]") (citation omitted). The Court finds Defendants' arguments here are little more than a rehash of the same positions advanced in connection with Defendants' Motion for Summary Judgment, which the Court has already carefully considered and thoroughly analyzed. The Court finds, therefore, that Defendants have failed to supply a proper basis for reconsideration . . . .
>
> 2002 WL 31863882, p. 2-3.

Further, to the extent any of the Defendants' arguments are "new," they had ample

[6] If there was anything of importance contained in the State's files, that critical information could have been reviewed and obtained by CMS when they deposed the State of Alaska State Plan Amendment Coordinator on August 24, 2005.

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

opportunity to make each of their arguments previously and provide no justification for failing to do so. Even were the Court now to accept Defendants' "new" legal positions regarding the issue of assurances, the Court would then be in a position to consider the many additional grounds identified by Bartlett for invalidating the Defendants' retroactive approval of State Plan Amendment 01-002, including but not limited to the fact that the State of Alaska withdrew page 5 from State Plan Amendment 01-002. AR 68.

DATED this 20th day of October, 2006.

PRESTON GATES & ELLIS LLP
Attorneys for Plaintiff

By: /s/ Stephen D. Rose
Stephen D. Rose, ABA #8901002
Preston Gates & Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
(206) 623-7580 (phone)
(206) 623-7022 (fax)
srose@prestongates.com

Certificate of Service

I hereby certify that on October 20, 2006, copies of the foregoing were served electronically on:

Daniel R. Cooper, Jr.
Asst. U.S. Attorney
daniel.cooper@usdoj.gov

/s/ Stephen D. Rose

K:\53742\00001\SDR\SDR_P207Y

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022