Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31863882 (D.Hawai'i)
(Cite as: Not Reported in F.Supp.2d)

Page 1

**H**
Briefs and Other Related Documents
Kenney v. PaderesD.Hawai'i,2002.Only the Westlaw citation is currently available.
United States District Court, D. Hawai'i.
Raymond E. KENNEY, Plaintiff,
v.
Dr. Sisar PADERES, M.D., Dr. Alan Taniguchi, M.D., Dr. Terrance Allen, M.D., Dr. Michael Lauer, M.D., Dr. Kenneth Zienkiewicz, M.D., and John Does 2-10 Defendants.
No. Civ. 00-00315 EMK.

Aug. 21, 2002.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ENTERED ON JULY 11, 2002
KURREN, Magistrate J.

*1 On July 11, 2002, this Court issued its Order Denying Defendants' Motion for Summary Judgment ("Order"). On July 19, 2002, Defendants' Dr. Sisar Paderes, Dr. Alan Taniguchi, Dr. Terrance Allen, Dr. Michael Lauer, and Dr. Kenneth Zienkiewicz (collectively "Defendants") filed the instant Motion for Reconsideration ("Motion") of the Order on the grounds of manifest error of law and fact. Plaintiff Raymond E. Kenney ("Plaintiff") filed an opposition memorandum on August 2, 2002, to which Defendants filed a reply memorandum on August 8, 2002. Pursuant to Local Rule ("LR") 7.2(e), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the Motion and supporting and opposing memoranda, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Reconsideration.

*STANDARD OF REVIEW*

The disposition of a motion for reconsideration is within the discretion of the district court and will not be reversed absent an abuse of discretion. *See Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir.1982).* There is a "compelling interest in the finality of judgments which should not be lightly disregarded." *Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir.1983).*

It is well settled in the Ninth Circuit that a successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Great Hawaiian Fin. Corp. v. Aiu, 116 F.R.D. 612, 616 (D.Haw.1987), rev'd on other grounds, 863 F.2d 617 (9th Cir.1988).* Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. *See id.* The District of Hawaii has implemented these standards in LR 60.1.[FN1]

FN1. LR 60.1 states:
Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
(a) Discovery of new material facts not previously available;
(b) Intervening change in law;
(c) Manifest error of law or fact.
*Id.*

Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp., 689 F.Supp. 1572 (D.Haw.1988).* Furthermore, reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See All Haw. Tours, Corp. v. Polynesian Cultural Ctr., 116 F.R.D. 645, 649-50 (D.Haw.1987), rev'd on other grounds, 855 F.2d 860 (9th Cir.1988).*

*DISCUSSION*

By the instant Motion, Defendants request that the Court modify its Order to delete certain statements which the Defendants maintain to be erroneous. Specifically, Defendants reference page 3 of the Order which states that Defendants "argu[ed] that their actions were a result of differences in opinion or, at the very most, negligence." Defendants also point to the following sentence on page 10 of the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT A
PAGE 1 OF 3

Not Reported in F.Supp.2d                                                                                      Page 2
Not Reported in F.Supp.2d, 2002 WL 31863882 (D.Hawai'i)
**(Cite as: Not Reported in F.Supp.2d)**

Order: "The prison doctors contend that any denial of lorazepam was a result of either a difference of opinion or mere negligence, neither of which are actionable."

*2 The Court agrees that Defendants have not conceded negligence, and insofar as the Order states that Defendants argued that their actions were negligent, it will be clarified.

Defendants' Motion further contends that the Court's Order misstates Plaintiff's condition through the following passage at pages 6-7: "Here, Kenney's condition causes him to shake violently, affecting his daily activities. Therefore, his medical need is serious under *McGuckin*. There is no disagreement among the parties that Kenney's condition is serious." Upon further review of Defendants' Motion for Summary Judgment, the Court finds that the parties do not agree that Kenney's condition is serious, and the Order will be modified as to this issue.

Defendants' Motion also asserts that the Court gave undue weight to the opinions of Plaintiff's expert witness, Anthony Mauro, M.D. It remains the Court's conclusion that Dr. Mauro's expert opinion, together with the record in this case, establish a genuine issue of material fact as to whether Defendants' actions constituted deliberate indifference.

