Page 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CITY AND BOROUGH OF JUNEAU, )
ALASKA, d/b/a BARTLETT )
REGIONAL HOSPITAL, )
　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff, )
vs. )
　　　　　　　　　　　　　　　　)
CENTER FOR MEDICARE AND )
MEDICAID SERVICES, REGION 10, )
UNITED STATES DEPARTMENT OF )
HEALTH AND HUMAN SERVICES, )
UNITED STATES OF AMERICA, JOHN )
HAMMARLUND, sued in his )
official capacity as the )
ACTING REGIONAL ADMINISTRATOR )
OF REGION 10 FOR THE CENTER )
FOR MEDICARE AND MEDICAID )
SERVICES, and KAREN S. )
O'CONNOR, sued in her official )
capacity as ASSOCIATE REGIONAL )
ADMINISTRATOR, DIVISION OF )
MEDICAID & CHILDREN'S HEALTH, )
REGION 10 FOR THE CENTER FOR )
MEDICARE AND MEDICAID )
SERVICES, )
　　　　　　　Defendants. )
_____)

Case No. A04-0152 CV (JKS)

DEPOSITION OF MICHELLE LYONS-BROWN
Pages 1 through 121, Inclusive
Taken: Wednesday, August 24, 2005
Place: Juneau, Alaska

Exhibit 2
page 1 of 5

Michelle Lyons-Brown * 8-24-2005
CBJ v. CMS * A04-0152 CV (JKS)

Page 2

1  Deposition of MICHELLE LYONS-BROWN
2
3
4              INDEX OF EXAMINATIONS
5                                                    PAGE
6
7  Examination by Mr. Cooper                          5
8  Examination by Mr. Rose                           50
9  Further Examination by Mr. Cooper                109
10 Further Examination by Mr. Rose                  116
11
12
              INDEX OF EXHIBITS
13 NO.                                               PAGE
14
   Exhibit 1  6/29/01 letter from Ms. Trimble        29
15            to Mr. Labbe
16 Exhibit 2  E-mail series beginning with           33
              4/4/01, Knapp/Hayashi
17
   Exhibit 3  SPA Approval Chronology for Alaska     35
18            SPA 01-002
19 Exhibit 4  3/30/01 letter from Mr. Labbe to       61
              Mr. Reed
20
   Exhibit 5  E-mail series beginning with           72
21            4/2/01, Knapp/Kutchins
22 Exhibit 6  E-mail series beginning with           77
              4/10/01, Knapp/Hayashi
23
   Exhibit 7  6/26/01 letter from Mr. Labbe to       81
24            Mr. Reed
25

Exhibit 2
page 2 of 5

Glacier Stenographic Reporters Inc.
glaciersteno@gci.net * 907.789.9028

Michelle Lyons-Brown * 8-24-2005
CBJ v. CMS * A04-0152 CV (JKS)

Page 3

INDEX OF EXHIBITS
NO.                                          PAGE

Exhibit 8  6/29/01 letter from Ms. Trimble to  92
          Mr. Labbe

Exhibit 9  11/19/01 e-mail, Price/Knapp,       94
          with attachments

Exhibit 10 E-mail series beginning with        98
          6/30/03, Fico/Lyons-Brown

Exhibit 11 4/14/03 e-mail, O'Connor/Fico       100

Exhibit 12 8/25/03 letter from Ms. O'Connor    104
          to Mr. Labbe

Exhibit 13 TN No. 03-04                        115

Page 4

APPEARANCES:
For the Plaintiff:    ROSE HEALTH LAW GROUP
                      Stephen D. Rose, Esq.
                      P.O. Box 13110
                      Mill Creek, WA  98012

For the Defendants:   U.S. DEPARTMENT OF JUSTICE
                      Daniel R. Cooper Jr., Esq.
                      222 West 7th Ave. #9, Rm. 253
                      Anchorage, AK  99513-7567

For the Deponent:     ATTORNEY GENERAL'S OFFICE
                      Kelly E. Henriksen, Esq.
                      P.O. Box 110300
                      Juneau, AK  99811

BE IT REMEMBERED that, pursuant to Notice of Taking Deposition, and beginning on Wednesday, the 24th day of August, 2005, commencing at the hour of 9:00 a.m. thereof, in the Orca Room, Frontier Suites Airport Hotel, located at 9400 Glacier Highway, Juneau, Alaska, before me, LYNDA BATCHELOR BARKER, Registered Diplomate Reporter and Notary Public in and for the State of Alaska, personally appeared:

            MICHELLE LYONS-BROWN

Called as a witness by the defendants, who was thereafter examined and interrogated as hereinafter set forth.

