MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

**CITY AND BOROUGH OF JUNEAU**     v.     **CENTERS FOR MEDICARE AND**
**d/b/a BARTLETT REGIONAL HOSPITAL**           **SERVICES, REGION 10,** *et al.*

THE HONORABLE JOHN W. SEDWICK          CASE NO. 3:04-cv-00152 JWS

PROCEEDINGS:     **ORDER FROM CHAMBERS**          Date:  November 6, 2006

_____

      On October 6, 2006, at docket 69, the State of Alaska moved to intervene in this action.  The State's motion comes remarkably late.  The complaint was filed on July 22, 2004, and it was filed in response to developments in a state administrative proceeding to which the State was a party.  That administrative proceeding itself had been commenced in 2003, and was eventually stayed in 2005 for the purpose of allowing plaintiff to resolve the dispute framed by the pleadings in this case.  It is clear that the State has known about the case at bar for a very long time, but took no action to defend its view of the issues being litigated.  It was not until after the court decided the merits of the case on summary judgment that the State acted.  Indeed, but for the fact that the federal defendants filed a motion for reconsideration on October 4, 2006, (which was recently denied), a judgment would have been entered in this case by October 6, 2006.

      The State would excuse its dilatory behavior on the grounds that for a considerable period of time, the federal defendants had been successful in beating back the challenge presented by plaintiff on standing grounds.  However, that does not provide an adequate excuse for ignoring the litigation when the State knew the outcome was of central importance to the stayed administrative proceeding.  Either the State judged its interests to be adequately protected by the federal defendants or it did not.  A party cannot take the position that its interests are adequately protected so long as those interests are winning, and then when the tide turns step in at the eleventh hour asking the court to start all over again.  At the latest, the time to intervene was when plaintiff filed its ultimately successful motion for summary judgment back in January of 2006.

      The motion to intervene at docket 69 is **DENIED** as untimely.

      The Clerk will please enter judgment for plaintiff in the form previously approved, but not entered because of the filing of the motion for reconsideration.

_____