CRAIG J. TILLERY
ACTING ATTORNEY GENERAL
Susan Daniels
Assistant Attorney General
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5178
Fax: (907) 258-4978
Susan_Daniels@law.state.ak.us

Attorney for the State of Alaska

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CITY and BOROUGH OF JUNEAU, ALASKA, d/b/a BARTLETT REGIONAL HOSPITAL,<br><br>        Plaintiff,<br><br>vs.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION 10; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES OF AMERICA; R.J. RUFF, in his official capacity as REGIONAL ADMINISTRATOR OF REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; and KAREN S. O'CONNOR, in her official capacity as ASSOCIATE REGIONAL ADMINISTRATOR, DIVISION OF MEDICAID & CHILDREN'S HEALTH, REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>        Defendants. | Case No. 3:04-cv-152 JWS<br><br>STATE OF ALASKA'S MEMORANDUM IN SUPPORT OF POST JUDGMENT LIMITED MOTION TO INTERVENE AS A DEFENDANT |

## I.   INTRODUCTION

The State of Alaska ("State") moves to intervene in this action for the limited purpose of appeal under Federal Rule of Civil Procedure 24(a)(2), or, in the alternative, under Rule 24(b)(2). The State files this second motion to intervene on a limited basis, to file an appeal of the court's November 6, 2006 decision declaring a portion of the State Plan invalid.

The State initially moved to Intervene [Docket 69] in order to put important documents in the record to show that the State did follow applicable notice regulations in enacting its rate methodology, rate setting and plan submittal. The Court denied the State's motion stating it was not timely.

At this time, the State moves for Intervention on a limited basis to appeal the district court's November 6, 2006 judgment. Because the time for appeal has not yet run, this motion is timely.

### *Relevant Facts*

The State was not a party to this action even though its actions became a central part of the court's decision that CMS abused its discretion in approving the State Plan. The State did not move to intervene earlier because it was not aware that its interests were not being adequately protected by CMS until the court decided the case on summary judgment in favor of Bartlett Hospital with some harsh comments regarding the State's actions in the plan approval process. The State then moved to intervene but its

motion was denied as untimely. Based on *U.S. v. State of Washington*, 86 F.3d 1499, 1506. (1996), where the court stated that even if a party did not intend to appeal the denial of its first motion to intervene, a party should seek intervention to protect its right to appeal, the State moves to intervene at this time to protect its right to appeal.

## ARGUMENT

### A.   The State of Alaska is Entitled to Intervene as a Matter of Right Under Rule 24(a).

The State of Alaska is entitled to intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure. Rule 24(a) provides that, upon timely application, an applicant "shall be permitted to intervene" in an action

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit applies a four-part test to determine whether a party may intervene as of right: 1) the motion must be timely; 2) the movant must claim a "significant protectible" interest relating to the property or transaction which is the subject of the action; 3) the movant must be so situated that the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and 4) the movant's interests must not be adequately represented by the existing parties. *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir.1999). The Ninth Circuit liberally

construes the rule in favor of allowing intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). The State meets these requirements and thus should be allowed to intervene as a matter of right.

The State's prejudgment motion to intervene was denied as untimely because it was filed after a decision on summary judgment was entered. A different standard, however, is applied to the timeliness prong of the test in a post judgment motion to preserve the right to appeal.

1. The Motion is Timely.

Because this is a post judgment motion to intervene for the purpose of appealing the court's November 6, 2006 judgment, the motion is timely because the motion is filed during the time for appeal. *United States ex rel McGough, v. Covington Technologies Co.,* 967 F.2d 1391 (9th Cir.1992) Because the federal government is a party in this matter, the parties have sixty days to file an appeal. Therefore, this motion is well within the time for appeal. See Federal Rule of Appellate Procedure 4(a) (1) (B). The State requests that it be allowed to intervene so that it may appeal the court's November 6, 2006 judgment.

