Honorable John W. Sedwick

Stephen D. Rose
Preston Gates & Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
(206) 623-7580 (phone)
(206) 623-7022 (fax)
srose@prestongates.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CITY AND BOROUGH OF JUNEAU, ALASKA d/b/a BARTLETT REGIONAL HOSPITAL,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION TEN *et al.*,<br><br>    Defendants. | No.  3:04-cv-00152 JWS<br><br>PLAINTIFF'S OPPOSITION TO THE STATE OF ALASKA'S POST JUDGMENT LIMITED MOTION TO INTERVENE AS A DEFENDANT |

## **I. INTRODUCTION**

At the eleventh hour and *after* a final ruling had been issued by this Court, the State of Alaska ("State") brought a motion to intervene.  This Court **denied** the State's motion ruling it was ***not timely*** and that the State simply waited far too long to bring the motion to intervene.  As presented in the State's new motion to intervene, the State has once again

PLAINTIFF'S OPPOSITION TO THE STATE OF ALASKA'S POST JUDGMENT LIMITED MOTION TO INTERVENE AS A DEFENDANT
Case No. 3:04-cv-00152 JWS
Page 1 of 10

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

waited far too long to bring a motion to intervene for the purposes stated in their motion: to challenge the Court's decision invalidating the State Plan Amendment at issue in this case. As detailed more fully below, if the State wanted to challenge the Court's decision invalidating the State Plan Amendment, the State had ten (10) days from November 6, 2006, the date the Court issued its decision, to appeal in accordance with Fed. R. Civ. Proc. 59. This means that the State would have had to file their appeal by no later than November 16, 2006. Instead, the State waited until December 12, 2006, to file its motion to intervene. **The State missed its filing deadline by almost a month.**

The State's Post Judgment Limited Motion to Intervene as a Defendant should be denied because the State cannot meet the requirements for either intervention as a right under Rule 24(a) or permissive intervention under Rule 24(b). This post judgment motion is governed by Rule 59 and the State has failed to file within the ten (10) days prescribed by that rule. Moreover, the State's interests will not be impaired because the State has the option of filing a notice of appeal of the denial of its motion to intervene. If the post judgment motion is not denied, then the issues allowed the State on appeal should be limited to whether the State's first motion to intervention was properly denied.

## II.  ARGUMENT AND AUTHORITIES

### A.  BURDEN OF PROOF

To intervene as a right under Rule 24(a), the State must show: (1) the motion is timely; (2) the State has a significant, protectable interest related to the litigation; (3) the State is situated such that disposition of the litigation may, as a practical matter, impair the State's protectable interests; and (4) the State's interests are inadequately represented by the existing

PLAINTIFF'S OPPOSITION TO THE STATE OF ALASKA'S POST JUDGMENT LIMITED MOTION TO INTERVENE AS A DEFENDANT
Case No. 3:04-cv-00152 JWS
Page 2 of 10

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

parties. Fed. R. Civ. P. 24(a); League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997). Permissive intervention requires: (1) a timely application; (2) either (a) a statute of the United States conferring a conditional right to intervene or (b) common questions of law or fact in common; and (3) no undue delay or prejudice to the adjudication of the rights of the original parties. Fed. R. Civ. P. 24(b). The burden lies with the State to establish all prongs. United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004).

Like the previous motion to intervene, this post judgment motion is also untimely. Moreover, the denial of this motion will not impair the State's interests. Thus, the State is not entitled to intervene as a right nor is the State entitled to permissive intervention.

**B.   THE STATE'S POST JUDGMENT MOTION IS UNTIMELY.**

The first mistake the State makes is by identifying and applying the wrong set of rules applicable to their motion. The State cites to the Federal Rules of *Appellate* Procedure when the Federal Rules of Civil Procedure control. The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty." Fed. R. Civ. P. 1.[1] Post-decisional motions under the federal rules are treated as either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment.[2] Taliaferro v. City of Kansas

---

[1] While there are some exceptions to Rule 1, none of those exceptions include administrative appeals under the Federal Medicaid Statute. *See* Fed. R. Civ. P. 81.

