TALIS J. COLBERG
ATTORNEY GENERAL
Susan Daniels
Assistant Attorney General
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5178
Fax: (907) 258-4978
Susan_Daniels@law.state.ak.us

Attorney for the State of Alaska

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CITY and BOROUGH OF JUNEAU, ALASKA, d/b/a BARTLETT REGIONAL HOSPITAL, <br><br> Plaintiff, <br><br> vs. <br><br> CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION 10; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES OF AMERICA; R.J. RUFF, in his official capacity as REGIONAL ADMINISTRATOR OF REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; and KAREN S. O'CONNOR, in her official capacity as ASSOCIATE REGIONAL ADMINISTRATOR, DIVISION OF MEDICAID & CHILDREN'S HEALTH, REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES, <br><br> Defendants. | Case No. 3:04-cv-152 JWS <br><br> STATE OF ALASKA'S REPLY TO BARTLETT'S OPPOSITION TO STATE'S POST JUDGMENT MOTION TO INTERVENE |

Bartlett Hospital seriously misunderstands the State's Post Judgment Motion to Intervene. Bartlett's Opposition to the State's Post Judgment Motion to Intervene is based on an incorrect belief that the State is seeking relief from the court's judgment and therefore must be proceeding under Rules 59 and or 60. The State's motion has nothing to do with either Rule 59 or 60 because the State is not seeking to amend or alter a judgment, nor is the State seeking relief from judgment. The State is seeking to intervene as a party to appeal the district court's judgment in this matter. The appropriate time for filing the motion to intervene for purpose of appeal is within the time allowed for a party to appeal. *See, United Airlines v. McDonald*, 432 U.S. 385, 395, 395-96 S.Ct. 2464, 53 L.Ed.2d 423 (1977); *U.S. v. State of Washington*, 86 F.3d 1499, 1506 (9th Cir.1996); and *Killingsworth v. Northrup Corp.*, 25 F.3d 715, 719 (9th Cir 1994). A motion to intervene for purposes of appeal is premature if filed before entry of an appealable order. *U.S. v. State of Washington*, 86 F.3d 1499, 1506 (1996). Therefore, the State was required to wait until after the court entered its judgment and then had sixty days from the time of judgment to file a motion to intervene for purpose of appeal. The State's Post Judgment Motion to Intervene was well within the allowable time to file this motion.

Bartlett spends a great deal of time distinguishing the cases cited by the State in an effort to argue that the rule of law of these cases would not apply to the present case. The subject matter of the cases cited is not relevant to the limited purpose

*Bartlett Hospital v. Centers for Medicare, et al.*   3:04-cv-152-JWS
SOA's Reply to Opp. to Post Judgment Motion to Intervene

2

of the State's motion. The cases are cited by the State for the sole proposition that post judgment motions to intervene for purposes of appeal are allowed and acceptable and the appropriate time to file such a motion is within the time allowed to file an appeal. The State is well aware that none of the intervention cases cited involve a State Medicaid Plan. The cases cited by the State are diverse in their subject matter but they all contain clear guidance on the post judgment motion to intervene for purposes of appeal. The State is following the rule of law enunciated in those cases for post judgment intervention for purpose of appeal only. The cases are clear on this point of law regardless of the subject matter of a particular case.

The timeliness issue completely changes between the prejudgment motion to intervene and the post judgment motion to intervene. If the post judgment motion to intervene is filed within the time to file an appeal, it is timely. *United States ex rel McGough, v. Covington Technologies Co.*, 967 F.2d 1391 (9th Cir.1992). The cases cited by Bartlett to support its position obviously apply to prejudgment motions to intervene where a court can limit what evidence an intervenor can present or what role intervenors will be allowed to play in the litigation. The argument does not apply to a post judgment motion to intervene for purposes of appeal since the district court cannot determine which issues a party can appeal.

Bartlett also appears to argue that the court should limit the State to appealing the denial of its prejudgment motion to intervene. If the State does not file an

*Bartlett Hospital v. Centers for Medicare, et al*.                                3:04-cv-152-JWS
SOA's Reply to Opp. to Post Judgment Motion to Intervene

appeal of the court's denial of the prejudgment motion to intervene, the court certainly cannot limit the State's appeal to something it has not appealed. The suggestion that a party can direct another potential party's points on appeal is nonsensical and without any support in the law. To assert that the district court can direct which issues can be appealed is absurd.

Dated: January 2, 2007

/s/     Susan L. Daniels

TALIS J. COLBERG
ATTORNEY GENERAL

By:    Susan L. Daniels
       Assistant Attorney General
       ABA No. 8306029
       1031 W. 4th Avenue, Ste. 200
       Anchorage, Alaska 99501
       Phone: (907) 269-5178
       Fax: (907) 258-4978
       E-mail: Susan_Daniels@law.state.ak.us

**CERTIFICATE OF SERVICE**

It is hereby certified that on this 2nd day of January, 2007, a true and correct copy of the foregoing document, the State of Alaska's Reply to Opposition to State's Post Judgment Motion to Intervene was served via electronic mail on the following parties:

- Stephen D. Rose, Esq.
    srose@prestongates.com
    lynney@prestongates.com
- Daniel R. Cooper, Jr., Esq.
    daniel.cooper@usjoj.gov
    joy.mcculloch@uskoj.gov
- usaak.ecf@usdoj.gov

  /s/   Keri Hile
Keri Hile, Law Office Assistant
Attorney General's Office

*Bartlett Hospital v. Centers for Medicare, et al.*                3:04-cv-152-JWS
SOA's Reply to Opp. to Post Judgment Motion to Intervene