UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| CITY and BOROUGH OF JUNEAU, ALASKA, d/b/a BARTLETT REGIONAL HOSPITAL, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | 3:04-cv-152 JWS |
| vs. | ) ) | ORDER FROM CHAMBERS |
| CENTERS FOR MEDICARE AND MEDICAID SERVICES, REGION 10; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES OF AMERICA; R.J. RUFF, in his official capacity as REGIONAL ADMINISTRATOR OF REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; and KAREN S. O'CONNOR, in her official capacity as ASSOCIATE REGIONAL ADMINISTRATOR, DIVISION OF MEDICAID & CHILDREN'S HEALTH, REGION 10 FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | [Re: Motion to Intervene at Doc. 88] |
| Defendants. | ) ) | |

## I.  MOTION BEFORE THE COURT

The State of Alaska filed a limited motion to intervene as a defendant at docket 88.  At docket 90, plaintiff filed a response in opposition to the motion, and at docket 91, the State of Alaska replied.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

The State of Alaska participates in the federal Medicaid program and has a state medical services plan approved by defendants ("CMS").[1]  Plaintiff ("Bartlett") operates a hospital in Juneau, Alaska.  On occasion Bartlett seeks payment from the State for services rendered to persons covered by Medicaid, including payment for outpatient hospital services.   Calculation of amounts to be paid for outpatient hospital services are addressed on page 5 of Attachment 4.19B of the Alaska State Plan ("Page 5").  In its Second Amended Complaint, Bartlett asked the court to declare unlawful and set aside CMS' retroactive approval of a new version of Page 5 ("Plan Amendment") which ostensibly became effective on January 1, 2001.[2]  The Plan Amendment set out a different method for calculating amounts to be paid for outpatient hospital services.  Bartlett asserted that if the Plan Amendment were set aside, it could obtain about $400,000 in additional payments pursuant to an earlier version of Page 5.[3]

The State has known about this litigation for years: Its own administrative proceeding, which was commenced in 2003, was stayed in order to make use of the outcome of this lawsuit.  Although the case at bar was filed on July 22, 2004, the State was content to let the federal government defend against Bartlett's claim.  The State did

---

[1]The Medicaid Act, 42 U.S.C. §§ 1396, *et seq.* provides for the appropriation of funds to those states which have adopted medical assistance plans that have been approved by the Secretary of the Department of Health and Human Services.  The Secretary has delegated authority to approve state plans to the several regional Centers for Medicare and Medicaid Services.  Region 10 includes Alaska.

[2]Doc. 39 at p.18.

[3]*Id.* at p. 8.

not seek to intervene until October 6, 2006, *after* the court granted summary judgment to Bartlett.[4]  That motion was denied as untimely.[5]

Judgment in favor of Bartlett was entered on November 6, 2006.[6]  The judgment has the effect of rendering the Plan Amendment void and allowing Bartlett to pursue the additional $400,000 reimbursement.  CMS filed a timely appeal.[7]  The State moves again to intervene, this time for the limited purpose of appealing the November 6 judgment by this court.  The State argues that it is entitled to intervene as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure, and alternatively that this court should grant intervention permissively under Rule 24(b) of the Federal Rules of Civil Procedure.[8]  Bartlett opposes the motion, arguing that the State's motion should be denied because it is untimely under Federal Rule of Civil Procedure 59, new trials; amendment of judgments.[9]

### III.  DISCUSSION

**A.  Intervention As Of Right**

Federal Rule of Civil Procedure 24(a)(2) governing intervention as of right provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's

---

[4]The order granting summary judgment is at doc. 63, and the motion to intervene is at doc. 69.

[5]Doc. 85.

[6]Doc. 86.

[7]Doc. 92.

[8]Doc. 88.

[9]Doc. 90 at 2.

> ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.[10]

The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met.[11]

The Ninth Circuit has said that intervention as of right is "appropriate" if "(1) The applicant's motion is timely; (2) the applicant has asserted an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that without intervention the disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties.[12]  The four factors are discussed below.

**1.  Timeliness**

Timeliness turns on the weighing of three factors:

(a) the stage of the proceedings at which an applicant seeks to intervene;
(b) the prejudice to other parties; and
(c) the reason for and length of the delay.[13]

Assessment of these factors shows that the motion to intervene is timely.

**a.  Stage of Proceedings**

The "general rule" is that a post-judgment motion to intervene will be considered timely if it is filed within the time allowed to file an appeal.[14]  Bartlett asserts that the state's motion should be denied as untimely under Federal Rule of Civil Procedure 59, governing "New Trials; Amendment of Judgments."  Under Rule 59, a motion for a new

---

[10] Fed. R. Civ. P. 24(a).

[11] *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

[12] *United States v. Covington Technologies Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992).

[13] *Covington Technologies*, 967 F.2d at 1394 (quoting *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986)).

[14] *Covington Technologies*, 967 F.2d at 1394 (quoting *Yniguez v. Arizona*, 939 F.2d 727, 734 (9th Cir. 1991)).

trial or to alter or amend a judgment must be filed no later than 10 days after entry of judgment.[15]  Bartlett argues that the State's motion is a motion under Rule 59(e), because it alleges that a fundamental legal error occurred.[16]  Doubtless the State is motivated to appeal because it believes a legal error occurred.  However, it does not request *this* court to reconsider, alter, or amend its judgment.  Rather, it moves to intervene for the limited purpose of appealing this court's decision.  The Ninth Circuit has stated that the "general rule [is] that a post-judgment motion to intervene is timely if filed within the time allowed for the filing of an appeal."[17]  Rule 59 provides a shorter period of time than that allowed for an appeal, and so cannot be used here without running afoul of the appellate court's decision.