Defendants' Motion further contends that the Court committed error by stating that Dr. Taniguchi concluded in his deposition that lorazepam was the "first line of defense." Upon review of Dr. Taniguchi's deposition, this Court finds that Dr. Taniguchi agreed that a beta blocker is his "first line of defense." (Taniguchi Depo. at 38:13-16). Thus, the Court's statement was incorrect insofar as lorazepam is a benzodiazepine, not a beta blocker. However, the Court finds that a genuine issue of material fact exists as to whether Dr. Taniguchi's decision to refuse lorazepam was potentially dangerous to Kenney's health. Dr. Mauro concluded the following:
... it would have been medically appropriate, in my opinion, to prescribe the lorazepam at the doses indicated by Mr. Kenney, awaiting subsequent confirmation or refutation, rather than to risk precipitating an acute withdrawal state.

(*See* Letter dated January 26, 2001 from Dr. Mauro to Jack Schweigert, Esq.). Defendants argue that Dr. Mauro abandoned this opinion, to which this Court disagrees. Although Dr. Mauro later opined that Kenney would not have suffered acute withdrawal from lorazepam on 10/9/96 based on his subsequent review of medical records, a question of fact exists as to whether Dr. Taniguchi's denial of lorazepam at the time Kenney was transferred to MCCC on 10/9/96 constitutes deliberate indifference. When Kenney was transferred from Maricopa County Jail in Phoenix to MCCC on 10/9/96, there was no confirmation that Kenney had been prescribed lorazepam by a health care provider. Dr. Mauro's opinion is that lorazepam should have been given to Kenney at least until his prescription could be confirmed.

Defendants' Motion also argues that the Court should not have considered the deposition transcripts of Dr. Allen and Dr. Lauer as they were not properly authenticated. This Court disagrees. A deposition is authenticated when it identifies the name of the deponent and includes the reporter's certification that the deposition is a true record of the deponent's testimony. *Orr v. Bank of America*, 285 F.3d 764, 774 (9th Cir.2002) (deposition transcript was not properly authenticated as it was missing the reporter's certification and the names of the deponent and action). *See also Beyene v. Coleman Security Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir.1988) (testimony was improperly authenticated because it was neither a certified copy nor a signed affidavit). Although the transcripts do not contain the reporter's signed certificate, the cover page of the deposition transcripts of both Dr. Allen and Dr. Lauer provide the name of the deponent, the case name and civil number, and indicates that it is a certified copy. (*See* Exhibits 6 and 9, attached to Plaintiff's Opposition to Defendants' Motion for Summary Judgment). Furthermore, by reviewing its contents, this Court is able to make the determination that the deposition transcripts are authenticated. Fed.R.Evid. 901(b)(4). Accordingly, it was not error for this Court to cite the deposition transcripts of Dr. Lauer and Dr. Allen in its Order.

*3 The remainder of Defendants' Motion asserts that Defendants' entries in Kenney's medical records, together with their depositions, show there is no question of fact. However, Defendants rely on the same arguments and the same law raised before this Court in connection with the underlying Order. To the extent Defendants raise any new arguments, those arguments are waived. *See, e.g., Great Hawaiian*, 116 F.R.D. at 617-18 ("A motion for reconsideration is an improper vehicle to tender new legal theories[.]") (citation omitted). The Court finds Defendants' arguments here are little more than a rehash of the same positions advanced in connection with Defendants' Motion for Summary Judgment,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 3
Not Reported in F.Supp.2d, 2002 WL 31863882 (D.Hawai'i)
**(Cite as: Not Reported in F.Supp.2d)**

which the Court has already carefully considered and thoroughly analyzed. The Court finds, therefore, that Defendants have failed to supply a proper basis for reconsideration under Fed.R.Civ.P. 60(b) and LR 60.1.

### CONCLUSION

Based on the foregoing, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' Motion for Reconsideration. The Court grants Defendants' Motion for Reconsideration to the extent that it will clarify the Order Denying Defendants' Summary Judgment, filed July 11, 2002, as discussed herein. The Court denies the remainder of Defendants' Motion for Reconsideration. The Court will file an Amended Order Denying Defendants' Motion for Summary Judgment consistent with the opinion reflected herein.

IT IS SO ORDERED.

D.Hawai'i,2002.
Kenney v. Paderes
Not Reported in F.Supp.2d, 2002 WL 31863882 (D.Hawai'i)

Briefs and Other Related Documents (Back to top)

• 1:00CV00315 (Docket) (May. 01, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT A
PAGE 3 OF 3