Page 5

               WEDNESDAY, AUGUST 24, 2005
                  JUNEAU, ALASKA
                    9:00 A.M.

          THE REPORTER: I'll now swear you in. Would you raise your right hand for me, please?
          (Oath administered)
          THE WITNESS: I do.

          MICHELLE LYONS-BROWN

having been first duly sworn by the court reporter to tell the truth, the whole truth, and nothing but the truth, testified as follows:

               EXAMINATION

BY MR. COOPER:
    Q.  Thank you, ma'am. For the record, would you please say your full name and spell your last name?
    A.  My name is Michelle Lyons-Brown, the last name is spelled L-Y-O-N-S hyphen B-R-O-W-N.
    Q.  Do you have a telephone number where we can reach you in case we need to talk to you about

Page 6

this deposition?
    A.  It's (907) 465-5828.
    Q.  Ma'am, by whom are you employed?
    A.  The State of Alaska Department of Health and Social Services.
    Q.  In what capacity, currently?
    A.  I am the Medicaid state plan coordinator.
    Q.  When did you first assume those duties?
    A.  On April 22nd, 2002.
    Q.  So a little over three years?
    A.  Uh-huh.
    Q.  One of the things I need to tell you is that, because this is being recorded electronically, you have to say "yes" or "no," okay?
    A.  Okay.
    Q.  Verbal responses are required. Do you understand that?
    A.  Yes.
    Q.  All right. You and I you met yesterday with your lawyer, Ms. Henriksen; is that correct?
    A.  Yes.
    Q.  All right. And just to go over a few of the ground rules, once again, you understand that this is not an endurance contest, so if, at any




Michelle Lyons-Brown * 8-24-2005
CBJ v. CMS * A04-0152 CV (JKS)

### Page 23

1  didn't appear to be the same page.
2  Q. You had a different page in the official
3  state plan than they had in the plan of the Office
4  of Rate Review?
5  A. Their copy of it.
6  Q. How did that come to your attention?
7  A. I was gathering research for a rate
8  appeal to send up there.
9  Q. Who were the parties to the rate appeal,
10 if you know?
11 A. Bartlett Regional Hospital, I believe.
12 Q. That's located here in Juneau, Alaska?
13 A. Yes.
14 Q. Before we go down that rabbit track, you
15 mentioned a 4.19-B. What is 4.19-B?
16 A. It covers all the methodologies for
17 noninstitutional reimbursements.
18 Q. And 4.19-A?
19 A. Is for institutional reimbursements.
20 Q. And just so our record is clear, when we
21 say "4.19," it's four-decimal-point-one-nine; is
22 that correct?
23 A. Yes.
24 Q. Those are attachments to the state plan
25 or a portion of the state plan?

### Page 24

1  A. Actually, the correct terminology for
2  this particular portion of the state plan is
3  Attachment 4.19-A. It references Section 4.19 of
4  the actual state plan. The state plan has
5  preprinted pages that offer assurances and they are
6  kind of boilerplate, and then the rest of the detail
7  is in the attachments.
8  Q. The details are in the attachments?
9  A. Yes.
10 Q. And that's where, if I'm a hospital, I
11 go to look to see how much I'm going to be
12 reimbursed, is that right, is over here in the
13 attachments?
14 A. Well, yes, you would, if you were
15 interested in looking at the state plan.
16 Methodologies are also outlined in regulation, which
17 is a more common place to look for providers.
18 Q. Now, this discrepancy that you
19 identified between your book and the book in the
20 Office of Rate Review, would that have to do with a
21 page 5 or a page 6 of 4.19-B on a transmittal 01-002
22 from the State of Alaska?
23 A. Yes, it would.
24 Q. When you found this, were you somewhat
25 surprised that there was a discrepancy between your

### Page 25

1  Office official book and the Office of Rate Review
2  book?
3  A. Not initially. And the reason is, when
4  I took the job, I did a little bit of work initially
5  to help different agencies who were maintaining
6  different copies, mainly the former Division of
7  Medical Assistance and the Office of Rate Review. I
8  think it was the Medicaid Rate Commission at that
9  time. There were a couple other copies out there as
10 well, where people were commenting, workers were
11 commenting that they weren't sure that they had the
12 accurate edition. Because when state plan
13 amendments come out and they are distributed, some
14 folks didn't have confidence, particularly in
15 Medical Assistance, because there were, like, five
16 or six copies over there. They didn't have
17 confidence that perhaps the plan had been amended
18 correctly or, you know, the pages got put in, the
19 right pages got taken out. There was some concern
20 about that. So initially, no, I wasn't.
21 Q. So there was kind of a concern that
22 people weren't updating their copy of the state plan
23 properly, or they didn't have all the information?
24 A. Correct. And my initial thought was
25 that maybe that was the problem.

### Page 26

1  Q. Could you tell us what steps, if any,
2  you took to kind of try and clean that up? For
3  instance, did you say to everybody, "Send me your
4  book," or "Destroy your book and I'll send you a
5  copy of mine"? What did you do?
6  A. I offered to do that, but prior to doing
7  that, because that's a little labor intensive, I
8  asked for the particular page to be sent or faxed to
9  me. I don't remember. And I also -- knowing what
10 the transmittal number was, I could go back and
11 collect the file and take a look at that. So that's
12 usually where I would start anytime somebody asked
13 about a discrepancy.
14 Q. 01-002, the one that we are concerned
15 about here, when you got this information that there
16 might be a difference, what did you do? Do you
17 recall?
18 A. I went to the -- I'm sorry. Can you ask
19 that question again?
20 Q. I can try. When you got the information
21 that there was a discrepancy in this plan -- one
22 page in this plan, 01-002 -- what did you do? Did
23 you go to your file and --
24 A. I did go to the file, and I did ask
25 Julia to -- it might have been Mark Ormasen with the

Michelle Lyons-Brown * 8-24-2005
CBJ v. CMS * A04-0152 CV (JKS)

## Page 119

```
             A F F I D A V I T

S T A T E   O F   A L A S K A   )
                                 ) ss.
FIRST JUDICIAL DISTRICT          )

   I have read my within deposition, and the same is true
and correct save and except any CORRECTIONS as noted on
the CORRECTIONS PAGE immediately following, attached hereto
and made part of this deposition transcript.


                         _____
                              MICHELLE LYONS-BROWN


         SIGNED AND SWORN TO before me this
   _____ day of _____, 2005.

                         _____
                              Notary Public.
                              My commission expires:
                              _____
```

## Page 120

```
             C O R R E C T I O N S

   Pursuant to Rule 30(e) of the Alaska Rules of Civil
Procedure, upon review of your deposition, you are
entitled to indicate changes or corrections to be
included and made a part of the original deposition.
Please make all changes or corrections on this sheet,
showing page and line numbers, the change or
correction and reason for said change or correction.
Use additional sheets if necessary, sign each one at
the bottom, and include them with this transcript.
If there are no corrections, please write on this
sheet "None," and sign at the bottom.

PAGE    LINE       CHANGE/CORRECTION and REASON
____    ____       _____
...
                              Signature here and notarized
                              Signature on "Affidavit"
```

## Page 121

```
             C E R T I F I C A T E

S T A T E   O F   A L A S K A   )
                                 ) ss.
FIRST JUDICIAL DISTRICT          )

   I, LYNDA BATCHELOR BARKER, Registered Professional
Reporter and Notary Public duly commissioned and qualified
in and for the State of Alaska, do hereby certify that the
foregoing proceedings were taken stenographically before
me and thereafter reduced to typewriting by me or at my
direction;
   That each witness, if any, before examination was
first duly sworn by me to testify truthfully; that the
transcript of the proceedings is a full, true, and correct
transcript of the testimony, including questions, answers,
objections, statements, motions, and exceptions made and
taken at the time of the foregoing proceedings.
   That all documents and/or things marked for
identification as exhibits to the proceedings have been
annexed to and included with said proceedings, unless
orally waived by the witness and the respective counsel.
   That I am not a relative or employee or attorney
or counsel of any of the parties in these proceedings,
nor a relative or employee of such attorney or counsel,
and that I am not financially interested in said
proceedings or the outcome thereof.
   IN WITNESS WHEREOF, I have set my hand and
affixed my Notarial Seal this 31st day of
August, 2005.


                         _____
                         LYNDA BATCHELOR BARKER, RDR,
                         Notary Public for Alaska.
                         My Commission expires:  5/6/08
```

Exhibit 2
page 5 of 5