The State's present motion to intervene in this case is now timely because the time for appeal has not run. A motion to intervene for purposes of taking an appeal of the final judgment is timely if filed within the time a named plaintiff could have filed a

notice of appeal. *See United Airlines v. McDonald*, 432 U.S. 385, 395,395-96 S.Ct. 2464 (1977).

> Our conclusion is consistent with several decisions of the federal courts permitting post judgment intervention for the purpose of appeal. (Footnote and citations omitted). The critical inquiry in every such a case is whether in view of all the circumstances the intervenor acted promptly after the entry of judgment. *Cf. NAACP v. New York*, 413 U.S. 345,366, 93 L.Ed2d 648. Here the respondent filed her motion within the time period which the named plaintiffs could have taken an appeal. We therefore conclude that the Court of Appeals was correct in ruling that the respondent's motion to intervene was timely filed and should have been granted.

Because the State is filing this post judgment motion within the time allowed the parties to the case to file an appeal, this motion is timely.

2. <u>The State of Alaska Has a Significant Protectible Interest at Stake in this Action.</u>

The State has a substantial interest at stake in this litigation. The invalidation of the State Plan will obviously have a heavy impact on the State's ability to enforce its process and procedure of setting prospective rates under validly enacted regulations, but the financial uncertainty of the invalidation of this State plan is unclear. Bartlett Hospital is claiming that it will be entitled to an additional $400,000 per year as a result of the court's decision. *See* Bartlett Hospital's Complaint. The State disputes Bartlett's assertion, but it will take further litigation at the state administrative level to resolve that issue. Invalidation of the State Plan could potentially invalidate Medicaid funding for the services set forth in the State Plan, a matter of vital interest to the state

and a responsibility committed solely to the state under state law. The interest of the State in the outcome of this litigation is, therefore, "of sufficient magnitude to warrant the State's inclusion in the action." *Smith v. Pangilinan*, 651 F.2d 1320, 1324 (9th Cir. 1981).

To be sufficient to support intervention a movant's asserted interest must be "protectible" under some law, and there must be a relationship between the protected interest and the claims at issue. *U.S. v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir.2002). The State's interest is its participation in the Medicaid Program. To receive Medicaid funding, its State plan must be approved by CMS. The State has relied upon CMS approval of its plan and set rates in accordance with that Plan. Alaska's interest in obtaining full federal funding for the State's Medicaid program is unquestionably protectible.

There can be no question that the State's protectible interest in enforcing its statutes and regulations in order to obtain federal funding for its Medicaid program is directly related to the subject matter of this proceeding. Invalidation of the State Plan will lead to uncertainty with regard to the ramifications of the State's ability to fund services it previously provided when setting the rates for health care facilities throughout Alaska. Invalidation of the State Plan on the grounds set forth by the court in this matter change the accepted methods of approving a State Plan and if allowed to stand may take

the State back to the cumbersome task of providing letters of assurance which should no longer be required following repeal of the Boren Amendment.

       3.    <u>Disposition of This Action May Impair or Impede the State's Ability to Protect Its Interest.</u>

If the court's November 6, 2006 decision is allowed to stand, the state may lose federal funding for reimbursement for hospital outpatient services. This potential loss of funding or the requirement to pay one provider a rate different from the rate set for other providers will certainly impede the State's ability to protect its interests in both time, funds and additional litigation that may arise as a result of this decision. The State should not be punished by the loss of funding or be required to reset any facility's rates when in fact it complied with all notice requirements under state and federal law.

       4.    <u>The Existing Parties Do Not Adequately Represent Alaska's Interests.</u>

The State's interests are not represented by the existing parties. Obviously, Bartlett's interests are directly adverse to the State's. But CMS does not adequately represent the State's interests either and said so in its Nonopposition to the State's Motion to Intervene. [Docket 82]. Although both CMS and the state want Alaska's State Plan to remain intact, the State has to deal with the direct consequences of the invalidation of its State Plan. The rule of intervention is if an applicant meets the other conditions of timeliness and impairment of interest, intervention shall be permitted "unless the applicant's interest is adequately represented by existing parties."

Fed. R. Civ. P. 24(a)(2). According to the United States Supreme Court, "[t]he requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972) (citation omitted). Furthermore, the examination of the adequacy of representation aspect of this test begins with the recognition that "the burden is on those opposing intervention to show the representation will be adequate." *United States v. AT&T*, 642 F.2d 1285, 1293 (D.C.Cir. 1980). The Court must consider whether the interests of the existing parties are such that they will undoubtedly make all the intervenor's arguments, and whether the intervenor would offer any necessary element to the proceedings that other parties would neglect. *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995).

Obviously, neither Bartlett Hospital nor CMS share the State's interest in protecting its rights and responsibilities from usurpation by private parties. Neither Bartlett nor CMS are in a position to make all of the State's arguments.

The State's Motion to Intervene as of right is timely; it establishes that the State has a protectible interest in the subject matter of the action and that this interest may be impaired by the disposition of the action, and it demonstrates that the existing parties do not adequately represent the State's interest. The State's motion to intervene in this action as of right should be granted.

**B.     In the Alternative, the State of Should Be Allowed to Intervene Permissively Under Rule 24(b).**

If the Court determines that the State is not entitled to intervene as a matter of right, the State should be allowed permissive intervention under Fed. R. Civ. P. 24(b). Rule 24(b) states in part:

> Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency . . . the officer or agency upon timely application may be permitted to intervene in the action.

*Common Questions of Law and Fact*[1]

The State's defense contains common questions of law and fact with the main action in particular the legal questions of whether Bartlett had standing to challenge the approval of the State Plan and what regulations apply to State Plan approval following repeal of the Boren Amendment

An additional factor to be considered in ruling on a request for permissive intervention is whether the movant would contribute to a fuller development or understanding of the facts or legal issues. *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978). The State meets the requirements for permissive intervention under Fed. R. Civ. P. 24(b). Its defense shares common questions of fact and law with

---

[1] The first element of timeliness of the State's motion has already been discussed.

the main action; it is a governmental entity responsible for administering the statutes and regulations promulgated in furtherance of Alaska's participation in the Medicaid program, its participation would not unduly expand the controversy or otherwise lead to improvident delay or expense, and its participation would contribute to a fuller development or understanding of the facts and legal issues.  Therefore, in the event that the court does not grant the State the right to intervene as a matter of right, the State respectfully requests leave to intervene permissively.

### III.  CONCLUSION

For the reasons stated above, the State of Alaska respectfully requests that the court grant its second motion to intervene as of right under Rule 24(a)(2).  This is a motion to intervene limited to filing an appeal.  In the alternative, the State requests leave to intervene permissively pursuant to Rule 24(b) (2) for the same reason, to protect its right to file an appeal.  Because the State bears the direct consequences of this court's decision if allowed to stand, Alaska's participation in this matter is crucial to its interests.

Dated:  12/12/2006

 /s/     Susan L. Daniels

CRAIG J. TILLERY
ACTING ATTORNEY GENERAL
By:  Susan L. Daniels
Assistant Attorney General
ABA No. 8306029
1031 W. 4th Avenue, Ste. 200
Anchorage, Alaska 99501
Phone:  (907) 269-5178

Fax: (907) 258-4978  
E-mail: Susan_Daniels@law.state.ak.us

**CERTIFICATE OF SERVICE**

It is hereby certified that on this 12th day of December, 2006, a true and correct copy of the foregoing document, the State of Alaska's Memorandum in Support of Post Judgment Limited Motion to Intervene as a Defendant was served via electronic mail on the following parties:

   Stephen D. Rose, Esq.
      srose@prestongates.com
      lynney@prestongates.com

   Daniel R. Cooper, Jr., Esq.
      daniel.cooper@usjoj.gov
      joy.mcculloch@uskoj.gov
      usaak.ecf@usdoj.gov

   /s/ Keri Hile
Keri Hile, Law Office Assistant
Attorney General's Office

*Bartlett Hospital v Centers of Medicare, et.al.*      3:04-cv-152-JKS
Memo in Support of Motion to Intervene