[2] An important procedural distinction between the two rules is that a timely Rule 59(e) motion tolls the time for appeal until the district court rules upon the motion, while a motion under Rule 60(b) has no effect upon the appeal period. Fed. R. App. P. 4(a); Fed.R.Civ.P. 60; see also Vreeken v. Davis, 718 F.2d 343, 345-46 (10th Cir.1983).

PLAINTIFF'S OPPOSITION TO THE STATE OF ALASKA'S POST JUDGMENT LIMITED MOTION TO INTERVENE AS A DEFENDANT
Case No. 3:04-cv-00152 JWS
Page 3 of 10

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

City, 128 F.R.D. 675, 676-77 (D. Kan. 1989). "[M]otions under Rule 59(e) allege fundamental legal errors requiring the court to reconsider an earlier decision, while motions under Rule 60(b) are made to relieve a party from a judgment due to mistake, inadvertence, excusable neglect, newly discovered evidence and fraud." Id. (citations omitted).

The State argues that a fundamental legal error occurred in this case when this Court invalidated the State Plan Amendment challenged by Bartlett. The State now urges this Court to grant its post judgment motion in order to allow the State to intervene as a defendant for purposes of appealing this Court's grant of summary judgment in favor of Bartlett Regional Hospital ("Bartlett"). This post judgment motion should be treated as a motion to alter or amend judgment pursuant to Rule 59.[3]

Rule 59 provides a procedural method for filing post judgment motions to alter or amend the judgment:

> "A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

Fed. R. Civ. Proc. 59(a). Any motion for new trial or to alter or amend a judgment must be filed no later than ten (10) days after entry of the judgment. Fed. R. Civ. P. 59(b) & (e). Judgment was entered in favor of Bartlett on November 6, 2006. The State filed this motion

---

[3] The State has not alleged that any of the grounds for the application of Rule 60.

PLAINTIFF'S OPPOSITION TO THE STATE OF ALASKA'S POST JUDGMENT LIMITED MOTION TO INTERVENE AS A DEFENDANT
Case No. 3:04-cv-00152 JWS
Page 4 of 10

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

on December 12, 2006, well after the ten days provided by Rule 59.  The State's motion is therefore untimely.

The State argues that "[b]ecause this is a post judgment motion to intervene for the purpose of appealing the court's November 6, 2006 judgment, the motion is timely because the motion is filed during the time for appeal."  Post Judgment Motion at 4 (Doc. No. 89).  In support of this argument, the State relies on Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, United States v. Covington Technologies Co., 967 F.2d 1391 (9th Cir. 1992), and United Airlines v. McDonald, 432 U.S. 385, 395-96 (1977).  The State's reliance is in error.

Rule 4(a)(1)(B) only permits the State, or any other party in this case, to file a notice of appeal within sixty (60) days:  When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered.  Fed. R. App. Proc. 4(a)(1)(B).  This rule does not apply to post judgment motions in district court.  *See* Fed. R. App. P. 1 ("These rules govern procedure in the United States courts of appeals.").  The State's reliance on this rule to give weight to its argument that its filing is timely is erroneous.  Likewise, the cases relied upon by the State do not support its position.

In Covington Technologies Co., a *qui tam* action was brought on behalf of the United States under the False Claims Act.  964 F.2d at 1392.  The parties eventually agreed to a stipulation dismissing the claims brought on behalf of the United States.  Id. at 1393.  The United States filed objections to the dismissal three days later and eventually moved to intervene as a matter of right for the purpose of appealing the voluntary dismissal of the action.  Id.  The motion was denied and the United States appealed.  *Id.*  The Ninth Circuit

PLAINTIFF'S OPPOSITION TO THE STATE OF ALASKA'S POST JUDGMENT LIMITED MOTION TO INTERVENE AS A DEFENDANT
Case No. 3:04-cv-00152 JWS
Page 5 of 10

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

reversed and remanded, ruling that the motion to intervene was timely, that the United States had an interest relating to the property, and that the government's interest would be impaired if intervention were denied. Id. at 1393-94. Covington Technologies Co. concerned neither post judgment motions nor the timeliness of a post judgment motion under any rule and is thus, is inapplicable.

While United Airlines did concern a post judgment motion to intervene for the purpose of appeal, that case is easily distinguishable, as the issue arose in a completely different procedural context. For example, the post judgment motion in United Airlines was the first motion for intervention sought by the respondent. 432 U.S. at 390-91. This post judgment motion is the State's second attempt to intervene in this matter. In granting the motion to intervene in United Airlines, the Court noted that "the respondent filed her motion within the time period in which the named plaintiffs could have taken an appeal." 432 U.S. at 396. However, that statement was not a pronouncement of a rule for determining the timeliness of a post judgment motion to intervene, but rather a factor used by the Court to determine whether the respondent acted promptly after the entry of final judgment. Id. Here the State had a ten (10) day window within which to file under Rule 59. The State failed to comply with the requirements of Rule 59 for a timely filing. United Airlines is inapplicable to this case.

The Federal Rules of Civil Procedure, not the Federal Rules of Appellate Procedure, govern the State's post judgment motion to intervene. Both Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure require a "timely" application for intervention. Halderman v. Pennhurst State School & Hospital, 612 F.2d 131, 134 (3d Cir. 1979). The State did not

PLAINTIFF'S OPPOSITION TO THE STATE OF ALASKA'S POST JUDGMENT LIMITED MOTION TO INTERVENE AS A DEFENDANT
Case No. 3:04-cv-00152 JWS
Page 6 of 10

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

file a timely post judgment motion pursuant Rule 59. "An effort to intervene after a judgment has become final and after the time for making a Rule 59 motion has expired, presents an extreme example of untimeliness," at least when, as here, the State had an opportunity to seek relief under Rule 59. *Id.* The State is not entitled to intervene as a right, nor is the State entitled to permissive intervention.

**C. AS A PRACTICAL MATTER, THE STATE'S POST JUDGMENT LIMITED MOTION TO INTERVENE AS A DEFENDANT IS UNNECESSARY AND THE STATE'S INTERESTS WILL NOT BE IMPAIRED.**

Interventions after judgment have a strong tendency to prejudice existing parties to the litigation or to interfere substantially with the orderly process of the court. United States v. U.S. Steel Corp., 548 F.2d 1232, 1235 (5th Cir. 1977). According to the State, this post judgment motion is necessary to protect its right to file an appeal. However, the denial of a motion to intervene is immediately appealable. See South Dakota v. United States Dept. of Interior, 317 F.3d 783, 785 n.2 (8th Cir. 2003) ("The denial of a motion to intervene of right is immediately appealable as a final judgment" and a circuit court has "pendent appellate jurisdiction to review the order denying permissive intervention") (citations omitted).

As discussed earlier, under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, the State has sixty (60) days in which to file a notice of appeal. Thus, this post judgment motion is unnecessary and the State's interests or ability to file a notice of appeal will not be impaired by its denial. For this alternative reason, intervention as a right should be denied.

**D. THIS COURT PROPERLY DENIED THE STATE'S FIRST MOTION TO INTERVENE AND IF THIS POST JUDGMENT MOTION IS GRANTED, THE STATE'S INTERVENTION SHOULD BE LIMITED TO APPEAL THE DENIAL OF THE STATE'S FIRST MOTION TO INTERVENE**

PLAINTIFF'S OPPOSITION TO THE STATE OF ALASKA'S POST JUDGMENT LIMITED MOTION TO INTERVENE AS A DEFENDANT
Case No. 3:04-cv-00152 JWS
Page 7 of 10

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Rule 24 is silent as to whether the district judge can impose conditions on intervention as of right or permissive intervention, however the advisory committee's Note states that "[a]n intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."  See Fed. R. Civ. P. 24 advisory committee note.  Other courts have limited intervention to a particular issue or stage of the trial.  See, e.g., United States v. American Telephone & Telegraph Co., 642 F.2d 1285, 1290-94 (D.C. Cir. 1980) (MCI allowed to intervene as of right only for the limited purpose of taking an appeal on a collateral issue, not to introduce evidence before the trial court); Bradley v. Milliken, 620 F.2d 1141, 1142-43 (6th Cir. 1980) (petitioner permitted to intervene at remedial phase for the limited purpose of presenting evidence on the question whether, historically, school district had practiced de jure segregation); Smuck v. Hobson, 408 F.2d 175 (D.C. Cir. 1969) (en banc) (scope of intervention allowed, i.e., which issues intervenor may argue, should be determined by the nature of intervenor's interest); Fox v. Glickman Corp., 355 F.2d 161, 164-65 & n. 3 (2d Cir. 1965) (intervention was properly denied during liability phase but should be allowed during damages phase).  Thus, it is clear that district courts have flexibility when ruling on intervention applications.

In denying the State's first motion to intervene, this Court ruled that the State could not satisfy either the timeliness or the inadequacy of representation prongs:

> The State's motion comes remarkably late.  The complaint was filed on July 22, 2004, and it was filed in response to developments in a state administrative proceeding to which the State was a party.  That administrative proceeding itself had been commenced in 2003, and . . . [i]t is clear that the State has known about the case at bar for a very long time, but took no action to defend

PLAINTIFF'S OPPOSITION TO THE STATE OF ALASKA'S POST JUDGMENT LIMITED MOTION TO INTERVENE AS A DEFENDANT
Case No. 3:04-cv-00152 JWS
Page 8 of 10

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

> its view of the issues being litigated. It was not until after the court decided the merits of the case on summary judgment that the State acted.
>
> . . . .
>
> The State would excuse its dilatory behavior on the grounds that for a considerable period of time, the federal defendants had been successful in beating back the challenge presented by plaintiff on standing grounds. . . . A party cannot take the position that its interest are adequately protected so long as those interest are winning, and then when the tide turns step in at the eleventh hour asking the court to start all over again.

Order dated 11/6/06 (Doc. No. 85). If the State's post judgment motion is granted, its right to appeal should be limited to challenging just the Court's decision that their prior motion was not timely and that their interests were adequately represented.

## CONCLUSION

For the reasons stated above, the State's motion is untimely and the denial of this motion will not impair State's interests. Accordingly, the State's Post Judgment Limited Motion to Intervene as a Defendant should be denied.

DATED this 26th day of December, 2006.

PRESTON GATES & ELLIS LLP

By: /s/ Stephen D. Rose
Stephen D. Rose, ABA #8901002
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 623-7580
Fax: (206) 623-7022
Email: srose@prestongates.com
Attorney for Plaintiff
Bartlett Regional Hospital

---

PLAINTIFF'S OPPOSITION TO THE STATE OF ALASKA'S POST JUDGMENT LIMITED MOTION TO INTERVENE AS A DEFENDANT
Case No. 3:04-cv-00152 JWS
Page 9 of 10

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2006, copies of the foregoing were served electronically on:

Susan Daniels,
Asst. Attorney General, State of Alaska
Susan_Daniels@law.state.ak.us

Daniel R. Cooper, Jr.
Asst. U.S. Attorney
daniel.cooper@usdoj.gov

/s/ Stephen D. Rose

---

PLAINTIFF'S OPPOSITION TO THE STATE OF ALASKA'S POST JUDGMENT LIMITED MOTION TO INTERVENE AS A DEFENDANT
Case No. 3:04-cv-00152 JWS
Page 10 of 10

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022