Rule 4 of the Federal Rules of Appellate Procedure, not Rule 59 of the Federal Rules of Civil Procedure, provides the time period which is relevant.  Appellate Rule 4(a)(1)(B) states that where the "United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days" after the judgment appealed from is entered.  The motion to intervene was filed on December 12, 2006, well within the 60-day period which commenced with entry of the judgment on November 6, 2006.

### b.  Prejudice to Other Parties

The second factor in the timeliness consideration is prejudice to other parties.  Where, as here, an appeal has been taken by an existing defendant, the only risk of prejudice to Bartlett is the possibility that the State of Alaska might be dilatory and seek to delay the appeal.   The State's poor track record with respect to timely action in this court suggests the risk is real.  On the other hand, the appellate court will control its own docket, and this court has no doubt that it will insist on reasonable dispatch from all parties to the appeal.  This court does not consider the possibility that the State may

---

[15]Fed. R. Civ. P. 59 (b), (e).

[16]Doc. 90.

[17]*Covington Technologies,* 967 F.2d at 1394 (9th Cir. 1992) (quoting *Yniguez v. Arizona*, 939 F.2d 727, 734 (9th Cir. 1991) (internal quotation marks omitted)).

provide an additional perspective for the Ninth Circuit to consider to be prejudice. That merely allows the appellate court to make a decision informed by such perspective.

### c. Reason for and Length of Delay

The State's motion explains the delay as something arising from a change in perception: its interest was being adequately protected until this court ruled in favor of plaintiff. With respect to the effort to intervene in proceedings before *this* court, that reason was held to be inadequate. However, the pending motion seeks intervention to participate in the appellate court. The motion comes at the beginning of the appellate process, not near the end. Both CMS and the State have filed notices of appeal. A briefing schedule has probably not yet been set in the Court of Appeals, and if it has action on the motion now should permit the State to meet it. The request to intervene on appeal has introduced little or no delay in the only court whose docket matters at this point. Learning that parties once believed to be adequately protecting an interest have lost in the trial court is a sufficient reason to ask to intervene in the appellate process.

## 2. Intervener's Asserted Interest

The State asserts that it has an interest in the contents of the State Plan in general and a specific interest in the amendment which this court invalidated. The interest in the amendment is the State's obligation to reimburse those providing Outpatient Hospital Services. That interest with respect to Bartlett is very specific and concrete. If this court's decision is correct, the State may have to pay Bartlett an additional $400,000. The State's interest is sufficient to meet the second prong of the test articulated by the Ninth Circuit.

## 3. Impact of Disposition

The third consideration is whether the would-be intervener is in a position such that further proceedings may impair or impede its rights to protect its legal interests if it is denied a chance to intervene. Here, the circumstances show that the State's interest will be determined in the Court of Appeals. The third factor also favors intervention.

### 4. Adequacy of Representation

The last question under the Circuit Court's test is the adequacy of the federal government's representation of the State's interest. Clearly, both governments have an interest in seeing that the Plan Amendment is upheld. The State's long acquiescence in an arrangement in which the federal defendants pulled the oars is evidence that its interest has been adequately represented by those defendants. On the other hand, the Supreme Court has stated that this requirement of Rule 24(a) is met, "if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."[18] This court is also bound to follow the teachings of the Ninth Circuit, including the admonition that Rule 24(a) should be interpreted broadly in favor of intervention expressed in *Forest Conservation Council v. U.S. Forest Service.*[19] There, the Ninth Circuit also explained that adequacy of representation requires that an existing party "will undoubtedly make all the intervener's arguments."[20] Thus, in *Forest Conservation Council*, it was held that the State of Arizona and Apache County should have been permitted to intervene in a case arising under federal environmental statutes despite the fact that the defendant was the United States Forest Service, which as an agency of the federal government would normally be presumed to provide adequate representation. The court explained that because the Forest Service would be focused on the adequacy of the federal decision making process, the narrower and more parochial interests of the state and county in the ultimate substantive decision about the management of National Forest lands was not adequately represented.[21] Similarly, here the federal defendants are interested in upholding the integrity of the decision making process while the State of Alaska is concerned with the substantive financial impact of the decision to invalidate the Plan Amendment. The fourth factor also favors intervention.

---

[18] *Trbovich v. United Mine Workers of America*, 404 U.S. 533, 538, n. 10 (1972).

[19] 66 F.3d 1489, 1493 (9th Cir. 1992).

[20] *Id.* at 1499.

[21] *Id.*

The requirements of Rule 24(a) have been met. The State of Alaska will be permitted to intervene as of right. This renders it unnecessary to consider whether the State is entitled to permissive intervention.

### IV.  CONCLUSION

For the reasons above, the motion at docket 88 is **GRANTED**. The State of Alaska is permitted to intervene in the appeal from this court's judgment.

DATE at Anchorage, Alaska, this 21st day of February 2007.

/s/  JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE